UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-22324

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,

Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual,

Defendants.

- 1 -

COMPLAINT

## PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED CLAIMS

Plaintiffs, by and through their undersigned attorneys, for their complaint against defendants, hereby pray to this Honorable Court for relief as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief brought by Plaintiffs to confirm their lawful ownership interests in the copyrights and trademarks associated with their father, Luis Maria Frometa Pereira, also known as Billo Frometa ("Billo"), and his band, Billo's Caracas Boys, as well as to recover the revenues and other damages owed to them in accordance with such ownership.

2. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

3. This action further arises under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b). This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

5. The defendants are subject to personal jurisdiction in Florida.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a).

7. This Court is empowered to issue a declaratory judgment and further necessary or proper relief pursuant to 28 U.S.C. §§2201 and 2202.

### PARTIES

8. Plaintiffs are individuals living outside of this District.

9. Plaintiffs are informed and believe and thereon allege that Adrian Frometa Subero ("Subero") is an individual residing in the state of Florida and doing business in this District.

10. Plaintiffs are informed and believe and thereon allege that Telmo Perez Quiroz ("Quiroz") is an individual residing in Venezuela.

11. Plaintiffs are informed and believe and thereon allege that Defendant Billo's Caracas Boys LLC is a Florida limited liability company doing business in this District.

12. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiffs' rights and the damages to Plaintiffs caused thereby.

13. All defendants are subject to personal jurisdiction in this district because they avail themselves of the laws of the State of Florida, and purposefully direct their activities toward and conduct business with consumers within the state of Florida and this district.

14. Alternatively, defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) they are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## **CONDUCT COMMON TO ALL CLAIMS**

15. Billo was a renowned Dominican-Venezuelan musician, composer, and performer who achieved international recognition and acclaim.

16. Billo passed away in May of 1988.

17. The Plaintiffs are each the surviving children and heirs of Billo.

18. Upon Billo's death, all of his ownership interest and rights in the musical works authored by Billo and the trademarks, trade names, denominations, and brands associated with Billo and his music, including without limitation "Billo," "Billo's," and "Billo's Caracas Boys," (collectively, the "Billo Marks") transferred to his surviving children and heirs equally.

19. On information and belief it is alleged that despite the foregoing, Subero, a grandchild of Billo who may be entitled only to one quarter of the share of the Billo's estate inherited by Subero's father, Luis Rafael Frometa Peraza, began unilaterally exploiting Billo's copyrights and trademarks ("Billo Works") and holding himself out as the sole and exclusive owner of same.

20. Subero did so without informing the Plaintiffs or ever accounting to them for any of the revenues earned in connection with his exploitation of the Billo Works.

21. Subero also registered numerous of the Billo Marks as registered trademarks in both Spain and the United States without the knowledge or consent of the Plaintiffs, again asserting sole ownership of same and failing to account to Plaintiffs for any revenues he received in connection with said exploitation.

22. On information and belief, Subero additionally registered Billo's Caracas Boys LLC as a Florida limited liability company without the knowledge or consent of the Plaintiffs, naming Subero as the CEO and owner, and used this company to further his exploitation of the Billo Works.

23. The Plaintiffs filed suit against Subero in Venezuela over his unilateral exploitation and claims of sole ownership of the Billo Marks, and on October 9, 2023, the court there held that the Plaintiffs were the sole and equal owners of the Billo Marks and entered an injunction against Subero, prohibiting him from any use of the Billo Marks.

24. On information and belief, Subero has also been continuously exploiting the Billo Marks in Venezuela in spite of the above ruling alongside Quiroz, who has likewise profited from same.

25. Plaintiffs allege on information and belief that despite the above ruling, Subero's exploitation and unilateral claims of ownership of both the Billo Marks and the copyrighted music authored by Billo have continued to the present day.

26. On information and belief, Subero continues to maintain sole ownership of numerous registered United States trademarks for the Billo Marks, including "Billo's Caracas Boys," and "Billo's," and continues to collect revenues from the exploitation of Billo's copyrighted musical works.

27. Neither Subero nor his company have ever accounted to the Plaintiffs for any revenues received in connection with his exploitation of the Billo Works.

## FIRST CLAIM FOR RELIEF

*(Declaratory Relief and Judgment as to Copyright Ownership – As to All Defendants)*

28. Plaintiffs hereby repeat and incorporate by reference the allegations contained in paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. Plaintiffs allege that an actual controversy has arisen by Subero's violations of the orders of the courts of Venezuela and his ongoing exploitation of the Billo Works and claims to exclusive ownership of same.

30. Plaintiffs are the heirs of Billo and, as confirmed by the courts of Venezuela, are thus the joint and equal owners of all rights in and to the Billo Works.

31. Pursuant to 28 U.S.C. §§ 2201 & 2202, a case of actual controversy within the jurisdiction of this court has arisen and now exists between Plaintiffs on the one hand, and

Defendants on the other hand, concerning their respective rights and duties as to the Billo Works, with Plaintiffs contending that they are the joint and equal owners of the Billo Works and the copyrights, trademarks, and other intellectual property related thereto; and with Defendants contending that Subero is the sole owner of the Billo Works and all copyrights, trademarks, and other intellectual property therein.

32. Plaintiffs seek a declaration that they own the relevant rights in the Billo Works, and an injunction prohibiting Defendants from any exploitation of the Billo Works without the express authorization and consent of the Plaintiffs, and an accounting of and for all revenues received by Defendants in connection with their exploitation of the Billo Works.

33. Plaintiffs seek damages as set forth herein.

## SECOND CLAIM FOR RELIEF

*(Declaratory Relief and Judgment as to Trademark Ownership – As to All Defendants)*

34. Plaintiffs hereby repeat and incorporate by reference the allegations contained in paragraphs 1 through 27 of the Complaint as though fully set forth herein.

35. Plaintiffs allege that an actual controversy has arisen by Subero's violations of the orders of the courts of Venezuela and his ongoing exploitation of the Billo Marks.

36. Plaintiffs are the heirs of Billo and, as confirmed by the courts of Venezuela, are thus the joint and equal owners of all rights in and to the Billo Marks.

37. On information and belief, it is alleged that Subero registered at least two of the Billo Marks with the U.S.P.T.O. in his own name and naming him as sole owner, and the marks were approved for registration and granted US Registration Numbers 4816101 and 7540517.

38. Pursuant to 28 U.S.C. §§ 2201 & 2202, a case of actual controversy within the jurisdiction of this court has arisen and now exists between Plaintiffs on the one hand, and

Defendants on the other hand, concerning their respective rights and duties as to the Billo Marks, with Plaintiffs contending that they are the joint and equal owners of the Billo Marks and related intellectual property thereto; and with Defendants contending that Subero is the sole owner of the Mark and all intellectual property related thereto.

39. Plaintiffs seek a declaration that they own the relevant rights in the Billo Marks, and an injunction prohibiting Defendants from any exploitation of the Billo Marks without the express authorization and consent of the Plaintiffs, and an accounting of and for all revenues received by Defendants in connection with their exploitation of the Billo Marks.

40. Plaintiffs seek damages as set forth herein.

## THIRD CLAIM FOR RELIEF

*(Accounting – As to All Defendants)*

41. Plaintiffs hereby repeat and incorporate by reference the allegations contained in paragraphs 1 through 27 of the Complaint as though fully set forth herein.

42. Plaintiffs allege that as a result of the misconduct alleged hereinabove Subero has claimed, received, and holds monies and other property that should be transferred or conveyed to Plaintiffs and each of them.

43. Plaintiffs are the heirs of Billo and, as confirmed by the courts of Venezuela, are thus entitled to receive any monies or other property derived from the exploitation of the Billo Works, the Billo Marks, and//or any intellectual property related thereto.

44. Plaintiffs demand an accounting of any such monies to be performed by Subero and provided to Plaintiffs and that Subero be required to tender and convey to Plaintiffs, and each of them, their share of the monies and property derived from the exploitation of the Billo Works, the Billo Marks, and/or any intellectual property related thereto.

COMPLAINT

45. Plaintiffs seek an entry of a constructive trust over any monies derived from the exploitation of the Billo Works, the Billo Marks, and/or any intellectual property related thereto, with that trust created for the benefit of, and its assets made transferable to, Plaintiff.

46. Plaintiffs seek payment of their share of any monies realized by any company, individual, or party through or in connection with the exploitation of the Billo Works, the Billo Marks, and/or any intellectual property related thereto.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as follows:

A. For a declaratory judgment pursuant that: (a) Plaintiffs own pro rata shares of the copyright as to all of the musical works authored by Billo, including all United States copyrights in and to both compositions and sound recordings for each musical work, including the so-called "writer's share" of United States public performance monies collected by performing rights organizations, including BMI and ASCAP; (b) to the extent that Defendants have registered any of the musical works authored by Billo with the United States Copyright Office, that the United States Copyright Office transfer to Plaintiffs their respective pro rata shares of ownership in all such registrations, and that said registrations be amended to reflect Plaintiff's ownership shares by naming Plaintiffs among the copyright claimants for each; (c) Plaintiffs own pro rata shares of the Billo Marks and any other trademarks, denominations, trade names, and brands in connection with the music of Billo, including the Billo Marks; and (e) Defendants shall not exploit or attempt to exploit any such interests described herein without the express authorization and consent of the Plaintiffs.

B. To the extent that Defendants, or any of them, collect (or have collected) any income or revenue that belongs to Plaintiffs (as described in the preceding paragraph), that is, prior to the filing of this action or during the pendency of this action, for an accounting of such

monies, and payment of those monies over to Plaintiffs, at the time of trial or at such time as judgment is entered in this matter.

C. For a preliminary and permanent injunction enjoining and restraining Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, and each of them, from continued denial and disregard of Plaintiffs' ownership interests in and to the Billo Works, to the extent that defendants base said grounds on the legal and factual issues that are adjudicated in this suit;

D. Injunctive relief restraining Defendants, their agents, servants, employees, successors, and assigns, and all others in concert and privity with them, from bringing any lawsuit or threat against Plaintiffs for copyright or trademark infringement in connection with the Billo Works, including but not limited to their publication, distribution, performance, display, licensing, or the ability to host it online or link to it from any website.

E. For a constructive trust to be entered over any monies derived from or in connection with the intellectual property at issue and for conveyance of those trust assets to Plaintiffs.

F. Damages according to proof.

G. Attorneys' fees pursuant to 17 U.S.C. § 101, *et seq.*, other portions of the Copyright Act including 17 U.S.C. § 505, as allowed by law.

H. Plaintiffs' costs and disbursements.

I. And other relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial for all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: May 21, 2025                          Respectfully submitted,

                                             */s/ Joel B. Rothman*

JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

SCOTT ALAN BURROUGHS
*Pro Hac Vice to be submitted*
scott@donigerlawfirm.com

**DONIGER/BURROUGHS**
237 Water Street, First Floor
New York, NY 10038
310.590.1820 – Telephone

*Counsel for Plaintiffs*