**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-22324-WPD**

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,

Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual,

Defendants.

_____/

**DEFENDANT, BILLO'S CARACAS BOYS LLC'S MOTION**
**TO DISMISS COMPLAINT**

1

Defendant, Billo's Caracas Boys, LLC ("Billo's, LLC"), by and through undersigned counsel hereby files its Motion to Dismiss Complaint, and in support thereof states:

<u>FACTUAL SHORTCOMMINGS IN THE COMPLAINT</u>

1. On May 21, 2025, Plaintiff filed its Complaint against Billo's, LLC [D.E. 1].

2. Plaintiffs lack a copyright registration, so they proceed for a declaratory judgment as a way of circumventing the requirement to allege clear ownership and registration before proceeding with an infringement lawsuit.

3. Plaintiffs also seem to lack any trademark use or registration in the United States, so they again proceed with a request for declaratory relief based on an improperly cited and unexplained alleged foreign ruling regarding an alleged 30-year-old inheritance in order to circumvent the requirement to allege sufficient trademark rights in this country.

4. The Complaint pleads three counts:

   a   Count 1 - Declaratory Relief and Judgment as to Copyright Ownership

   b   Count 2 - Declaratory Relief and Judgment as to Trademark Ownership

   c   Count 3 - Accounting arising from the above two claims.

5. The only facts alleged in support of Count 1 are:

   a   "Upon Billo's death, all of his ownership interest and rights in the musical works authored by Billo and the trademarks, trade names, denominations, and brands associated with Billo and his music, including without limitation "Billo," "Billo's," and "Billo's Caracas Boys," (collectively, the "Billo Marks") transferred to his surviving children and heirs equally."  [D.E. 1] ¶18. No explanation is given as to what these rights were, whether they were shared or whether each child was a full owner, how the rights were perfected, or in which countries.

  b "On information and belief, it is alleged that despite the foregoing, Subero, a grandchild of Billo who may be entitled only to one quarter of the share of the Billo's estate inherited by Subero's father, Luis Rafael Frometa Peraza, began unilaterally exploiting Billo's copyrights and trademarks ("Billo Works") and holding himself out as the sole and exclusive owner of same." [D.E. 1] ¶19.  This allegation is made "upon information and belief", so it is rank speculation, and does not set forth what works were used, when, or in what manner.

  c "Plaintiffs allege on information and belief that despite the above ruling, Subero's exploitation and unilateral claims of ownership of both the Billo Marks and the copyrighted music authored by Billo have continued to the present day."  [D.E. 1] ¶25.  This statement is again made on "information and belief" and is rank speculation without an identification of the specific works infringed, when, where, and how.

  6. That is, it.  No other allegations regarding Plaintiffs' alleged trademark rights appear in the Complaint.  No evidence of use in the United States or of registration.  No copyright registration numbers or other facts.  No details on the inheritance documents from nearly 30 years ago or how they affect rights in this country.  Not even any specific examples of alleged misconduct.  Based on this, Plaintiffs seek a clarification of rights.

  7. The only facts alleged in support of Count 2 are:

  a The first claim is at [D.E. 1] ¶19 and is referenced above.  Again, this claim is upon information and belief and does not set forth the basis for Plaintiffs to claim any rights in the marks in the United States.

  b "Subero also registered numerous of the Billo Marks as registered trademarks in both Spain and the United States without the knowledge or consent of the Plaintiffs, again asserting sole ownership of same and failing to account to Plaintiffs for any revenues he received in

connection with said exploitation." [D.E. 1] ¶21. Here the Plaintiffs reference Spain, which is beyond the jurisdiction of this Court and again fail to state any basis of prior right to the mark in the United States which might have rendered a registration wrongful.

      c    In [D.E. 1] ¶23, Plaintiffs claim that they obtained an injunction against use of the trademarks in Venezuela (without providing a proceeding number or a copy of the order) but fail to allege how that is relevant in a U.S. proceeding. In fact, it is the law of this country that evidence of foreign trademark rulings is not admissible in U.S. proceedings in order to establish rights. "[W]hen trade-mark rights within the United States are being litigated in an American court, the decisions of foreign courts concerning the respective trade-mark rights of the parties are **<u>irrelevant and inadmissible</u>**." *E. Remy Martin & Co., S.A. v. Shaw-Ross Intern. Imports, Inc.*, 756 F.2d 1525, 1531–32 (11th Cir. 1985)(emphasis added) quoting *Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633, 639 (2d Cir.), *cert. denied,* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956)(emphasis added).

      d    Notably the Plaintiffs seem to be silent about the Venezuelan order making any mention of copyrights.

8.    That is, it. Those are all the claims regarding trademark rights and ownership upon which Plaintiffs base their request for declaratory relief. No allegations are made about registrations, use in commerce, or priority in the U.S.

9.    No allegations appear in the Complaint that Plaintiffs have registered any copyrights in the United States or that they have used any trademark in U.S. commerce in the twenty-eight (28) years since Billo's death.

10.    Plaintiffs have purposefully and disingenuously brought their claims as declaratory judgment claims despite the fact that they have not been threatened or otherwise placed in a

position in anticipation of coercive action, so that they can avoid the requirement that they show actual enforceable trademark and copyright rights in this country and to circumvent the registration requirement to claim infringement of the alleged copyrights.

11. The sole basis of rights to the alleged and unidentified copyrights and to the alleged and unspecific trademarks is the claim that Billo passed away in 1988 and passed his, undescribed, undefined, and undisclosed, rights to his children. [D.E. 1] ¶16-18.

12. Plaintiffs claim that they are Billo's heirs to an undisclosed will transferring to them undescribed rights. However, clearly, they are not all of the heirs since in paragraph 19 of the Complaint they admit that Luis Rafael Frometa Peraza, Defendant Frometa's father, was an heir. Since the Complaint does not disclose the nature and territorial scope of the heir's rights, we can't determine whether rights could only be exercised by the heirs collectively or if each was a full owner. In fact, we can't even be certain they have authority to bring this suit.

13. Based on these extremely sparce, superficial, and legally inadequate allegations the Plaintiffs claim to be entitled to declaratory relief and to an accounting.

A. **Pleading standards to survive a motion to dismiss.**

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is ... and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take

"the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft,* 556 U.S. at 663. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Moreover, while a court will liberally construe the complaint in question, it is not the court's duty to re-write the complaint for the plaintiff.  *See e.g., Noon v. Carnival Corp.*, Case No. 18-23181-Civ-WILLIAMS/TORRES, 22019 U.S. Dist. LEXIS 17519, *6 (S.D. Fla. Feb. 1, 2019).

### B. **Plaintiffs fail to demonstrate a case and controversy sufficient to justify declaratory relief.**

The essential elements for a declaratory judgment action require establishing an "actual controversy" between the parties, which satisfies Article III's cases and controversies requirement. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc*., 151 F.Supp.3d 1294, 1302 (2015); *Laboss Transportation Services, Inc. v. Global Liberty Insurance Company of New York*, 208 F.Supp.3d 1268, 1280 (S.D. Fla. 2016). Under 28 USCA § 2201(a), federal courts may declare the rights and legal relations of interested parties only when there is an actual controversy within the court's jurisdiction 28 USCA § 2201. To establish this actual controversy, the party seeking declaratory relief must demonstrate: (1) they have suffered actual or threatened injury from the defendant's conduct; (2) the injury can be traced to the challenged action; and (3) the injury is likely to be redressed by a favorable decision. *Zurich American Insurance Company v. Southern–Owners Insurance Company*, 248 F.Supp.3d 1268, 1280 (M.D. Fla. 2017). Additionally, some courts require that the plaintiff prove: (1) a present bona fide need for declaration; (2) doubt as to their rights; (3) all necessary parties are before the court; and (4) they seek resolution of a

present controversy rather than mere legal advice. *In re Pro Greens, Inc.*, v. Bussey, *et al.*, 305 B.R. 356, 360 (M.D. Fla. 2003). The controversy must be substantial, between parties with adverse legal interests, and of sufficient immediacy and reality to warrant declaratory relief. *TransCardiac Therapeutics, Inc. v. Yoganathan*, 85 F.Supp.3d 1351, 1354 (N.D. Ga. 2014)(quoting *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007). Once these threshold requirements are met, district courts have significant discretion in deciding whether to entertain the declaratory judgment action. *Security National Insurance Company v. Hendrik Uiterwyk, P.A*., 725 F.Supp.3d 1308, 1316 (M.D. Fla. 2024).

"[T]he Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861–62 (11th Cir. 2008). Rather, it "allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003) (alteration in original) (citing *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987)). Courts, "do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question." *Stuart Weitzman*, 542 F.3d at 862 (quoting *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992)). Instead, they "must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law." *Id.*

In their count for copyright declaratory relief, (Count I), Plaintiffs fail to allege that Defendant Billos, LLC claims to own the copyrights, that it has threatened to sue them for copyright use, or that they have any rights to assert the copyright in the United States. The alleged claim in controversy is in paragraph 29 which states that "Plaintiffs allege that an actual controversy has arisen by Subero's violations of the orders of the courts of Venezuela and his

7

ongoing exploitation of the Billo Works and claims to exclusive ownership of same."[1] But this is not enough. The law is clear in this circuit that comity alone does not create federal question jurisdiction. *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co.*, 607 F.3d 1268 (11th Cir. 2010), and recognition of foreign judgments is not a right conferred by the Constitution, federal statute, or treaty and does not create federal jurisdiction. *Nicor Int'l Corp. v. El Paso Corp.*, 318 F.Supp.2d 1160, 1172 (S.D. Fla. 2004). Accordingly, Plaintiffs' reliance on this undisclosed foreign order is insufficient to create a case in controversy for purposes of federal jurisdiction.

In addition, the counts as pled fail to satisfy the most minimum pleading standards under *Twombly* or *Iqbal*. Nowhere in Count I is there an allegation that the Venezuelan ruling refers to rights in the U.S. or orders conduct in the U.S. In Paragraph 30, the Plaintiffs say that Defendants are "joint and equal owners of all rights in and to the Billo Works." However, they don't include one of the heirs as a plaintiff in the suit. "For purposes of a Rule 12(b)(6) motion to dismiss, we do not have to take as true allegations based merely 'upon information and belief.'" *Smith v. City of Sumiton*, 578 Fed. Appx. 933, 936 (11th Cir. 2014) quoting *Mann v. Palmer,* 713 F.3d 1306, 1315 (11th Cir.2013) (citing *Twombly,* 550 U.S. at 551, 557 (1966). This is insufficient to allege a case in controversy with any level of certainty.

Plaintiff's' Count II for trademark fails for the same reason since it relies on the undisclosed foreign judgment for a case in controversy. In addition, Plaintiffs fail to allege they have used the trademark in U.S. commerce, or for that matter anywhere in the world, in the 28 years since Billos' death, that they have registered any trademarks in the U.S., or that they have any other basis for

---

[1] This seems to contradict the general allegations which only state, in paragraph 23 of the general allegations, that "the court there held that the Plaintiffs were the sole and equal owners of the Billo Marks", not the copyright. Here Plaintiffs suggest multiple orders, none of which they attach to the Complaint.

8

asserting trademark rights in the U.S. Furthermore, they do not allege that they have tried to use or register the mark and have been threatened in any way by Defendant. This is insufficient to allege a case in controversy with any level of certainty.

The declaratory judgment counts should be dismissed with prejudice.

C. **Plaintiffs fail to state a case for declaration that they own copyrights which they can assert and for which they are entitled to relief in the United States.**

Defendant does not claim any rights to the Billos copyrighted works, Defendant has made no use of the Billos copyrighted works. Defendant does not intend to threaten or otherwise take action against the heirs for Billos works. There is no allegation in the Complaint, not even on information and belief, that contradicts these facts. The lack of detail regarding the alleged copyright infringement is astounding even under the old standards of notice pleading and completely defective in the post *Twombly* and *Iqbal* era.

Defendant does not know who the alleged Venezuelan court orders granted rights to since the orders are not attached but there is no matter in dispute. Furthermore, Plaintiffs' claim that they are joint and equal owners is insufficient to inform the Defendant on how to respond. Are the heirs all individual equal owners, each with the right to exercise full rights over the work or are they joint owners who cannot act without unanimous consent? If the former, then the missing heir could use the works, and if the latter, then his absence from the suit is a defect. Moreover, since the undisclosed orders at issue are from a Venezuelan court, what is the Venezuelan law that applies? Finally, Plaintiffs fail to allege which <u>works</u> were used and how. This is wholly inadequate and renders Defendant in a position where it cannot formulate a response to the count.

When a plaintiff is challenging the unauthorized public performance of a copyrighted musical composition, the plaintiff must show:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that

9

> plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant had not receive permission from any of the plaintiffs or their representatives for such performance.

*Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1257–58 (11th Cir. 2014)( citing *E Beats Music v. Andrews,* 433 F.Supp.2d 1322, 1325 (M.D. Ga. 2006)).  Plaintiffs' claims fail to meet this standard.

The reality is that Plaintiffs are trying to state a claim for copyright infringement in unregistered copyrights for which they have failed to sufficiently specify their allegation of rights or their allegation of infringement.  This Count should be dismissed in its entirety.

    **D. <u>Plaintiffs fail to demonstrate any trademark rights in the United States that would entitle them to declaratory relief.</u>**

In the United States, trademark rights are created through actual use of a mark in commerce, not through mere registration. *In re Wrubleski*, 380 B.R. 635, 638 (S.D. Fla. 2008), *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 293 F.Supp.3d 1334, 1367 (M.D. Fla. 2017). The fundamental principle is that the party who first uses a mark in commerce has priority over later users.  *E.g.*, *Vital Pharmaceuticals, Inc. v. Monster Energy Co*., 472 F. Supp. 3d 1237, 1261 (S.D. Fla. 2020)(citing *FN Herstal SA, v. Clyde Armory, Inc*., 838 F.3d 1071, 1080-81 (11th Cir. 2016). Common law trademark rights are appropriated only through actual prior use in commerce, and actual and continuous use is essential to assume and preserve interest in a mark. *In re Wrubleski*, 380 B.R. at *639; Tally-Ho, Inc. v. Coast Community College Dist*., 889 F.2d 1018, 1022-23 (11th Cir. 1989). Neither conception of a mark "nor advertising alone establishes trademark rights"; rather, common law ownership accrues when goods bearing the mark are placed on the market. *Spiral Direct, Inc.,* 293 F. Supp. 3d. at  1367 (quoting *Blue Bell, Inc. v. Farah Mfg. Co., Inc*.,  508 F.2d. 1260 1265 (5th Cir. 1975) ; *see also Knights Armament Co. v. Optical Systems*

*Technology, Inc.*, 654 F.3d 1179,1188 (11th Cir. 2011)("Trademark or service mark protection is 'only available to distinctive marks, that is, marks that serve the purpose of identifying the source of the goods or services.'")(citing *Welding Servs., Inc. v. Forman*, 509 F.3d. 1351, 1357(11th Cir. 2009). For common law trademark rights, a plaintiff must show prior use of the unregistered mark in the area and that it acquired a protectable interest because the mark is either inherently distinctive or has acquired secondary meaning. *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 703 F.Supp.2d 1307, 1312 (S.D. Fla. 2010).

The Supreme Court's decision in *Abitron Austria GmbH v. Hetronic International, Inc.* fundamentally clarified the territorial scope of U.S. trademark law. 600 U.S. 412 (2023). The Court held that Lanham Act sections 1114(1)(a) and 1125(a)(1) do not apply extraterritorially, establishing that use in commerce provides the dividing line between foreign and domestic applications of these Lanham Act provisions. *Id.* at 417, 423. This means foreign trademark holders must establish actual use in U.S. commerce to invoke federal trademark protections to claim trademark rights in this country.  In fact, the Lanham Act mandates that "registration of a foreign trademark in the United States "shall be independent of the registration in the country of origin" and that the rights of that mark in the United States are governed by domestic law, §1126(f)." *Id.,* at 427.

Plaintiffs' sole claim of rights to the alleged trademarks is that they inherited them 28 years ago upon the death of Billos.  Nowhere in the Complaint do they claim that they have registered the trademarks in the United States (or anywhere for that matter), that they have used the trademarks in commerce, that they have acquired distinctiveness through more than five years of continuous or substantial use, or that they have any other trademark related rights in the U.S.   Even if Billos had made some unregistered use of the mark in the U.S. before his death in 1998, after 5

11

years of non-use, such rights are deemed abandoned certainly after 28 years. There are no allegations in the Complaint that provide any basis for this Court to find trademark rights in the U.S. or to justify ruling on trademark rights in Venezuela. *See Abitron, supra.* This Count fails to state a claim and should be dismissed in its entirety.

### E. Plaintiffs fail to state a cause of action or factual basis for an accounting.

To obtain an accounting under Florida law, a party must show either (1) a sufficiently complicated transaction and an inadequate remedy at law or (2) the existence of a fiduciary relationship. *Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1311 (11th Cir. 2014); *see also Staup v. Wachovia Bank, N.A.*, No. 08-60359-Civ, 2008 WL 2598005, at *4 (S.D. Fla. June 27, 2008) (Cohn, J) (citing *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1540 (11th Cir. 1990)). Since the parties in this case are clearly not fiduciaries, Plaintiffs' only avenue is to claim a complex case. However, a plaintiff "who depends upon complexity to confer jurisdiction upon a court of equity, must allege ... facts which show, not only a lengthy account, but one which is so difficult and complicated as to be beyond the ken of jury trial." *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 694 F. Supp. 2d 1275, 1281 (S.D. Fla. 2010) (Seitz, J.) (quoting *Huebener v. Chinn*, 207 P.2d 1136, 1148 (Or. 1949)). Moreover, "[w]here a party [has] the opportunity to establish their damage claim through discovery, a request for accounting is not appropriate." *Directional Advert. Sols., Inc. v. Jal Equity Corp*, No. 24-60450-CIV, 2025 WL 857627, at *11 (S.D. Fla. Feb. 11, 2025) quoting *Managed Care Solutions*, 694 F. Supp. 2d at 1281 (second alteration in original) (quoting *Centrix HR, LLC v. On-Site Staff Mgmt., Inc.*, No. CIV. A. 04-5660, 2008 WL 2265266 (E.D. Pa. June 3, 2008)).

Moreover, in this case Plaintiffs are trying to circumvent the registration requirement needed to state a claim for copyright infringement. As a result, they do not bring a claim for infringement damages but one for declaratory relief. There is no contract between the parties, no

account outstanding between the parties, and no business relationship between the parties upon which a liquidated claim can be asserted.  As such, they are not entitled to seek damages.  "A court may decide whether [Plaintiff] is eligible for supplemental monetary relief only *after* issuing a declaratory judgment in his favor." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1358 (11th Cir. 2021) (citing *See McAllister v. Breakers Seville Ass'n, Inc.*, 41 So. 3d 405, 408 (Fla. 4th DCA 2010)) ("Once a declaratory judgment is rendered in a party's favor, the court then considers any motions for supplemental relief." (emphasis omitted)); *see also RWC Group, LLC v. CAA Industries, Ltd,* No. 21-60878-CIV-COHN/STRAUSS, 2022 WL 1664100, at *2 (S.D. Fla. Jan. 20. 2022)(explaining how accounting is a remedy and not claim for relief); *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009))("[A]ccounting is a remedy attached to a separate independent cause of action."). Indeed, an accounting "may be ordered only upon a finding of liability on a separate claim."). *RWC Group, LLC*, 2022 WL 1664100, at *2 (citing *Blitz Telecom Consulting LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1307 (M.D. Fla. 2015).

There is therefore no basis for an accounting where damages are not at issue.  Moreover, even if they were and Plaintiffs were to properly bring an infringement lawsuit, they would have adequate relief through discovery to obtain the required information.

Here, Plaintiffs do not state a valid claim for accounting.  The claim should be dismissed, with prejudice, in its entirety.

**WHEREFORE**, Defendant, BILLO'S CARACAS BOYS LLC, respectfully requests that this Court dismiss Counts 1, 2, and 3 of Plaintiff's Complaint, in their entirety, with prejudice, and for such other further relief as this court deems just and proper.

Dated: This 8th day of October 2025.

Respectfully submitted,

*/s/ Jorge Espinosa*
Jorge Espinosa
Florida Bar No. 779032
Jorge.espinosa@gray-robinson.com
Francesca Russo
Florida Bar No. 174912
Francesca.russo@gray-robinson.com
**GRAYROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, Florida 33131
Tel: 305.416.6880
Fax: 305.416.6887

*Attorneys for Defendant,*
*Billos Caracas Boys, LLC*