**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-22324-WPD**

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,

Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual,

Defendants.

_____/

**DEFENDANT BILLO'S CARACAS BOYS LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR SERVICE OF PROCESS BY E-MAIL, COUNSEL FOR HIS COMPANY, PHYSICAL MAIL, SOCIAL MEDIA, AND/OR SMS MESSAGE**

Defendant, Billo's Caracas Boys, LLC ("Billo's"), by and through undersigned counsel hereby files its Response in opposition to Plaintiffs' **MOTION FOR SERVICE OF PROCESS BY E-MAIL, COUNSEL FOR HIS COMPANY, PHYSICAL MAIL, SOCIAL MEDIA, AND/OR SMS MESSAGE [D.E. 16]**, in support thereof states:

Plaintiffs filed their Complaint in this matter on May 21, 2025. [D.E. 01]. In the five months between May 21, 2025, and the present, Plaintiffs took no action to seek judicial relief. On August 19, 2025, this Court entered an order allowing Plaintiffs until October 4, 2025, to serve Defendant Subero and **denying** Plaintiffs any further right to serve Defendant Quiroz. [D.E. 12]. Now Plaintiffs seek to extend the Court's deadline against Defendant Subero by obtaining alternate service and reopen the efforts already closed by the Court against Defendant Quiroz. [D.E. 16]. Plaintiffs, by their own telling of the facts, had ample reason to seek judicial assistance months ago since they allegedly attempted service multiple times at two addresses starting as far back as June (a month after service). Plaintiffs also attempted surveillance but report no results despite claiming to have seen Mr. Subero's car in the driveway. [D.E. 16 p. 10].[1]

Interestingly, the great majority of the service efforts against Mr. Subero identify an empty house and give no suggestion of someone avoiding service. *See* D.E. 16-3 and 16-4. Yet, despite saying that they saw a car that they claim is Mr. Subero's in the driveway, they don't explain why these surveillance efforts did not identify anyone at any point over a three-day surveillance, operating the car. *Id*. Despite the alleged multiple efforts to serve at two addresses, one wonders if the efforts were truly made.

---

[1] Interestingly, Plaintiffs attach the bill but not the surveillance report to their motion. Clearly the content of the report, if it supported their claim of adequate efforts to locate the individual Defendants, would have been submitted.

With regards to individual defendant Quiroz, Plaintiffs do not even try to set forth valid efforts to locate Mr. Quiroz and serve him via the Hague Convention. Instead, they seem to intentionally blind themselves as to his location, make no efforts to find him, and ask this Court to provide extraordinary and service methods that could jeopardize the individual's due process rights.

Whatever the Court chooses to do with regard to service upon the two individual Defendants, neither of which is represented by counsel in this matter, the Court should not impose the obligation on undersigned counsel to serve a nonparty whom he does not represent. Plaintiffs' allegations about undersigned counsel and individual defendant Subero, are speculation and without basis. Moreover, Plaintiffs' cited cases are distinguishable. In *United States Sec. & Exch. Comm'n v. MCC Int'l Corp.*, No. 2:22-CV-14129-KMM, 2023 WL 5659064, at *2 (S.D. Fla. Mar. 8, 2023), *appeal dismissed,* No. 23-11139, 2024 WL 180636 (11th Cir. Jan. 17, 2024), plaintiff sought permission to serve a Brazil based defendant, Capuci, through his American attorney of record in the case. The court in that case determined that, since the attorney represented Mr. Capuci, service would comply with due process. In *Naseer v. Mirabella Found.*, 2009 WL 10706230, at *3 (M.D. Fla. July 29, 2009), Attorney Aldo G. Bartolone, Jr., was counsel of record for defendant Aaron Jimenez. When the Plaintiff was unable to serve Jimenez directly, the court instructed that service could be made on Attorney Bartolone as counsel for the defendant. By contrast, in this case, undersigned counsel does not represent Defendant Subero and has made that fact clear to Plaintiffs' counsel in their first and only communication. Nothing in the record suggests regular contact with Mr. Subero or any authority to act on behalf of Mr. Subero. While lack of authority to accept service by a counsel's client might not bar service on counsel, service on counsel for another party would be an extreme challenge to due process rights.

Defendant Billo's, LLC defers to the Court's good judgment on whether to grant alternate service but requests that such service not be done through Billo's, LLC's counsel.

Defendant Billo's, LLC further suggests that since there is a pending dispositive motion to dismiss which addresses serious deficiencies in the Plaintiffs' Complaint in this matter, the Court may wish to determine if the pleadings justify service on additional parties. Requiring Plaintiffs to engage in further efforts at direct service while the motion is being decided and the claims are clarified, may help to avoid expanding the scope of an unjust abuse of our legal system by Plaintiffs. After a delay of months in trying to obtain service before seeking relief from the Court, a short additional delay should not be of any material harm to the rights of the parties and could save judicial effort.

**WHEREFORE**, Defendant, BILLO'S CARACAS BOYS LLC, respectfully suggests that the Plaintiffs' motion [D.E. 16] is not well founded and that, even if the Court is inclined to grant relief, such relief should be delayed pending the resolution of Billo's CARACAS BOYS LLC's, motion to dismiss.

Dated: This 10th day of October 2025.       Respectfully submitted,

*/s/ Jorge Espinosa*
Jorge Espinosa
Florida Bar No. 779032
Jorge.espinosa@gray-robinson.com
Francesca Russo
Florida Bar No. 174912
Francesca.russo@gray-robinson.com
**GRAYROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, Florida 33131
Tel: 305.416.6880
Fax: 305.416.6887

*Attorneys for Defendant,*
*Billo's Caracas Boys, LLC*