# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO.: 1:25-cv-22324-WPD

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,

Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual,

Defendants.

## REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE

Plaintiffs' motion to serve Defendants Subero and Quiroz by alternative service should be granted, as set forth below. Plaintiffs have respectfully made the showing necessary for such service. Accordingly, Plaintiffs should be allowed leave to effect service as follows:

(1) Subero by email, certified mail to the office at which he receives mail in his capacity as the registered agent for Defendant Billo's Caracas Boys, LLC ("BCB"), and email to counsel for BCB, who has now appeared in this action; and

(2) Quiroz by email and social media, directly and/or through counsel to BCB, whose sole owner, Subero, Quiroz represents in other actions, and with the documents translated into Spanish if the Court so requires.

### A. The proposed means of service will provide notice

Subero and Quiroz both already have notice of the claims at issue. As noted in the motion, Subero solely or in concert with Quiroz, owns BCB and Quiroz acts as Billos' and potentially BCB's lawyer. Quiroz, Subero, and their companies have already been found to have unlawfully exploited certain of the intellectual property at issue here. BCB has now appeared in this case and, via its counsel, Jorge Espinosa, Esq., filed an opposition to this motion. See Dkt. No. 4. Allowing service on Espinoza, with copies sent by email, social media, and/or certified mail to BCB's registered Florida address will undoubtedly provide notice on Subero and Quiroz.

Courts have "liberally construed Rule 4(d)(1) and found valid service of process when a defendant has actual notice of a lawsuit filed against him." *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 671 (S.D. Fla. 1985), citing *Nowell v. Nowell*, 384 F.2d 951 (5th Cir.1967), cert. denied, 390 U.S. 956 (1968) (when defendant had actual notice of lawsuit, service of process left with defendant's apartment complex manager who resided in a

different building than the defendant was effective*); Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir. 1963) (service of process left at defendant's former residence was effective because defendant had actual knowledge of the suit). In such situations, "notice of the pending lawsuit satisfies the due process of law requirement that a defendant receive fair notice of a proceeding against him and thus provides the court with in personam jurisdiction.' *Id*.

This standard is easily satisfied here. BCB is a company that Subero solely owns and for which he acts as its CEO. See **Exhibit 10**. He is also BCB's Registered Agent. Id. And in April of this year, he signed BCB's Annual Report. **Exhibit 11**. Given that Subero has retained an attorney to represent BCB, and BCB has appeared in the case, Subero has actual notice. And serving Subero through that same lawyer provides the requisite notice. Quiroz, similarly, represents Subero, BCB, and/or affiliated companies in Venezuelan court proceedings, has been named and appeared with Subero and his companies in at least one of those actions, and regularly interacts with the intellectual property at issue here. Alternative service will provide notice.

B.   **The opposition fails to establish that alternative service is improper**

Subero and Quiroz cannot establish that the requested alternative service is improper. Plaintiffs established clear diligence in attempting to serve Subero and establishing that Quiroz resides overseas. Indeed, Plaintiffs process server investigated and appeared at multiple addresses associated with Subero, including his home residence, but he took pains to avoid detection. As set forth below, Plaintiffs' motion should be granted.

1.   **Plaintiffs' good faith service efforts and Subero's evasion**

Plaintiffs have diligently worked to effect service. Defendants misrepresent the results of Plaintiffs' service and surveillance efforts, stating they lack detail. In truth, Plaintiffs have not

offered a mere invoice relating to the surveillance attempts at Subero's residence. Instead, **Exhibit 3** to the moving papers documents specifically details surveillance activity at Subero's likely residence on September 16, 2025 at 9:30 pm, September 17, 2025 at 9:00 am, and September 18, 2025 at 9:00 am. And in the moving papers' **Exhibit 1**, Plaintiffs' investigator reports that during the first attempt at service he spoke to a woman via a Ring camera at the door who told him to return after 6:00 pm. That was also the day the car with the license plate "Billo" was also observed at the residence. There is little doubt that Subero is aware of not only this lawsuit but Plaintiffs' efforts at service, which have been diligent.

2.  **Subero and Quiroz's joint appearance and conduct in the Venezuelan cases**

Plaintiffs have been forced to bring multiple suits against Subero and Quiroz in Venezuela related to some of the same intellectual property at issue here. In the first suit, the court adjudged that Subero was without right to claim one hundred percent of the Frometa intellectual property. See **Exhibit 12**.[1] In that case, the Plaintiffs here alleged that owned that intellectual property as a hereditary community and the court credited that position. Id. at PDF pg. 19. Subero was found to lack sole rights in the intellectual property, as will be the case here.

In the second suit, an injunction was ordered against Subero *and Quiroz* precluding their use of the intellectual property at issue here See **Exhibit 13**. There is a related criminal case and Subero's failure to properly address the claims against him has resulted in a type of warrant to be issued. The instant litigation is thus not isolated, as the parties have been involved in legal proceedings since soon after the passing of the family patriarch. Subero has sought to evade

---

[1] To the extent the translations of the Venezuelan proceedings are not properly certified, they may still be considered at the pretrial stages. See, e.g., *Hurick v. McKee*, No. 17-1396, 2018 WL 4908138, at *3 (6th Cir. Apr. 30, 2018) ("Evidence submitted at summary judgment "do[es] not necessarily need to be in a form that is admissible at trial.").

service (and compliance with court orders) in that litigation as he is doing here. Those related claims though further establish that Subero and Quiroz are on notice of these claims.

3.  **Email service on Venezuelan residents**

Email service on Quiroz, a lawyer representing and working with Subero and his companies, is proper here. Where "the plaintiff seeks to serve an individual in a foreign country, Rule 4(f)(3) permits the court to allow the plaintiff to serve the defendant "means not prohibited by international agreement."" *Haffner Int'l Mktg. Grp., Inc. v. Sahin*, No. 2:13-CV-0459-JCM-VCF, 2013 WL 5954379, at *1 (D. Nev. Nov. 5, 2013), quoting FED.R.CIV.P. 4(f). This includes email. Id., citing *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir.2002) (stating that Rule 4(f) permits, inter alia, service by publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and email). And service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief." Id. at 1015 (citation omitted). "It is merely one means among several which enables service of process on an international defendant." Id. Here, email service will provide notice. This is particularly true given that the email address to be used is also in connection with the disputed intellectual property at issue. *Haffner Int'l Mktg. Grp., Inc.*, 2013 WL 5954379, at *2.

Service on Quiroz by email, social media, and/or BCB's counsel is proper here as well given that he is likely in Venezuela. "Venezuela is a signatory to the Hague Convention[,]" and "has objected to service via postal channels under Article 10 of the Hague Convention," but "has not formally objected to service all together." *Osio v. Moros*, No. 1:21-CV-20706, 2022 WL 17583631, at *3 (S.D. Fla. Sept. 26, 2022)(internal citations omitted). Alternate service on Quiroz is appropriate "given Venezuela's refusal to accept service on the Individual Defendants

5
**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

through the Hague Convention," as this refusal establishes that Plaintiffs "have sufficiently established their need for alternative service." *Osio,* 2022 WL 17583631, at *5.

Indeed, most courts "conclude that alternate service via email does not violate the Hague Convention, even where the county in question has objected to Article 10." *Twitch Interactive, Inc. v. Fishwoodco GmbH*, No. 22-CV-03218-VKD, 2022 WL 16953640, at *2 (N.D. Cal. Nov. 15, 2022), citing *WeWork Cos., Inc. v. WePlus (Shanghai) Tech. Co., Ltd*., No. 5:18-cv-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019) (citing cases); *Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Aerohotelco, C.A*., 168 F. Supp. 3d 1, 17 (D.D.C. 2016) (stating that "a country's objection to Article 10 does not constitute an express rejection of service by email."); *Agha v. Jacobs*, No. C07-1800 RS, 2008 WL 2051061, at *2 (N.D. Cal. May 13, 2008) (finding unpersuasive plaintiff's "attempt to distinguish email and facsimile from the 'postal channels' referred to in the text of Article 10," but observing that "[t]here might be some circumstances under which such a distinction could be drawn[.]"). In Venezuela specifically, residents can be "properly served" by email because "'service by email is not prohibited by the Hague Convention .... Email service has been approved even where, as here, the country objects to Article 10 of the Hague Convention." *Bazarian Int'l Fin. Assocs., L.L.C*., 168 F. Supp. 3d 1, 17 (D.D.C. 2016), citing party's Opposition, quoting *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies*, LLC, 295 F.R.D. 259, 261–62 (S.D.Ohio 2013) (collecting cases).

Quiroz will receive proper notice via email and social media and via BCB's counsel. Notably, in one of the Venezuela cases, Quiroz is enjoined from exploiting the intellectual property here both individually and in connection with Subero's companies, as follows:

| **Venezuelan Injunction Order** |
|---|
| **SECOND:** It is hereby prohibited to **TELMO JOSÉ PÉREZ QUIROZ,** and **ADRIAN FROMETA SUBERO**, personally and to the firms **TPQ RECORD Y EVENTOS, C.A.**; **BILLO'S CARACAS BOYS, C.A.** and; **BILLO'S REPRESENTEACIONES, C.A., DIPLOELCA, C.A.** and; **B&A EVENTOS Y PRODUCCIÓN / BA EVENTOS Y PRODUCCIONES**, to make particular use of the aforementioned trademarks, denominations, slogans, images property of the Luis María Frometa Pereira Succession. |

**Exhibit 13**, pgs. 3-4. Quiroz thus has a close affiliation with Subero's companies and is involved with their unlawful exploitation of the trademark. Serving him by email and through one of these companies – BCB's – counsel will undoubtedly provide notice.

  **D.**  **The FRCP 4 deadline does not apply to international residents**

  Defendant argues that Plaintiff is beyond the Rule 4 time-limit to serve Quiroz. But, Quiroz lives internationally and the 90-day limit "does not apply to service in a foreign country under Rule 4(f)." *Rudnikas v. Gonzalez*, No. 1:23-21201-CIV, 2024 WL 4635536, at *2 (S.D. Fla. Sept. 6, 2024), quoting Fed. R. Civ. P. 4(m). So the time period in which to serve him has never closed.

  **E.**  **This motion should be granted**

  Plaintiffs have acted diligently to effect service. But, as he has done in other cases, including the pending action in Venezuela, Subero has evaded service and otherwise failed to appear. Quiroz, likewise, is aware of these claims, having acted in concert with Subero and his

companies in the past to exploit the intellectual property at issue. Serving them both by email via BCB's counsel, who has appeared in this case will provide them both with notice. Plaintiffs can further endeavor to provide service on Quiroz via social media and both of them via registered mail to BCB's registered, physical address in Florida.

In light of the above, it is respectfully submitted that Plaintiffs' motion be granted.

Date: October 17, 2025                               Respectfully submitted,

/s/ Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

SCOTT ALAN BURROUGHS
*Pro Hac Vice to be submitted*
scott@donigerlawfirm.com

**DONIGER/BURROUGHS**
237 Water Street, First Floor
New York, NY 10038
310.590.1820 – Telephone

*Counsel for Plaintiffs*