# Exhibit 12

BOLIVARIAN REPUBLIC OF VENEZUELA

*Carlos Castro, B.A.*

SWORN TRANSLATOR

O.G. 41128

**I, Carlos César Castro Cecín,** B.A**.,** the undersigned, a Sworn English Translator in and for the Bolivarian Republic of Venezuela, according to License published in Official Gazette No. 41128, dated April 04, 2017,which was recorded and registered in the Main Public Registry of the Capital District on April 20, 2016; under No. 56, folio 56, Volume 7, and registered in the Second Court of First Instance in Civil, Commercial and Transit Matters of the Judicial Circumscription of Monagas State, **DO HEREBY CERTIFY;** That the attached document which was presented to me for translation into the English language, reads as follows:

(See next page)

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios



BOLIVARIAN REPUBLIC OF VENEZUELA
ON ITS BEHALF
**THE SUPREME COURT OF JUSTICE**
**<u>CIVIL COURT OF CASSATION</u>**
Presentation by Justice TULIO ÁLVAREZ LEDO.


In the procedure initiated through applications for industrial property registration followed by **LUIS RAFAEL FRÓMETA PERAZA**, represented by the attorney at Law Armando Castellucci, to which were opposed LUIS **VICENTE FRÓMETA BELLO** and **LUIS MANUEL FRÓMETA PAREJA**, represented by attorney at Law Anita Dreher de Frómeta, **MAGDALENA, ILEANA, JOSÉ ANTONIO, TRINA, BÁRBARA** and **JOSÉ AMABLE FRÓMETA GRILLO**, represented by

attorney at Law Jesús Olivares Mantilla, **MYRIAM ALTAGRACIA, OLIMPIA** and **DINORAH MERCEDES FRÓMETA SENIOR**, represented by attorney at Law Armando Carmona, all in their character as legitimate heirs of the *de cujus* **LUIS MARÍA FRÓMETA PEREIRA**; the Tenth Superior Court in Civil, Commercial and Traffic of the Judicial Circumscription of the Caracas Metropolitan Area, issued a judgment on February 6, 2002, in which declared: "... *FIRST: ADMITTED THE OPPOSITION made by LUIS VICENTE FRÓMETA BELLO to the application for Registration in the Industrial Property Registry of "BILLO'S CARACAS BOYS" trade denomination, "BILLO'S CARACAS BOYS" commercial trademark, "ORQUESTA BILLO'S CARACAS BOYS" commercial trademark and "BILLO" commercial trademark (emblem or label), formulated by LUIS RAFAEL FRÓMETA PERAZA (applications numbers 88-08110, 88-08109, 88-0810, 88-0810 and 88-11014 ... SECOND: That the aforementioned applications can only be granted under the name of the succession of the deceased LUIS MARÍA FRÓMETA PEREIRA. THIRD*: The appeal is dismissed... The appealed sentence is hereby CONFIRMED. The costs of appeal are imposed on the appellant*...*"

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

Against that appeal, the petitioner announced motion to vacate, which, admitted, was duly filed. There was objection.

All substantial proceedings being fulfilled, this Court proceeds to issue a judgment, under the Justice statement who subscribes it with such character, pursuant to the following considerations:

## APPEAL ON THE GROUNDS OF DEFECT OF ACTIVITY

### I

Pursuant to paragraph 1 of article 313 of the Civil Procedure Code, the petitioner denounces the violation of article 243 paragraph 2 of the same Code, for having incurred in the defect of subjective indetermination.

The petitioner claims that the defendant mentioned Luis Vicente Frómeta Bello, Luis Manuel Frómeta Pareja, Magdalena, Ileana, José Antonio, Trina, Bárbara and José Amable Frómeta Grillo, as the opposing parties of the two applications filed by Luis Rafael Frómeta Peraza before the Industrial Property Registry, without them having such character, since the only one who filed an opposition before that body was Luis Vicente Frómeta Bello.

Likewise, the petitioner expresses that the *ad quem* incurs the same error in addressing attorneys who are no longer taking over the intervening parties in this procedure, as the *ad quem* stated that only Anita Dreher de Frómeta, who holds the capacity of attorney in Law for Luis Vicente Frómeta Bello, is the only judicial representative legally appointed in this trial, as, all the other powers of attorney were not valid for being defective; the parties agree with the decision of the First Instance Judge.

The sentence is made by observing:

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado
emitido por AC FNMT Usuarios

The Chamber does not agree to the petitioner's approach, as the Court of Appeal only mentioned as opposing parties those who questioned the applications for trademark registration in pleadings filed on April 20, 1991 before the Industrial Property Registry, namely, Luis Vicente Frómeta Bello, Luis Manuel Frómeta Pareja, Magdalena, Ileana, José Antonio, Trina and Bárbara Frómeta Grillo.

Furthermore, this High Court has established that the judge wrongly mentioning the representatives cannot be considered as a defect of the sentence, since the parties are those who materially participate in the trial, not the representatives of the latter. (See, amongst others, sentence dated March 7, 2002, case:  Luis Alfonzo Martínez against Juan Rama Martínez).

However, contrary to what was sustained by the petitioner, this High Court could verify that the judge in the contested judgment expressed that the only authorized representative in the case is the attorney in Law Anita Dreher de Frómeta, as evidenced by the following transcript:

> "… On the other hand, we must emphasize, for the purposes of this judgment, that the First Instance decision appealed, declared admissible the objection made by the petitioner's representatives to the powers of attorney submitted in the trial by the aforementioned professionals.   In this respect, the *a quo* stated that the defects that, in its opinion, exhibited the objected powers of attorney, determined the illegitimacy of the representation attributed to the attorneys acting on behalf of the persons referred to in the objection; therefore, declaring that it only considered as valid the representation exercised in this jurisdictional incidence by attorney in Law ANITA DREHER DE FRÓMETA....
>
> In spite of the adverse decision to the interests of the opposing party in relation to the points just mentioned, it was satisfied with the judgment on the matter by the first-degree Court..."

Consequently, the Chamber dismisses as inadmissible the complaint of violation of article 243 paragraph 2 of the Code of Civil Procedure.  This is stated.

**II**

Pursuant to paragraph 1 of article 313 of the Code of Civil Procedure, the

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

Petitioner denounces the violation of articles 12 and 243 paragraph 5 of the same Code, because vices of positive and negative incongruity are present in the contested judgment.

The petitioner alleges that the grounds for opposition to the application for registration were based solely on the petitioner's lack of quality, considering the opposing parties who had a better right, pursuant to provisions of paragraph 2 of article 77 of the Law of Industrial Property, since they are part of a qualified majority in the succession of *de cujus* Luis María Frómeta Pereira; likewise, for the fact that they are the owners of the commercial firms "Billo's Caracas Boys" and "Orquesta Billo's Caracas Boys". And, therefore, they requested that the trademark not be granted to only one of the heirs.

The petitioner claims that, despite the fact that the controversy was limited in those terms, the defendant stated that the opposing party based their best right on the circumstance that the trademarks requested are the same or similar to those registered by the common cause and in the previous use of them, thus altering the original approach of the dispute.

On the other hand, the petitioner claims that the judge did not analyze each and every one of the defenses and exceptions alleged in the reports submitted to the appeal, in which it was explained that "It is uncertain that the requests of his representative should not be registered because they are included in the situation provided for in Article 109 of Decision 313 of the Cartagena Agreement, repealed by Decision 344 of the said Agreement, such regulation of Decision 313 refers to the prohibition of registering COMMERCIAL SLOGANS, and the requests made by LUIS RAFAEL FRÓMETA PERAZA refer to trademarks, which is a specific item of industrial property That by giving applicability to article 109 *ejusdem*, the defendant confuses between slogans and trademarks, which are different concepts, although the former are a kind of the latter".

To decide, the Chamber observes:

The opposition to the application for registration was as follows:

"... On May 18, 1988, LUIS FRÓMETA PERAZA, in an application

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

addressed to the Office of your dignity, filed under No. 88-08107, makes a request for the commercial trademark CARACAS HAPPY BOYS, which has been published in the Bulletin of the Ministry of Development under No. 361.

However, it is the case, as we stated hereinbefore, that the undersigned are also heirs of LUIS MARÍA FRÓMETA PEREIRA, the original owner of the requested trademark, as evidenced by the death certificate copy we submit marked "A" and for considering us with greater right to form a qualified majority in the non-settled hereditary community of our common cause, as well as the fact of being holders or owners of the Commercial Firm "BILLO'S CARACAS BOYS" and "ORQUESTA BILLO'S CARACAS BOYS", as it consists of the document registered before...; and based on article 77, paragraph 2 of the Industrial Property Law currently in force, we make a formal OPPOSITION that the aforementioned trademark be granted to only one of the heirs, namely to petitioner LUIS FRÓMETA PERAZA, and, on the contrary, it be registered under the name of LUIS MARÍA FRÓMETA PEREIRA's hereditary community..."

Regarding this opposition, the defendant expressed in the allegations what is transcribed

as follows:

"... The objection made to the registration of the aforementioned descriptions is grounded on the following argument:

"However, it is the case, as we stated hereinbefore, that the undersigned are also heirs to LUIS MARÍA FRÓMETA PEREIRA, the original owner of the requested trademark, as evidenced by the death certificate copy we submit marked "A " and for considering us with greater right to form a qualified majority in the non-settled hereditary community of our common cause, as well as the fact of being holders or owners of the Commercial Firm "BILLO'S CARACAS BOYS" and "ORQUESTA BILLO'S CARACAS BOYS", as

it consists of the document registered before... and based on article 77, paragraph 2 of the Industrial Property Law currently in force, we make a formal OPPOSITION that the aforementioned trademark be granted to only one of the heirs, namely to petitioner LUIS FRÓMETA PERAZA, and, on the contrary, it be registered under the name of LUIS MARÍA FRÓMETA PEREIRA's hereditary community..."

As we have seen, it is the latter assumption the one invoked by LUIS VICENTE FRÓMETA BELLO's representation, to question the trademark registration petition submitted by LUIS RAFAEL FRÓMETA PERAZA before the Industrial Property Registry Office. In the reports presented to this Office, the defendant's co-representative, ELISA VAGNONE LASARACINA, J.D., imputes the appeal for the defect of indetermination by not adhering to the alleged and proven in writs, or in other words, "to the limits within which the litigation was raised". This statement is due to the fact that the opposition was grounded on "the best right that he claims to have on the trademarks which registration was requested by our sponsor Luis Rafael Frómeta Peraza, not on the likelihood with others that could be registered..."

The sentence is made by observing:

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

Despite this objection, there is no doubt that when the opposition is made in the transcribed terms, the opposing party is grounding the best right alleged in the circumstance that the trademarks requested are the same or similar to those registered by the common cause and in the previous use of the latter, which is why the Judgment considers that in this matter the sentence *a quo* is not subject in the defect of indetermination or incongruity attributed to it. Sentence sustained.

(Omissis)

Furthermore, upon the death of the owner of the registered commercial denominations, which occurred on May 5, 1988, according to the relevant death certificate on page 108, his properties, including the registered commercial denominations, passed to his heirs. Therefore, it is unequivocal that at the time of the petition and opposition for registration, the petitioner LUIS RAFAEL FRÓMETA PERAZA and the opposing party LUIS VICENTE FRÓMETA BELLO were on a legally equal position, which means that neither had a preeminent right over the other in relation to the aforementioned registered trademarks. The same applies to the rest of the succession members. In other words, at the time the confrontation arose because of the application for registration by LUIS RAFAEL FRÓMETA PERAZA and the opposition thereto, the right derived from the registration of the trademarks in the name of the common cause belonged to the hereditary community.

That being said, the Court observes that by the date on which the dispute for the registration of trademarks arose, the Industrial Property Law was in force, whose article 33 literally states: "The following may not be adopted or registered as trademarks: ...11, The trademark that graphically and phonetically resembles to another one already registered, shall protect the characteristic part, and 12. The one that may be confused with another trademark already registered or that may lead to error by indicating a false origin or quality "

In the present case, as stated above, the registration applications are based on the following descriptions: 1) BILLO'S CARACAS BOYS (commercial trademark, Class 50), to distinguish "records, cassettes, video cassettes, musical and audiovisual productions". 2) "BILLO'S CARACAS BOYS ORCHESTRA" (trade denomination, Class 50), to distinguish a musical group (band) dedicated to performing popular music,
3) "BILLO'S CARACAS BOYS" (trade denomination, Class 50), to distinguish a company dedicated to the hiring of national or foreign artists, and the celebration and hosting of musical events, parties and shows in general 4) "BILLO" (commercial trademark, Class 50), to distinguish musical records and cassettes.

If we make a comparison between the commercial name originally registered by LUIS MARÍA FRÓMETA PEREIRA ("BILLO'S CARACAS BOYS") and the
inscriptions intended by the petitioner, we obtain as a result that between one and the other there is an unquestionable graphic and phonetic resemblance (assumption of paragraph 11, hereinbefore copied); a fact that can undoubtedly lead to confusion with the trademark already registered and lead to error by indicating a false origin or quality (assumption of said paragraph 12).

It is therefore evident, by virtue of the aforementioned circumstances, that on the occasion in which LUIS RAFAEL FRÓMETA PERAZA applied for the registration of the new trademarks, there was a decisive impediment imposed by the Law itself. This fact made it impossible to register said trademarks under his sole name, since there was, we repeat, a co-ownership of rights amongst the various succession members **in relation to the causing trademark in force at the time, which although does not structure,** *strictu sensu*, **the**

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado
emitido por AC FNMT Usuarios

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

**assumption of paragraph 2 of Article 77 of the Industrial Property Law, which was the regulation expressly invoked by the opposing party; nonetheless, configures in any case a legal situation of equality that cannot be ignored, and which defines the joint concurrence of successors over common goods, without preferences or inequalities of some to the detriment of others.**

In this sense, the Court shares the criterion established by the ruling appealed in the order that "... The trade denomination " BILLO'S CARACAS BOYS ", to distinguish a band, cannot be granted since it already belongs to certain persons such as the heirs of the beneficiary of the trademark... ", and that" ... Linked to the previous denomination are the applications related to the commercial trademark and trade denomination "ORQUESTA BILLO'S CARACAS BOYS" and that of the label or emblem" BILLO ", it is clear that these mentions denote the representation of what constituted the most outstanding and well-known activity of who in life was called LUIS MARÍA FRÓMETA PEREIRA," BILLO ", for the general public. This activity being carried out by the band bearing the name "BILLO'S CARACAS BOYS", these affirmations are grounded on the common experience on the existence of the aforementioned band and its founder director LUIS MARÍA FRÓMETA PEREIRA, generally known as "BILLO ", and that the Court applies to this decision pursuant to the power granted by Article 12 of the Code of Civil Procedure..."

On the other hand, it should be highlighted that the last section of the First Transitory Provision of Decision 486 of the Commission of the Andean Community, which establishes the Common Regime on Industrial Property, allows this Decision to be applied to the proceedings in process "at the stages in which those that have not yet been fulfilled as of the date of its entry into force."

Consequently, according to Article 136 of the aforementioned Decision, "Those signs whose use in commerce shall unduly affect a third party right may not be registered as trademarks, in particular when: ... e) they consist of a sign that affects the identity or prestige of natural... persons, especially in the case of name, surname, signature, title, hypocoristic, pseudonym, image, portrait or caricature of a person other than the applicant, unless the consent of such person or, if deceased, that of those declared his/her heirs, is proven... "

Subsuming the procedural reality that concerns us in the transcribed normative content, the Court observes that it is indeed public and notorious in the Venezuelan social sphere, that the most outstanding and well-known work of LUIS MARÍA FRÓMETA PEREIRA was carried out through his band " BILLO'S CARACAS BOYS ", and that during his long performance in the musical field he used and was identified with the pseudonym" BILLO "; All of which configures the legal hypothesis set forth in subparagraph **e) of article 136 *ejusdem*, which constitutes an additional reason that prevents the registration of said trademarks under the sole name of the petitioner LUIS RAFAEL FRÓMETA PERAZA.  Sentence sustained..."**

As can be seen, the defendant set its position around the arguments presented in the application for registration and the reasons contained in the writ of opposition; and in that sense, it expressed that the opposition was grounded on the lack of quality of the petitioner Luis Rafael Frómeta Peraza to

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

apply for registration of the trademarks filed, because the opposing parties claimed to be the holders of the commercial firms "BILLO'S CARACAS BOYS" and "ORQUESTA BILLO'S CARACAS BOYS "; the judge then proceeded to examine the evidence, concluding that the trademarks filed by Luis Rafael Frómeta Peraza, were of "unquestionable graphic and phonetic resemblance" with that of "Billo's Caracas Boys", registered by *de cujus* Luis María Frómeta Pereira , and since there was a hereditary community of which the petitioner was a member, they all had equal rights over the aforementioned firms; criterion that in no way constitutes overreach of *thema decidendum*.

For this reason, the Chamber considers that in the appeal the defect of positive incongruity is not present, since the judge settled the allegations presented by the parties, declaring the opposition by better right. With regard to the lack of pronouncement on the legal arguments raised in the opposing party's reports, the Chamber again reaffirms that judges have the power to raise the question of law in a different way than that offered by the parties, not only by changing the qualifications that the parties have given them, but even by adding legal opinions or arguments that are the product of their legal approach, which in no way can be considered as incongruity of the ruling, but on the contrary, as the application to the established facts in the cause of the law that is supposed to be known, in accordance with the principle '*iura novit curia*'.

For the foregoing reasons, this complaint for violation of articles 12 and 243 paragraph 5 of the Code of Civil Procedure is declared inadmissible.  Sentence sustained.

### -
### APPEAL FOR VIOLATION OF LAW

I

Pursuant to paragraph 2 of article 313 of the Civil Procedure Code, the petitioner denounces the violation of article 77 paragraph 2 of the Industrial Property Law, for "false application".

The petitioner maintains that the opposition by better right was grounded on the fact that the opposing parties were equally heirs of *de cujus* Luis María Frómeta and that they are part of the qualified majority of the hereditary community, as well as that they were holders of the commercial firms "Billo's Caracas Boys" and "Billo's Caracas Boys Band".

Despite this, the appeal considered, without any explanation, that the claim of better right that served as basis for the opposition, was based on the identity or resemblance of the trademarks applied for with those registered in the name of the common cause and on their prior use. Therefore, this implies the violation of the aforementioned paragraph 2 of article 77, "by making it regulate factual assumptions not contemplated therein, since the denounced norm regulates the opposition grounded on the alleged better right, and is not applicable in the case of the opposition grounded on paragraphs 10 and 11, in which are included the assumptions of identity or resemblance of the trademarks..."

Lastly, the petitioner expresses that this violation was decisive in the provision because "if the violation of paragraph 2 of article 77 *ejusdem* had been duly applied to the opposition, -which the defendant conceptualizes as grounded on identity, resemblance or prior use-, it would have had to dismiss the opposition for not being grounded on the best right but on the circumstances provided in paragraph 1 of said regulation."

To decide, the Chamber observes:

The petitioner poses the violation for false application of article 77 paragraph 2 of the Industrial Property Law, grounded on the premise of the presumed error committed by the judge in determining the facts alleged in the opposition writ, an issue that has already been settled by the Chamber in the preceding chapter, which ultimately could only configure the defect of inconsistency, which is the proper basis for a complaint of violation of article 243 paragraph 5 of the Code of Civil Procedure, that is, of a ground for a motion to vacate.

For the foregoing reason, this High Court must again indicate that the defendant

BOLIVARIAN REPUBLIC OF VENEZUELA
*Carlos Castro, B.A.*
SWORN TRANSLATOR
O.G. 41128

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

stated that the opposition was grounded on the lack of legitimacy of petitioner Luis Rafael Frómeta Peraza to apply for the registration of the trademarks filed, provided that the opposing parties claimed to be holders of the "Billo's Caracas Boys" and "Billo's Caracas Boys Band" commercial firms, jointly with the petitioner. Furthermore, upon, analyzing the evidence, this High Court came to the conclusion that said commercial firms filed by Luis Rafael Frómeta Peraza were of "unquestionable graphic and phonetic resemblance" with "Billo's Caracas Boys" registered by *de cujus* Luis María Frómeta Pereira, and if there being a hereditary community of which the petitioner was a part, they all had equal rights over said firms.

In whichever case, the Chamber observes that the petitioner did not indicate which was the legal regulation that the judge should have applied and did not apply instead of the falsely applied one, that is article 77 paragraph 2 of the Industrial Property Law, nor did he allege or ground the reasons for its application, which denotes breach of the procedural burden that, by law, corresponds to the appellant and that in no case can be supplied by the Chamber, which is prevented from carrying out the corresponding analysis as established by this Supreme Court in reiterated doctrine. (See amongst others, Ruling N ° 413, 5/5/04, case: Sioly Oneira Rojas against Hugo A. Gallepoli F.).

Consequently, the complaint of violation of article 77 paragraph 2 of the Code of Civil Procedure, is dismissed as inadmissible.

**II**

Pursuant to paragraph 2 of article 313 of the Civil Procedure Code, the petitioner denounces the violation of article 77 paragraph 2 of the Industrial Property Law, for false application, and 74 for lack of application, because the opposition was grounded on the equal right of the heirs of *de cujus* Luis María Frómeta Pereira, and not on their best right, so said opposition could not be successful.

The Chamber observes:

Articles 74 and 77 of the Industrial Property Law state as follows:

"...**Article 74.** For the purposes of priority in the registry, the Registrar of Industrial Property shall stamp at the bottom of each application for registration, a note stating the date and time of filing; and shall give the interested party a signed record with the annotations expressed."

"**Article 77.** Within thirty business days from the publication date in the Industrial Property Gazette, any person may object to the application and oppose the trademark granting:

1. Considering that this is included in the prohibitions contemplated in articles 33, 34 and 35 of this Law, and

2. **Because the opposing party is considered to have a better right than the applicant..."**

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

The legislator, to determine which is the authority in charge of hearing the oppositions in trademark registration matters, distinguishes them in article 77, taking into account their grounds. On the one hand, it provides for the possibility of opposition on the ground that the trademark does not constitute a distinctive sign that can be qualified as special or novel, and on the other hand, when the interested party considers that he or she has a better right over that trademark, because he or she was using said trademark prior to the application for registration or because the trademark has been purchased.

In the first case, the Industrial Property Law orders the Registrar of the Autonomous Industrial Property Service, in other words, the administrative office, to decide the opposition, so that said office modifies and/or clearly establishes the elements of the trademark or clarifies the classification given to the product, so that the petitioner can proceed with its registration. In the second case, that is, when the opposition is grounded on an alleged better right to the granting of a trademark, the legislator orders it be decided by ordinary civil courts.

The Chamber does not agree with the criterion set forth by the petitioner, since, as already mentioned in the complaints previously analyzed, the judge of appeal declared the lack of quality of Luis Rafael Frómeta Peraza to file the registration of the trade name "Caracas Happy Boys" at concluding that the denounced paragraph 2 of article 77 of the Industrial Property Law was inapplicable to the case at hand, because there is "... *a decisive impediment imposed by the Law itself that made it impossible to register said trade names under his sole name, given that there was, a co-ownership of rights amongst the various members of the succession ... the opposition in any event configures a legal situation of equality that cannot be ignored. This situation defines the joint concurrence of the successors on common goods, without preferences or inequalities of some to the*

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

*detriment of others*..."

Additionally, the Judge supported the decision in the undoubted phonetic and graphic resemblance with the trademark that belonged to Luis María Frómeta Pereira and now belongs to the succession of the latter. Likewise, the decision was supported in the notoriety of said trademark, since the Judge pointed out that "... *it is public and notorious in the Venezuelan social sphere, that the most outstanding and well-known work of LUIS MARÍA FRÓMETA PEREIRA was carried out through his band "BILLO'S CARACAS BOYS", and that during his long performance in the musical field he used and was identified with the pseudonym "BILLO"; all of which configures the legal hypothesis provided in subparagraph e) of article 136 ejusdem*..."

Therefore, it is the criterion of the Chamber that the appeal did not violate the aforementioned regulation contained in article 77 paragraph 2 of the Industrial Property Law for false application, when the appeal stated that since it was a legal situation of equality, said provision could not be applied to the case under study, since this provision only fits those cases in which the interested party questions an application for registration of trademarks or trade names for having a better right over it, either for a previous use or for acquisition.

Likewise, the Chamber considers that the judge of appeal did not violate, due to lack of application, article 74 of the aforementioned Law, which provides that "...*for the purposes of priority in the registry, the Registrar of Industrial Property shall stamp at the bottom of each application for registration, a note stating the date and time of filing; and shall give the interested party a signed record with the annotations expressed*... ", because that provision does not fit the judicial problem settled by the judge, since the priority of two or more applications for trademark registration is not discussed.

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

Consequently, the complaint for violation of article 74 and 77 paragraph 2 of the Industrial

Property Law is dismissed.  This is hereby sentenced.


III


Pursuant to provisions of paragraph 2 of article 313 of the Code of Civil Procedure, the petitioner denounces the violation of paragraphs 11 and 12 of articles 33 of the Industrial Property Law and 136 of Decision 486 of the Andean Community Commission for false application; articles 77 paragraph 1, 78 and heading of article 80 of the Industrial Property Law due to lack of application, the grounds of which are as follows:

"... The aforementioned article 33 of the Industrial Property Law refers to the different cases of prohibition of trademark registration, amongst which the prohibition of registering the trademark that looks graphic or phonetically to another already registered (paragraph 11) is contemplated, and that which may be confused with another trademark already registered or that may lead to error by indicating a false origin and quality (paragraph 12), and this regulation is the one applied by the appeal to admit the opposition by including it in the motive grounds of its decision (page 24).

Furthermore, and to the same effect, the appeal, page 26, cites invokes the also denounced article 136 of Decision 486 of the Commission of the Andean Community, which contains the prohibition of registration of certain signs.

It is evident, then, that the Judge of the appeal grounds his decision on the alleged regulations, for which the Judge assumes that the trademarks applied for by my client are included in said prohibitions, despite not having been declared as such by the competent authority that, under the provisions of paragraph 1 of article 77 of Industrial Property, in article 78 and in the heading of article 80, is the Registrar of Industrial Property (for whose purposes, as stated in other complaints paragraph 1 of article 77 *ejusdem* should have been applied).

It follows from the foregoing that the defendant has falsely applied the denounced regulations, which do not and cannot regulate the legal situation raised in the present case of opposition by better right..."


To decide, the Chamber observes:

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado
emitido por AC FNMT Usuarios

The petitioner states that the appeal judge violated the regulations denounced, because he was not competent to rule on the prohibition to register the trademarks on the grounds of their resemblance with another already registered or for misleading as to their false quality and origin, since such determination corresponded to the Registrar of Industrial Property.

Nevertheless, the judge of the appeal made it clear that the Registrar of Industrial Property forwarded the file containing the application for registration of the trademark Caraca's Happy Boys to the Distribution Court of First Instance in Civil, Commercial and Traffic of the Federal District and Miranda State, because Luis Vicente Frómeta Bello, Luis Manuel Frómeta Pareja, Magdalena, Ileana, José Antonio, Trina and Bárbara Frómeta Grillo, filed opposition to the application for registration, claiming to be equally heirs to Luis María Frómeta Pereira, and for being considered "... *with a better right to form a qualified majority in the unqualified hereditary community of our common cause, as well as the fact of being the title holders or owners of the Commercial Firm "BILLO'S CARACAS BOYS" and "ORQUESTA BILLO'S CARACAS BOYS...* "

The Ninth Judge of First Instance in Civil, Commercial and Traffic of the Judicial Circumscription of the Federal District and Miranda State, received the file on January 31, 1992, and declared the case open to evidence because the opposition was grounded on paragraph 2 of article 77 of the Industrial Property Law, as expressed in the contested judgment.

Pursuant to article 77 of the Industrial Property Law, any interested person may oppose the application for registration and oppose the granting of the trademark within thirty business days counted from the date of publication in the Industrial Property Gazette, in the following cases: "... 1. *Considering that this is included in the prohibitions contemplated in articles 33, 34 and 35 of this Law; and, Because the opposing party is considered to have a better right than the applicant...".*

Meanwhile, article 80 *eiusdem* provides that "... *In the case of paragraph 1 of article 77,*

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

*the Registrar shall settle the opposition with the evidence submitted by the interested parties, within a period of thirty days from the expiration of the lapses established in article 78.* ***In the case of paragraph 2 of article 77, the Registrar shall forward the file to the Court of First Instance in Civil Matters so that this court may settle the opposition with the evidence submitted before it. Likewise, this court shall suspend the corresponding administrative procedure until the opposition has been decided judicially and the interested party, if applicable, proceeds the matter again..."***

As can be seen, the Industrial Property Law determines which authority it is responsible for hearing the oppositions in the matter of trademark registration according to its content.

In fact, the aforementioned article 77 contemplates, first of all, the possibility of filing an opposition grounded on the fact that the trademark does not constitute a distinctive sign that can be classified as special or novel, and in its paragraph 2, it regulates the opposition grounded on the fact that the interested party considers that he/she has a better right over that trademark, either for previous use or for purchasing the trademark.

There is no doubt, whatsoever, that if the first opposition case is filed, this is, the one referring to the graphic or phonetic resemblance, the Venezuelan Industrial Property Law mandates the administrative authority, namely, the Registrar of Industrial Property, to decide such opposition. Therefore, said authority shall modify or define more clearly the elements of the distinctive sign or clarify the classification given to the product and in this way decide whether the registration of the trademark is appropriate. Nonetheless, when the opposition is made by better right, Venezuelan law mandates that said opposition be settled by the ordinary civil courts.

In those cases related to a preferential right in rem of one individual against another, the procedure must be heard by the competent judicial authority for the matter, which must also settle when invoking graphic or phonetic resemblance between trade names simultaneously, <u>as the former existence of a right in rem of use or another similar one is an approach of law that is closely related to the assumption content in paragraph 2 of article 77 of the Industrial Property Law and, consequently, should be considered included within that assumption.</u>

BOLIVARIAN REPUBLIC OF VENEZUELA
*Carlos Castro, B.A.*
SWORN TRANSLATOR
O.G. 41128

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

Therefore, in no way does the law prohibit the judge from issuing a ruling on the assumptions of prohibition of registration provided for in article 33 of said law, when these assumptions have been alleged at the same time that the interested parties make opposition based on the existence of a right in rem over the distinctive sign.

This was stated by the Political-Administrative Chamber in a decision dated December 10, 2003 (Case: Cementos Cumaná S.A.), cited hereinafter:

"... By virtue of the declaration contained in the a quo sentence, it is up to this Chamber to determine who is responsible for hearing the case, specifically to determine which body must settle the opposition by better right raised by the commercial company Cemex Venezuela, SACA, to the registration of the product trademark "Cementos Cumaná", filed by the company Cementos Cumaná, SA.

Therefore, it is observed that for the purpose of ruling on the opposition raised and pursuant to the sole part of article 80 of the Industrial Property Law, the Registrar of Industrial Property of the Autonomous Service of Intellectual Property (SAPI, by its acronym in Spanish) forwarded to the Distribution Court of Civil, Commercial and Transit of the Judicial District of the Metropolitan Area of Caracas, the file containing the application for registration of the aforementioned product trademark, made by the company Cementos Cumaná, SA.

In turn, the Second Civil, Commercial and Traffic Court of First Instance of the Judicial Circumscription of the Caracas Metropolitan Area declared its lack of jurisdiction over the Public Administration, since the hearing of the matter, as expressly, corresponds to the Industrial Property Registry of the Autonomous Intellectual Property Service (SAPI), pursuant to the regulations contained in Decision 486 of the Commission of the Andean Community of Nations.

Upon determination of the foregoing, this Chamber considers appropriate to verify the regulations applicable to this case, and then establish the body which shall be responsible to hear the oppositions by better right against trademark registrations.

In this regard, it is convenient to pay attention to the content of the dispositions enshrined in the Industrial Property Law, specifically those contained in article 77, article 80, provisions of which read as follows:

"*Article 77.- Within thirty business days from the publication date in the Industrial Property Gazette, any person may object to the application and oppose the trademark granting:*

*1. Considering that this is included in the prohibitions contemplated in articles 33, 34 and 35 of this Law, and*

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

2. *Because the opposing party is considered to have a better right than the applicant*..."

*"Article 80.- In the case of paragraph 1 of article 77, the Registrar shall settle the opposition with the evidence submitted by the interested parties, within a period of thirty days from the expiration of the lapses established in article 78.*

***In the case of paragraph 2 of article 77, the Registrar shall forward the file to the Court of First Instance in Civil Matters so that this court may settle the opposition with the evidence submitted before it. Likewise, this court shall suspend the corresponding administrative procedure until the opposition has been settled judicially and the interested party, if applicable, proceeds the matter again..."*** *(Highlighted by this Chamber).*

*As for its part, Decision 486 of the Common Regime on Industrial Property of the Commission of the Andean Community of Nations, dated September 14, 2000, provides in this regard as follows:*

*"Article 146.- Within a period of thirty days following the date of publication, whoever has a legitimate interest, may file, once only, substantiated opposition that may distort the trademark registration.*

*Upon request of a party, **the competent national office shall grant, only for once, an additional period of thirty days to submit the evidence supporting the opposition.***

*Reckless oppositions may be punishable if so, provided by national regulations.*

*Within six months after the expiration of the grace period referred to in article 153, oppositions filed against the submitted application, shall not proceed if such oppositions are grounded on trademarks that have coexisted with the one applied for."*

*"Article 148.- **If opposition has been filed, the competent national office shall notify the applicant so that within the following thirty days he/she may assert his/her arguments and submit evidence, if he/she deems it appropriate.***

*Upon request of a party, **the competent national office** shall grant, only for once, an additional period of thirty days to submit the evidence supporting the opposition."*

*"Article 150.- **Once the period stated in article 148 has expired, or if there have been no oppositions, the competent national office shall proceed to perform the registration exam. In case of oppositions, the competent national office shall rule on them and on the granting or refusal of the registration of the trademark by means of a resolution"***

*"Article 273.- **For the purposes of this Decision, the Competent National Office shall be understood as the administrative body responsible for the registration of Industrial Property.***

*Likewise, the Competent National Authority shall be understood as the body designated for that purpose by the national legislation on the matter." (Highlighted by this Chamber).*

Considering the transcribed regulations, this Chamber observes that the Industrial Property Law, in

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

order to define to which authority corresponds to hear the oppositions in the matter of trademark registration, distinguishes between the various oppositions that may arise. In fact, on the one hand it contemplates the possibility of an opposition grounded on the fact that the trademark does not constitute a distinctive, special or novel sign, and on the other, when the interested party considers that he/she has a better right over that trademark, either by a previous use or acquisition of the trademark.

In the first case of opposition, the Venezuelan Industrial Property Law mandates the administrative office itself, namely, the Registrar of Industrial Property to decide such opposition, so that it modifies or defines more clearly the elements of the distinctive sign or clarify the classification given to the product and thus proceed to the trademark registration. However, for the second case, when the opposition is carried out for the best right to grant a trademark, Venezuelan law mandates that it be settled by ordinary civil courts.

On the other hand, Decision 486 regarding the oppositions of a trademark registration stated that said oppositions must be settled by the administrative authority (in the Venezuelan case, it should be understood that it is, precisely, the Registrar of Industrial Property), from which it could be deduced that this includes oppositions by better right, as interpreted by the consulting court.

However, it is the criterion of this Chamber, that the provisions contained in the Community text do not contradict the provisions of the Industrial Property Law, but rather complement each other, and in that sense they must be interpreted harmoniously, since necessarily within our legal order must be understood that when these oppositions for "better right" involve a Right In Rem, it cannot be other than the judicial authority the one that can settle such disputes between parties.

Thus, when Community regulations state that trademark registration oppositions must be settled by the administrative authorities (competent national office), it is necessary to interpret that this is so within our legal system, as long as they are not treated, as noted, from oppositions grounded on a preferential right in rem that claims to have a particular party against another.

In the analyzed case, since the opposition was grounded on right in rem of trademark "use", it must necessarily be concluded that its settlement corresponds to the judicial organs, and therefore, this Chamber must declare that in the situation under examination, the judicial power does have jurisdiction, and therefore, it is also necessary to revoke the decision dated July 23, 2003 issued by the consulting court in this ruling. This is stated..." (Bold letters by the Chamber)

According to the criterion of the Political-Administrative Board that this Chamber accepts, in the sub *iudice*, the opposing parties asserted the allegation of graphic and phonetic resemblance between the trademark filed by Luis Rafael Frómeta Bello and the commercial denominations "*Billo's Caracas Boys*" and "*Billo's Caracas Boys Band*"; at the same time, they asserted the right of ownership and use that the hereditary community had over those trademarks by pointing out that they were the co-owners of those commercial

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 4128

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado
emitido por AC FNMT Usuarios

firms, which means that the appeal did not violate article 77 paragraph 1 for lack of application, as it had full jurisdiction to rule on it.

In other words, the Superior Judge acted in accordance with the law when he declared the opposition admissible, because he relied on the existence of a hereditary community, of which the petitioner is a member. This hereditary community is the owner of the trademarks "Billo's Caracas Boys" and "Billo's Caracas Boys Band", which are similar graphically and phonetically to those filed by Luis Rafael Frómeta Peraza; whereby, all the successors in title have equal rights over them.

Furthermore, the Judge stated that another impeding reason for the registration of the aforementioned trademarks under the sole name of the applicant, is the visibility and notoriety of the trademarks and commercial names related to the "Billo's Caracas Boys" band, through which the most outstanding and well-known work of Luis María Frómeta Pereira was carried out, who, in addition, during his long performance in the musical field used and was identified with the pseudonym "BILLO".

For these reasons, the complaint for violation of paragraphs 11 and 12 of article 33 of the Industrial Property Law is hereby declared inadmissible, since the appeal could well have ruled on the graphic and phonetic resemblance of the trademarks whose registration was filed by Luis Rafael Frómeta Peraza.

Nor were violated article 77 paragraph 1, article 78 and heading of article 80 of the aforementioned law, because the appeal judge did have jurisdiction to settle the opposition, having grounded himself in the existence of a preferential right in rem, and therefore it cannot be heard by the administrative authority of industrial property.

Likewise, the alleged violation of 136 of Decision 486 of the Commission of the Andean Community is dismissed, since the graphic and phonetic resemblance between the trademarks filed and the so-called "Billo's Caracas Boys" and "Billo's Caracas Boys Band" is proven. Moreover, the latter are notoriously known for having been used by Luis María Frómeta Pereira. Therefore, the appeal could declare as it did, that this was another reason that prevented the registration of the trademarks requested by Luis Rafael Frómeta Peraza. This is hereby sentenced.

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 41128

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado
emitido por AC FNMT Usuarios

Consequently, the aforementioned complaints for violation are declared inadmissible.

R U L I N G

On the grounds of the foregoing considerations, the Supreme Court of Justice in Civil Cassation Chamber, administering justice on behalf of the Bolivarian Republic of Venezuela and by authority of the Law, declares **INADMISSIBLE** the appeal for annulment announced and filed by Luis Rafael Frómeta Peraza, against the ruling issued by the Tenth Superior Court in Civil, Commercial and Traffic of the Judicial Circumscription of the Caracas Metropolitan Area, dated February 6, 2002.

Since the filed appeal has been unsuccessful, the appellant is hereby ordered to pay the costs.

Let it be published and registered.  Let the file be forwarded to the Eighth Court of First Instance in Civil, Commercial and Traffic Matters of the same Judicial Circumscription.  Let this referral be made to the aforementioned Superior Court of origin, pursuant to Article 326 of the Code of Civil Procedure.

Given, signed and sealed in the Office Room of the Supreme Court of Justice, in the Civil Cassation Chamber, in Caracas, this ninth (9th) day of November of the year two thousand and four. Years: 194º Independence and 145 ° of the Federation.

The President of the Chamber,

_____ CARLOS
OBERTO VÉLEZ

Vice President,

_____ ANTONIO
RAMÍREZ JIMÉNEZ

Rapporteur Justice,

_____
TULIO ÁLVAREZ LEDO

BOLIVARIAN REPUBLIC OF VENEZUELA
Carlos Castro, B.A.
SWORN TRANSLATOR
O.G. 71128

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

Clerk

_____
ENRIQUE DURÁN FERNÁNDEZ

File AA20-C-2002-000460

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios

BOLIVARIAN REPUBLIC OF VENEZUELA
*Carlos Castro, B.A.*
SWORN TRANSLATOR
OG 4128

This is a faithful translation of the attached original which I have made at the request of the interested party, IN WITNESS WHEREOF I have signed this document in Alicante, this 27th day of January, 2025.

Carlos César Castro Cecín, B.A.

Sworn English Translator

Translator's contact information;

Name in full; Carlos César Castro Cecín

Address: Alicante, Alicante Spain

E-mail: Carlos.castro.cecin@gmail.com

Cell phone: (34) 625948994

Firmado por CASTRO CECIN CARLOS CESAR - ***7560** el día 27/01/2025 con un certificado emitido por AC FNMT Usuarios