**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-CV-22324-WPD**

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,

Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual,

Defendants.

- 1 -

COMPLAINT

## PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED CLAIMS

Plaintiffs, by and through their undersigned attorneys, for their complaint against defendants, hereby pray to this Honorable Court for relief as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief brought by Plaintiffs to confirm their lawful ownership interests in the copyrights and trademarks associated with their father, Luis Maria Frometa Pereira, also known as Billo Frometa ("Billo"), and his band, Billo's Caracas Boys, as well as to recover the revenues and other damages owed to them in accordance with such ownership.

2. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

3. This action further arises under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b). This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

5. The defendants are subject to personal jurisdiction in Florida.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a).

7. This Court is empowered to issue a declaratory judgment and further necessary or proper relief pursuant to 28 U.S.C. §§2201 and 2202.

### PARTIES

8. Plaintiffs are individuals living outside of this District.

9. Plaintiffs are informed and believe and thereon allege that Adrian Frometa Subero ("Subero") is an individual residing in the state of Florida and doing business in this District.

10. Plaintiffs are informed and believe and thereon allege that Telmo Perez Quiroz ("Quiroz") is an individual residing in Venezuela. Plaintiffs are further informed and believe and thereon allege that Quiroz is an attorney practicing law in Venezuela, where he represents Subero or one or more of Subero's companies.

11. Plaintiffs are informed and believe and thereon allege that Defendant Billo's Caracas Boys LLC ("BCB") is a Florida limited liability company that is owned by Subero, doing business in this District, and for which Subero is the registered agent.

12. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiffs' rights and the damages to Plaintiffs caused thereby.

13. All defendants are subject to personal jurisdiction in this district because they avail themselves of the laws of the State of Florida, and purposefully direct their activities toward and conduct business with consumers within the state of Florida and this district.

14. Alternatively, defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) they are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

COMPLAINT

## **CONDUCT COMMON TO ALL CLAIMS**

15. Billo was a renowned Dominican-Venezuelan musician, composer, and performer who achieved international recognition and acclaim.

16. Billo passed away in May of 1988.

17. The Plaintiffs are each the surviving heirs of Billo and have been adjudged to be his heirs and to have an interest in his property by a court of competent jurisdiction.

18. On information and belief it is alleged that prior to Billo's passing, he registered his intellectual property, including certain trademarks such as "BILLO'S CARACAS BOYS", "BILLO'S CARACAS BOYS ORCHESTRA", "BILLO'S CARACAS BOYS", and "BILLO".

19. On information and belief it is alleged that at the time of his passing Billo also held various copyrights related to the compositions and sound recordings for his music ("Billo Works"). Venezuela is a signatory to the Berne Convention and the Billo Works were created in Venezuela.

20. Upon Billo's passing all of his ownership interest and rights in the musical works authored by Billo, including without limitation the Billo Works, and the trademarks, trade names, denominations, and brands associated with Billo and his music, including without limitation "Billo," "Billo's," and "Billo's Caracas Boys," (collectively, the "Billo Marks") transferred to his surviving heirs equally.

21. Following Billo's death, a legal battle ensued after one of Billo's sons, Luis Rafael Frometa Peraza ("Peraza"), attempted to register the Billo Marks in his own name to the exclusion of Plaintiffs, his siblings and co-heirs.

22. On information and belief, the aforementioned legal battle culminated in a decision by the Supreme Court of Justice, Venezuela's highest court, affirming that the Billo

- 5 -

Marks, along with Billo's other properties, which arguably includes the Billo Works, passed equally and indivisibly to all of Billo's heirs such that no one heir could unilaterally register or otherwise exploit or profit from them.

23. On information and belief it is alleged that despite the foregoing, Subero, Peraza's son and thus grandchild and heir to Billo, arguably entitling him one quarter of the share of the Billo's estate inherited by Subero's father, Peraza, began unilaterally exploiting the Billo Works and Billo Marks, directly, with Quiroz, and through BCB, holding himself out as the sole and exclusive owner of same, and receiving and holding more than his share of the monies related to the Billo Works and Billo Marks.

24. Subero did so without informing or receiving authorization from the Plaintiffs, or ever accounting to them for any of the revenues earned in connection with his exploitation of the Billo Works and Billo Marks.

25. On information and belief it is alleged that despite his knowledge of Plaintiffs' rights as co-heirs, Subero registered in his, BCB's, and his affiliated companies' names numerous of the Billo Marks as trademarks in both Spain and the United States without Plaintiffs' knowledge or consent, falsely asserting sole ownership of those rights and failing to account to Plaintiffs for any revenues received in connection with said exploitation.

26. On information and belief, it is alleged that Subero, assisted by Quiroz, additionally registered BCB without Plaintiffs' knowledge or consent, naming Subero as the CEO and sole owner, and used this company to further his exploitation of the Billo Works and Billos Marks. On information and belief it is alleged that this company collects more than Subero's share of the monies resulting from the exploitation of the Billo Works and Billo Marks and claims ownership of the foregoing intellectual property.

27. The Plaintiffs filed suit against Subero and Quiroz in Venezuela over their unilateral exploitation and Subero's claims of sole ownership of the Billo Marks, and on October 9, 2023, the court there held that the Plaintiffs were Subero's co-heirs and equal owners of the Billo Marks and entered an injunction against Subero and Quiroz, prohibiting them from any use of the Billo Marks.

28. On information and belief, Subero and Quiroz have been continuously exploiting and profiting from the Billo Works and Billo Marks in Venezuela, the U.S. and elsewhere in spite of the above ruling.

29. Plaintiffs allege on information and belief that despite the above ruling, Subero's and Quiroz's exploitation and unilateral claims of ownership of both the Billo Works and Billo Marks have continued to the present day.

30. On information and belief, Subero and Quiroz continue to claims sole ownership of numerous registered United States trademarks for the Billo Marks, including "Billo's Caracas Boys," and "Billo's," and continues to collect revenues from the exploitation of both the Billo Marks and Billo Works.

31. On information and belief Subero, BCB, and Quiroz have wrongfully profited from their exploitation of the Billos Works and Billos Marks, none of which they own to the exclusion of Plaintiffs.

32. Neither Subero, BCB, or Quiroz have ever tendered or accounted to the Plaintiffs for any revenues received in connection with his exploitation of the Billo Works and Billo Marks.

33. On information and belief it is alleged that the Billo Works' copyrights, to the extent necessary, are registered with the relevant Copyright Office and/or excused from

registration per the Berne Convention because they were first published outside of the U.S. or otherwise qualify for the Berne exemption.

## FIRST CLAIM FOR RELIEF

*(Declaratory Relief and Judgment as to Copyright Ownership – As to All Defendants)*

34. Plaintiffs hereby repeat and incorporate by reference the allegations contained in paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35. There is a dispute between the parties over copyright ownership in and to the Billo Works. Plaintiffs allege that an actual and substantial controversy has arisen by virtue of Defendants', and each of their, claim that they solely own the copyrights to the Billos Works and that Plaintiffs have no or limited ownership rights in the Billos Works. Plaintiffs dispute this claim and allege that each of the Plaintiffs owns copyrights and other rights in the Billos Works as per their positions as Billo's heirs, in a percentage accorded by lineage and to be established at trial.

36. On information and belief it is alleged that Subero and Quiroz, despite of the Venezuelan court orders, continue to claim sole rights and have on that basis engaged in exploitation of the Billo Works and claimed exclusive ownership of same. This has created a controversy between the parties hereto, which have adverse legal interests, and is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37. Plaintiffs are the heirs of Billo. Each of Billo's direct descendants received an equal portion of his intellectual property rights, including the copyrights and trademarks related to the Billo Works and Bill Marks. Those rights have been subdivided as they pass through the family lineage. As a result each Plaintiff is entitled to a share of the Billos Works' copyrights as

calculated by their place in the lineage. And, as recognized by the courts of Venezuela, they are thus the joint owners of all rights in and to the Billo Works.

38. Pursuant to 28 U.S.C. §§ 2201 & 2202, a case of actual controversy within the jurisdiction of this court has arisen and now exists between Plaintiffs on the one hand, and Defendants on the other hand, concerning their respective rights and duties as to the Billo Works, with Plaintiffs contending that they are the joint owners of the Billo Works as dictated by their positions as heirs, and the copyrights, trademarks, and other intellectual property related thereto; and with Defendants contending that Subero, Quiroz, and Subero's company own the Billo Works and all copyrights, trademarks, and other intellectual property therein.

39. Plaintiffs seek a declaration that they own the relevant shares of all intellectual property rights in the Billo Works, including their rightful shares of the copyright and any royalties or other monies flowing from the exploitation of those copyrights.

40. Plaintiffs seek a declaration that Subero has no rights superior to any other heir in the Billos' Works' copyrights.

41. Plaintiffs seek an injunction prohibiting Defendants from any exploitation of the Billo Works without the express authorization and consent of the Plaintiffs, and an accounting of and for all revenues received by Defendants in connection with their exploitation of the Billo Works, and payment to the Plaintiffs, and each of them, of their portion of the proceeds

42. Plaintiffs seek a declaration of ownership and that they are entitled to their monetary percentages of funds related to that ownership and other damages as set forth herein.

## SECOND CLAIM FOR RELIEF

*(Declaratory Relief and Judgment as to Trademark Ownership – As to All Defendants)*

43. Plaintiffs hereby repeat and incorporate by reference the allegations contained in paragraphs 1 through 33 of the Complaint as though fully set forth herein.

44. There is a dispute over the Billos Marks' ownership. Plaintiffs allege that as Billo's heirs they own a share of those marks (and any related marks) per their lineage. Defendants have claimed sole ownership of the Billos Marks and related marks.

45. Plaintiffs allege that an actual and substantial controversy has arisen by Subero's violations of the orders of the courts of Venezuela and his ongoing exploitation of the Billo Marks; said controversy is between the parties hereto, having adverse legal interests, and is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

46. Plaintiffs are the heirs of Billo and, as confirmed by the courts of Venezuela, are thus the joint owners of all rights in and to the Billo Marks.

47. On information and belief, it is alleged that Subero registered at least two of the Billo Marks with the U.S.P.T.O. in his and/or BCB's name and naming him as sole owner without Plaintiffs' authorization or consent, and the marks were approved for registration and granted US Registration Numbers 4816101 and 7540517. On information and belief it is alleged that Subero falsely represented to the United States Patent and Trademark Office that he and/or BCB solely owned the rights in said marks when in reality he and his company lacked sole ownership of rights in the marks.

48. Pursuant to 28 U.S.C. §§ 2201 & 2202, a case of actual controversy within the jurisdiction of this court has arisen and now exists between Plaintiffs on the one hand, and Defendants on the other hand, concerning their respective rights and duties as to the Billo Marks, with Plaintiffs contending that they are the joint owners of the Billo Marks and related

intellectual property thereto; and with Defendants contending that Subero and/or BCB is the sole owner of the Mark and all intellectual property related thereto.

49. Plaintiffs seek a declaration that they own rights in the Billo Marks as dictated by each of their positions as heirs, and an injunction prohibiting Defendants from any exploitation of the Billo Marks without the express authorization and consent of the Plaintiffs, an accounting of and for all revenues received by Defendants in connection with their exploitation of the Billo Marks, and payment to Plaintiffs, and each of them, of their portion of the proceeds.

50. Plaintiff further seeks a declaration that the Billos Marks and their registration(s) are owned, in relevant part per lineage, by Plaintiffs.

51. Plaintiffs seek a declaration that they co-own the Billos Marks and the registrations therefor, are entitled to their portion of the proceeds related to the use of said marks, and damages as otherwise set forth herein.

## THIRD CLAIM FOR RELIEF

*(Accounting and Failure to Account – As to All Defendants)*

52. Plaintiffs hereby repeat and incorporate by reference the allegations contained in paragraphs 1 through 33 of the Complaint as though fully set forth herein.

53. On information and belief it is alleged that joint copyright and trademark owners have a duty to account and pay to their co-owners their portion of any profits realized in connection with the jointly owned copyrights, yet each of the Defendants, and each of them, have failed to account or make payment as required.

54. Plaintiffs allege that as a result of the misconduct alleged hereinabove Subero, BCB, and Quiroz have claimed, received, and hold monies and other property that should be transferred or conveyed to Plaintiffs and each of them.

55. Plaintiffs, as Billo's heirs, are co-owners of the Billo Works and Billo Marks. As co-owners Plaintiffs and Defendants are in a fiduciary and/or quasi-fiduciary relationship on account of Defendants' unilateral exploitation of the jointly owned intellectual property at issue.

56. As recognized by the courts of Venezuela, Plaintiffs and Subero, as co-owners, jointly hold rights in and to the Billo Marks.

57. As co-owners, Plaintiffs are entitled to receive any monies or other property derived from the exploitation of the Billo Works, the Billo Marks, and/or any intellectual property related thereto.

58. Plaintiffs demand that Defendants, and each of them, provide to them an accounting of any such monies realized in connection with the Billos Works, Billos Marks, or related intellectual property.

59. Plaintiffs further demand that Defendants, and each of them, tender and convey to Plaintiffs, and each of them, their share of the monies and property derived from the exploitation of the Billo Works, the Billo Marks, and/or any intellectual property related thereto.

60. Plaintiffs seek an entry of a constructive trust over any monies derived from the exploitation of the Billo Works, the Billo Marks, and/or any intellectual property related thereto, with that trust created for the benefit of, and its assets made transferable to, Plaintiffs, and each of them.

61. Plaintiffs seek payment of their share of any monies realized by any company, individual, or party through or in connection with the exploitation of the Billo Works, the Billo Marks, and/or any intellectual property related thereto.

62. Absent an equitable accounting, Plaintiffs have no adequate remedy at law because, as co-owners, Plaintiffs are unable to sue Subero for infringement. And Defendants

have refused to date to provide Plaintiffs, and each of them, with an accounting or to tender to them their portion of the proceeds from the Billo Works and Billo Marks.

63. Without an equitably accounting, Plaintiffs will continue to be denied the monies to which they are entitled as Billo's heirs.

## FOURTH CLAIM FOR RELIEF

*(Unjust Enrichment – As to All Defendants)*

64. Plaintiffs hereby repeat and incorporate by reference the allegations contained in paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65. Defendants, and each of them, have obtained benefits in the terms of royalties, revenues, and other monies as a result of their exploitation of the Billo Works, the Billo Marks, and each of the foregoing.

66. Defendants, and each of them, have kept all such monies and failed to tender any of same to any of the Plaintiffs, each of which is, as set forth above, at least a co-owner of the Billo Works and Billo Marks and as such entitled to their percentages of these monies.

67. Defendants knew of Plaintiffs' co-ownership yet voluntarily accepted these monies and failed to account for same to Plaintiffs.

68. Defendants' receipt and maintenance of these funds is inequitable and unjust and they must tender an accounting and payment of these funds to Plaintiffs, and each of them.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as follows:

A. For a declaratory judgment pursuant that: (a) Plaintiffs own shares per lineage of the copyright as to all of the musical works authored by Billo, including all United States copyrights in and to both compositions and sound recordings for each musical work, including the so-called "writer's share" of United States public performance monies

collected by performing rights organizations, including BMI and ASCAP; (b) to the extent that Defendants have registered any of the musical works authored by Billo with the United States Copyright Office, that the United States Copyright Office transfer to Plaintiffs their respective pro rata shares of ownership in all such registrations, and that said registrations be amended to reflect Plaintiff's ownership shares by naming Plaintiffs among the copyright claimants for each; (c) Plaintiffs own shares per lineage of the Billo Marks and any other trademarks, denominations, trade names, and brands in connection with the music of Billo, including the Billo Marks; and (e) Defendants shall not exploit or attempt to exploit any such interests described herein without the express authorization of the Plaintiffs and the relevant payment.

B. To the extent that Defendants, or any of them, collect (or have collected) any income or revenue that belongs to Plaintiffs (as described in the preceding paragraph), that is, prior to the filing of this action or during the pendency of this action, for an accounting of such monies, and payment of those monies over to Plaintiffs, at the time of trial or at such time as judgment is entered in this matter.

C. For a preliminary and permanent injunction enjoining and restraining Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, and each of them, from continued denial and disregard of Plaintiffs' ownership interests in and to the Billo Works, to the extent that defendants base said grounds on the legal and factual issues that are adjudicated in this suit;

D. Injunctive relief restraining Defendants, their agents, servants, employees, successors, and assigns, and all others in concert and privity with them, from bringing any lawsuit or threat against Plaintiffs for copyright or trademark infringement in connection with the Billo Works, including but not limited to their publication, distribution, performance, display, licensing, or the ability to host it online or link to it from any website.

E. For a constructive trust to be entered over any monies derived from or in connection with the intellectual property at issue and for conveyance of those trust assets to Plaintiffs.

F. Damages according to proof, including the payment to Plaintiffs of their portions of any revenues realized in connection with the Billo Works, Billo Marks, and/or their intellectual property.

G. Attorneys' fees pursuant to 17 U.S.C. § 101, *et seq*., other portions of the Copyright Act including 17 U.S.C. § 505, as allowed by law.

H. Plaintiffs' costs and disbursements.

I. And other relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial for all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 23, 2025                                   Respectfully submitted,


*/s/ Angela M. Nieves*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile
*Counsel for Plaintiffs*

*-with-*
Scott Alan Burroughs, Esq.
*[to be admitted pro hac vice]*
DONIGER / BURROUGHS
247 Water Street, First Floor

- 15 -

        New York, New York 10038
        (310) 590 – 1820
        *Counsel for Plaintiffs*