## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.: 1:25-cv-22324-WPD

HARVEY JAMES GOMEZ FROMETA, an
individual; FREDDY AMADO GOMEZ
FROMETA, an individual; BELKIS PIERINA
GOMEZ FROMETA, an individual; PIERINA
ZULETA FROMETA, an individual; CAROLINA
ZULETA FROMETA, an individual; LUIS
ALEJANDRO ZULETA FROMETA, an individual;
DINORAH MERCEDES FROMETA SENIOR, an
individual; HAYDEE FROMETA BELLO, an
individual; LUIS VICENTE FROMETA BELLO, an
individual; LUIS MANUEL FROMETA PAREJA,
an individual; BARBARA REGINA FROMETA
GRILLO a.k.a. BARBARA REGINA FROMETA
DE SIGISMONDI, an individual; TRINA
MARGARITA FROMETA GRILLO, an individual;
JOSE ANTONIO FROMETA GRILLO, an
individual; ILEANA ALEJANDRINA FROMETA
GRILLO, an individual; MAGDALENA
FROMETA GRILLO, an individual,

Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual;
BILLO'S CARACAS BOYS LLC, a Florida limited
liability company; TELMO PEREZ QUIROZ, an
individual,

Defendants.

_____/

### DEFENDANT BILLO'S CARACAS BOYS LLC'S MOTION AND MEMORANDUM OF LAW TO DISMISS AMENDED COMPLAINT WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM

Defendant, Billo's Caracas Boys, LLC ("Billo's, LLC"), by and through undersigned

counsel hereby files its Motion to Dismiss Amended Complaint, and in support thereof states:

## PRELIMINARY STATEMENT

Plaintiffs' have filed a complaint that claims to seek declaratory judgment over copyrights and trademarks belonging to a man that died in Venezuela more than 35 years go without alleging in sufficient detail how and in what form those rights transferred to the Plaintiffs.  Plaintiffs do not reference or attach a will, or probate order, US registrations of trademark or copyrights.  They only refer to what appears to be a 2023 preliminary injunction order in a foreign proceeding what does not address copyrights, Billo's LLC, US trademarks, or the relative rights of the heirs.  Plaintiffs' have effectively repackaged a Venezuelan inheritance and family-law dispute as an intellectual property declaratory judgment claims.  Since the basis of the claim is interpretation of a foreign probate order (assuming one exists) which must precede any declaration regarding the rights of the decedent's heirs, this Court lacks subject matter jurisdiction.  Furthermore, Plaintiffs have failed to cure the vague and insufficient allegations in the complaint and therefore fail to state a claim for the various counts.  These counts still fail to inform what rights exist and what rights were infringed and what authority gives Plaintiffs rights to new marks in foreign forums.[1] Plaintiffs still fail to state a claim upon which relief can be granted for any of their counts.

## FACTUAL SHORTCOMMINGS IN THE AMENDED COMPLAINT

1.     On May 21, 2025, Plaintiff filed its Complaint against Billo's., LLC [D.E. 1].

2.     Plaintiff filed a return of service against Billo's LLC on September 15, 2025. [D.E. 13].

---

[1]     Trademarks are territorial and ownership or a registration in one country does not create rights in another country.  *See Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412 (2023) (Lanham Act not extraterritorial).

3.      As a result of the pronounced lack of details relating to the claims asserted and to the intentional vagueness of the Complaint regarding the alleged rights and acts of the parties, on October 8, 2025, Billo's LLC filed a Motion to Dismiss the Complaint.  [D.E. 21].

4.      Plaintiffs waited until the last day to respond and filed an Amended Complaint. [D.E. 24].

5.      This Amended Complaint not only fails to cure the initial Complaint's failure to state a cause of action but raises facts that demonstrate the Court's lack of subject matter jurisdiction.  *Id.*

6.      Plaintiffs lack a copyright registration, so they proceed for a declaratory judgment as a way of circumventing the requirement to allege registration before proceeding with an infringement lawsuit.

7.      Plaintiffs also seem to lack any trademark use or registration in the United States, so they again proceed with a request for declaratory relief based on an improperly cited and unexplained alleged foreign ruling regarding an alleged 30-year-old inheritance in order to circumvent the requirement to allege sufficient trademark rights in this country.

8.      The Amended Complaint pleads four counts: Count 1 - Declaratory Relief and Judgment as to Copyright Ownership; Count 2 - Declaratory Relief and Judgment as to Trademark Ownership; Count 3 - Accounting arising from the above two claims; and Count 4 – Unjust Enrichment.

9.      The only facts alleged in support of Count 1 are:

a      "Upon Billo's passing, all of his ownership interest and rights in the musical works authored by Billo and the trademarks, trade names, denominations, and brands associated with Billo and his music, including without limitation "Billo," "Billo's," and "Billo's Caracas Boys,"

(collectively, the "Billo Marks") transferred to his surviving children and heirs equally." [D.E. 24] ¶20. No will is attached or referenced. No court order in probate assessing rights is attached. No explanation is given as to what these rights were, whether they were shared or whether each child was a full owner, how the rights were perfected, or in which countries.

b   "On information and belief it is alleged that despite the foregoing, Subero, Peraza's son and thus grandchild and heir to Billo, arguably entitling him one quarter of the share of the Billo's estate inherited by Subero's father, Peraza, began unilaterally exploiting the Billo Works and Billo Marks, directly, with Quiroz, and through BCB, holding himself out as the sole and exclusive owner of same, and receiving and holding more than his share of the monies related to the Billo Works and Billo Marks." [D.E. 24] ¶23. This allegation is made "upon information and belief", so it is rank speculation, and does not set forth what works were used, when, or in what manner.

c   "On information and belief it is alleged that despite his knowledge of Plaintiffs' rights as co-heirs, Subero registered in his, BCB's, and his affiliated companies' names numerous of the Billo Marks as trademarks in both Spain and the United States without Plaintiffs' knowledge or consent, falsely asserting sole ownership of those rights and failing to account to Plaintiffs for any revenues received in connection with said exploitation." [D.E. 24] ¶25. This statement is again made on "information and belief" and is rank speculation. Plaintiffs provide no claim of rights to the trademarks in the US or Spain. Same in paragraph 26.

10.   That is, it. No other allegations regarding Plaintiffs' alleged trademark rights appear in the Amended Complaint. No evidence of use in the United States or of registration. No copyright registration numbers or other facts. No details on the inheritance documents from nearly

30 years ago or how they affect rights in this country. Not even any specific examples of alleged misconduct. Based on this, Plaintiffs seek a clarification of rights.

11.     The only facts alleged in support of Count 2 are:

a    The first claim is at [D.E. 24] ¶19 and is referenced above. Again, this claim is upon information and belief and does not set forth the basis for Plaintiffs to claim any rights in the marks in the United States.

b    The second and third claims are at [D.E. 24] ¶25 and 26, both on information and belief. Here the Plaintiffs reference Spain, which is beyond the jurisdiction of this Court and again fail to state any basis of prior right to the mark in the United States or Spain which might have rendered a registration wrongful.

c    In [D.E. 24] ¶27, Plaintiffs claim that they obtained an injunction against use of the trademarks in Venezuela (without providing a proceeding number or a copy of the order) but fail to allege how that is relevant in a U.S. proceeding. In fact, it is the law of this country that evidence of foreign trademark rulings is not admissible in U.S. proceedings in order to establish rights. "[W]hen trade-mark rights within the United States are being litigated in an American court, the decisions of foreign courts concerning the respective trade-mark rights of the parties are **irrelevant and inadmissible**." *E. Remy Martin & Co., S.A. v. Shaw-Ross Intern. Imports, Inc.*, 756 F.2d 1525, 1531–32 (11th Cir. 1985)(emphasis added) quoting *Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633, 639 (2d Cir.), *cert. denied,* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956) (emphasis added).

d    Notably the Plaintiffs seem to be silent about the Venezuelan order making any mention of copyrights.

12.     Count III relies on counts one and two for claiming a right to accounting.

13.     Count IV for unjust enrichment alleges no facts in support but merely states that Billo Works, the Billo Marks were exploited, and Plaintiffs are entitled to vague unspecified "percentages".   No document or order alleging percentages is attached and no allegation of percentages is made.[2]

14.     That is, it.  Those are all the claims regarding trademark rights and ownership upon which Plaintiffs base their request for declaratory relief.   No allegations are made about registrations, use in commerce, or priority in the U.S.

15.     No allegations appear in the Amended Complaint that Plaintiffs have registered any copyrights in the United States or that they have used any trademark in U.S. commerce in the twenty-eight (28) years since Billo's death.

16.     Plaintiffs have purposefully and disingenuously brought their claims as declaratory judgment claims despite the fact that they have not been threatened or otherwise placed in a position in anticipation of coercive action, so that they can avoid the requirement that they show actual enforceable trademark and copyright rights in this country and to circumvent the registration requirement to claim infringement of the alleged copyrights.

17.     There is no will or court order attached to the Amended Complaint.  There is no legal allegation or factual explanation of how the Plaintiffs inherited the rights from Billo or how they have rights to trademarks that did not previously exist in the US.  The sole basis of rights to the alleged and unidentified copyrights and to the alleged and unspecific trademarks is the claim that Billo passed away in 1988 and that "on October 9, 2023, [35 years after Billo's death] the court there held that the Plaintiffs were Subero's co-heirs and equal owners of the Billo Marks and

---

[2]     It is important to note that the Plaintiffs are not all heirs.  Some are the children of heirs. So the inheritance rights, if there were properly alleged at all, require two levels of analysis better considered by the foreign forum.

entered an injunction against Subero and Quiroz, prohibiting them from any use of the Billo Marks." [D.E. 24] ¶27.

18.     So Plaintiffs' claim is not one for copyright or trademarks under the applicable US laws but for interpretation of a foreign court ruling.

19.     Plaintiffs claim that they are Billo's heirs to an undisclosed will transferring to them undescribed rights.  However, clearly, they are not all of the heirs since in paragraph 19 they admit that Luis Rafael Frometa Peraza, Defendant Frometa's father, was an heir.  Since the Amended Complaint does not disclose the nature and territorial scope of the heir's rights, we can't determine whether rights could only be exercised by the heirs collectively or if each was a full owner.  In fact, we can't even be certain they have authority to bring this suit.

20.     Based on these extremely sparce, superficial, and legally inadequate allegations the Plaintiffs claim to be entitled to declaratory relief and to an accounting.

## ARGUMENT

### A.  Lack of Subject Matter Jurisdiction.

The Federal Rules of Civil Procedure require the dismissal of a claim if a court lacks subject matter jurisdiction over it. Fed. R. Civ. P. 12(b)(1) (h)(3). The party bringing the underlying claim bears the burden of establishing federal subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005); *Wallace v. Secretary, U.S. Dept. of Homeland Sec.*, 616 F. App'x 958, 959 (11th Cir. 2015). Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Griffin v. Internal Revenue Serv.,* 730 F. Supp. 3d 1312, 1316 (S.D. Fla. 2024)(q*uoting Lawrence v. Dunb*ar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271,

1279 (11th Cir. 2009). "A plaintiff defending against a facial attack on jurisdiction enjoys safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 n. 8 (11th Cir. 2010) (cleaned up). And the district court "must consider the well-pleaded allegations in the plaintiff's complaint as true." *Id*. (cleaned up) (emphasis in original).

Factual attacks, on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and a court will consider "matters outside the pleadings, such as testimony and affidavits." *Lawrence*, 919 F.2d at 1529 (internal quotation marks omitted). "[A] court's power," however, "to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A*., 104 F.3d 1256, 1261 (11th Cir. 1997). That is, if the merits are implicated, "[t]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id*. (cleaned up).

**B. Plaintiffs' Claims Lack Subject Matter Jurisdiction In This Case.**

A federal court has federal question jurisdiction over a declaratory judgment action only if the plaintiff's well-pleaded complaint alleges facts demonstrating that the defendant could or has filed a coercive action that arises under federal law. *Kaye v. Pers. Injury Funding III, LP*, 733 F. Supp. 2d 1345, 1347 (S.D. Fla. 2010) *citing Household Bank v. JFS Group,* 320 F.3d 1249,1259 (11th Cir.2003). Although the Plaintiffs veil their declaratory claims in the vestments of trademark and copyright rights, they fail to allege any facts upon which the copyrights and trademark rights can be asserted. Their sole claim of rights is based on an order by a foreign court dated October 9, 2023, were the foreign court allegedly "held that the Plaintiffs were Subero's co-heirs and equal owners of the Billo Marks and entered an injunction against Subero and Quiroz, prohibiting them

from any use of the Billo Marks." [D.E. 24] ¶27. Accordingly, in order to determine whether the Plaintiffs have any of the alleged rights claimed this Court must either conduct a probate determination independently or interpret the foreign order and the resulting rights of the parties. Plaintiffs' action and the claims therein is therefore one for interpretation of a foreign ruling.

No general federal question jurisdiction exists solely for foreign judgment recognition absent a treaty or federal statute. *Societe d'Amenagement et de Gestion de lAbri Nautique v. Marine Travelift Inc.*, 324 F.Supp.3d 1004 (2018); *See also Nicor Intern. Corp. v. El Paso Corp.*, 318 F.Supp.2d 1160 (2004). The recognition of judgments of foreign nations is not a right or privilege conferred by the United States Constitution, any federal statute or any international treaty. *Aetna Life Ins. Co. v. Tremblay,* 223 U.S. 185, 190, 32 S.Ct. 309, 56 L.Ed. 398 (1912) (dismissing for want of jurisdiction a case seeking review of a state court's failure to recognize a foreign judgment, stating that "[n]o such right, privilege, or immunity, however, is conferred by the Constitution or by any statute of the United States in respect to the judgments of foreign states or nations, and we are referred to no treaty relative to such a right."). The Full Faith and Credit Clause of Section 1 of Article IV of the United States Constitution does not apply to foreign judgments. U.S. Const. Art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."). Federal courts asked to interpret foreign rulings must exercise jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 and must apply Florida state law to determine whether foreign judgments should be recognized. *Osorio v. Dole Food Co.*, 665 F.Supp.2d 1307 (2009); *Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512 (1994).

In this case, there can be no copyright or trademark rights based on the allegations in the Amended Complaint, which fail to allege the manner of succession of copyrights or trademark

rights in the US, absent an interpretation of the foreign order.  For this Court to consider trademark or copyrights in the Plaintiffs it would need to interpret a foreign probate order which has not been alleged or provided.  However, the court lacks jurisdiction to address the merits of a foreign order absent diversity.  No facts supporting diversity are alleged, nor could they since at least one of the Defendants and most if not all of the Plaintiffs are citizens of Venezuela.  Such interpretation cannot form the basis for declaratory relief or for the accounting and unjust enrichment claims related thereto.  Accordingly, this Court lacks subject matter jurisdiction over these claims.

Since the Court can look beyond the four corners of the complaint in evaluating factual attacks on the Court's subject matter jurisdiction (*See Lawrence*, 919 F.2d at 1529), it is worth noting that the claim regarding the October 9, 2023, order is highly suspect.  Although they did not attach a copy of the order to either the initial complaint or to the Amended Complaint, Plaintiffs did attach an October 9, 2023, order to their reply in support of motion for alternative service. [D.E. 23-5]. The order appears to be a preliminary injunction granted prior to the filing of a legal action.  *Id.*  In its sixth section it specifically states that "(u)pon publication of this ruling, a thirty (30) days period shall commence for the parties to file the corresponding main claim."  *Id. page 4.*  Plaintiff has not provided or alleged any ultimate findings.

The preliminary injunction order does not make any factual or legal findings regarding the rights of the heirs or of the Plaintiffs in this case.  It does identify five (5) Venezuelan trademark registrations in its First paragraph.  These are:

1. "REPRESENTACIONES BILLO'S FROMETA" Trade name engaged in entertaining social, cultural and recreational events, hiring artists, musical recordings, musical group (band). Class NC record number N049694.

2. "BILLO'S" Ensemble and/or musical band, production and assembly, musical equipment renting. Class 41 record number S040022.

3. "LA ORQUESTA MÁS POPULAR DE VENEZUELA" Trade slogan to distinguish brand 2007-2621. Class NC record number L009458.

4. "GRAPHIC REPRESENTATIONS OF THE IMAGE OF LUIS MARÍA FROMETA PEREIRA" Advertising service, billboards, management of commercial business by representation, commercial website, electronic trade name. Class 35 record number S043578.

5. "GRAPHIC REPRESENTATIONS OF THE IMAGE OF LUIS MARÍA FROMETA PEREIRA" Ensemble and/or musical band, production and assembly, musical equipment renting. Class 41 record number S043579.

The foreign order then proceeds to enjoin Mr. Quiroz and Mr. Subero and several Venezuelan companies from using specifically the aforementioned trademarks pending institution of the main legal proceeding. *Id.* NOWHERE does the foreign order mention Billo's LLC, the right of the parties to copyrights, the rights of the parties to foreign trademarks or, more specifically, to any trademark not enumerated in the foreign order. Not only does the Court lack subject matter jurisdiction but, to the extent that Plaintiffs relied on this foreign preliminary injunction order in support of their claim, the Court should question the candor of the pleadings.[3]

Plaintiffs have failed to allege subject matter jurisdiction. The Amended Complaint and all of its claims should be dismissed.

**C. Pleading Standards To Survive A Motion To Dismiss For Failure To State A Claim.**

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is ... and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

---

[3]     Certainly, to the extent that the rights of the parties to copyrights and trademarks is still being tried before a foreign court, comity dictates that the foreign tribunal should be allowed to finish its work under principals of international comity and *forum non conveniens*. *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1238 (11th Cir. 2004).

662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss."

*Id*. at 1950.  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take

"the factual allegations in the complaint as true and construe them in the light most favorable to

the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009 "[A] plaintiff's obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Moreover, while a court will liberally construe the complaint in question, it is not the court's duty

to re-write the complaint for the plaintiff.  *See e.g., Noon v. Carnival Corp*., Case No. 18-23181-

Civ-WILLIAMS/TORRES, 22019 U.S. Dist. LEXIS 17519, *6 (S.D. Fla. Feb. 1, 2019).

## D.   Plaintiffs Fail To Demonstrate A Case And Controversy Sufficient To Justify Declaratory Relief.

Plaintiffs' Amended Complaint remains as facially defective and lacking in sufficient detail

and allegation as their initial complaint.  As noted in the first motion, the essential elements for a

declaratory judgment action require establishing an "actual controversy" between the parties,

which satisfies Article III's cases and controversies requirement *Blitz Telecom Consulting, LLC v.*

*Peerless Network, Inc*., 151 F.Supp.3d 1294 (2015); *Laboss Transportation Services, Inc. v.*

*Global Liberty Insurance Company of New York*, 208 F.Supp.3d 1268 (S.D. Fla. 2016). Under 28

USCA § 2201(a), federal courts may declare the rights and legal relations of interested parties

only when there is an actual controversy within the court's jurisdiction 28 USCA § 2201. To

establish this actual controversy, the party seeking declaratory relief must demonstrate: (1) they

have suffered actual or threatened injury from the defendant's conduct; (2) the injury can be traced

to the challenged action; and (3) the injury is likely to be redressed by a favorable decision. *Zurich American Insurance Company v. Southern–Owners Insurance Company*, 248 F.Supp.3d 1268, 1280 (M.D. Fla. 2017). Additionally, some courts require that the plaintiff prove: (1) a present bona fide need for declaration; (2) doubt as to their rights; (3) all necessary parties are before the court; and (4) they seek resolution of a present controversy rather than mere legal advice. *In re Pro Greens, Inc.*, v. Bussey, *et al*., 305 B.R. 356, 360 (M.D. Fla. 2003). The controversy must be substantial, between parties with adverse legal interests, and of sufficient immediacy and reality to warrant declaratory relief. *TransCardiac Therapeutics, Inc. v. Yoganathan*, 85 F.Supp.3d 1351, 1354 (N.D. Ga. 2014) (quoting *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007). Once these threshold requirements are met, district courts have significant discretion in deciding whether to entertain the declaratory judgment action. *Security National Insurance Company v. Hendrik Uiterwyk, P.A*., 725 F.Supp.3d 1308, 1316 (M.D. Fla. 2024).

"[T]he Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861–62 (11th Cir. 2008). Rather, it "allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003) (alteration in original) (citing *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987)). Courts, "do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question." *Stuart Weitzman*, 542 F.3d at 862 (quoting *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992)). Instead, they "must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law." *Id.*

In their count for copyright declaratory relief, (Count I), Plaintiffs fail to allege that Defendant Billos, LLC claims to own the copyrights, that it has threatened to sue them for copyright use, or that they have any rights to assert the copyright in the United States. The alleged claim in controversy is in paragraph 29 which states that "Plaintiffs allege that an actual controversy has arisen by Subero's violations of the orders of the courts of Venezuela and his ongoing exploitation of the Billo Works and claims to exclusive ownership of same."[4] But this is not enough. The law is clear in this circuit that comity alone does not create federal question jurisdiction. *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co.*, 607 F.3d 1268 (11th Cir. 2010), and recognition of foreign judgments is not a right conferred by the Constitution, federal statute, or treaty and does not create federal jurisdiction. *Nicor Int'l Corp. v. El Paso Corp.,* 318 F.Supp.2d 1160, 1172 (S.D. Fla. 2004). Accordingly, Plaintiffs' reliance on this undisclosed foreign order is insufficient to create a case in controversy for purposes of federal jurisdiction.

In addition, the counts as pled fail to satisfy the most minimum pleading standards under *Twombly* or *Iqbal*. Nowhere in Count I is there an allegation that the Venezuelan ruling refers to rights in the U.S. or orders conduct in the U.S. In Paragraph 30, the Plaintiffs say that Defendants are "joint and equal owners of all rights in and to the Billo Works." However, they don't include one of the heirs as a plaintiff in the suit. "For purposes of a Rule 12(b)(6) motion to dismiss, we do not have to take as true allegations based merely 'upon information and belief.'" *Smith v. City of Sumiton*, 578 Fed. Appx. 933, 936 (11th Cir. 2014) quoting *Mann v. Palmer,* 713 F.3d 1306,

---

[4]     This seems to contradict the general allegations which only state, in paragraph 23 of the general allegations, that "the court there held that the Plaintiffs were the sole and equal owners of the Billo Marks", not the copyright. Here Plaintiffs suggest multiple orders, none of which they attach to the Complaint or to the Amended Complaint.

1315 (11th Cir.2013) (citing *Twombly,* 550 U.S. at 551, 557 (1966). This is insufficient to allege a case in controversy with any level of certainty.

Plaintiffs' Count II for trademark declaratory relief fails for the same reason since it relies on the undisclosed foreign judgment for a case in controversy. In addition, Plaintiffs fail to allege they have used the trademark in U.S. commerce, or for that matter anywhere in the world, in the 28 years since Billos' death, that they have registered any trademarks in the U.S., or that they have any other basis for asserting trademark rights in the U.S. Furthermore, they do not allege that they have tried to use or register the mark and have been threatened in any way by Defendant. This is insufficient to allege a case in controversy with any level of certainty.

The declaratory judgment counts should be dismissed with prejudice.

**E.** **Plaintiffs Fail To State A Case For Declaration That They Own Copyrights Which They Can Assert And For Which They Are Entitled To Relief In The United States.**

Defendant does not claim any rights to the Billos copyrighted works, Defendant has made no use of the Billos copyrighted works. Defendant does not intend to threaten or otherwise take action against the heirs for Billos works. There is no allegation in the Amended Complaint, not even on information and belief, that contradicts these facts. The lack of detail regarding the alleged copyright infringement is astounding even under the old standards of notice pleading and completely defective in the post *Twombly* and *Iqbal* era.

Defendant does not know who the alleged Venezuelan court orders granted rights to since the orders are not attached but there is no matter in dispute. Furthermore, Plaintiffs' claim that they are joint and equal owners is insufficient to inform the Defendant on how to respond. Are the heirs all individual equal owners, each with the right to exercise full rights over the work or are they joint owners who cannot act without unanimous consent? If the former, then the missing heir could use the works, and if the latter, then his absence from the suit is a defect. Moreover,

since the undisclosed orders at issue are from a Venezuelan court, what is the Venezuelan law that applies?  Finally, Plaintiffs fail to allege which <u>works</u> were used, when they were used, by whom, and how.  This is wholly inadequate and renders Defendant in a position where it cannot formulate a response to the count.

When a plaintiff is challenging the unauthorized public performance of a copyrighted musical composition, the plaintiff must show:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant had not receive permission from any of the plaintiffs or their representatives for such performance.

*Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1257–58 (11th Cir. 2014) citing *E Beats Music v. Andrews,* 433 F.Supp.2d 1322, 1325 (M.D.Ga.2006).   Plaintiffs' claims fail to meet this standard.

The reality is that Plaintiffs are trying to state a claim for copyright infringement in unregistered copyrights for which they have failed to sufficiently specify their allegation of rights or their allegation of infringement.  This Count should be dismissed in its entirety.

### F. <u>Plaintiffs Fail To Demonstrate Any Trademark Rights In The United States That Would Entitle Them To Declaratory Relief.</u>

In the United States, trademark rights are created through actual use of a mark in commerce, not through mere registration. *In re Wrubleski*, 380 B.R. 635, 638 (S.D. Fla. 2008), *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 293 F.Supp.3d 1334, 1367 (M.D. Fla. 2017). The fundamental principle is that the party who first uses a mark in commerce has priority over later users.  *E.g.*, *Vital Pharmaceuticals, Inc. v. Monster Energy Co*., 472 F. Supp. 3d 1237, 1261 (S.D. Fla. 2020)(citing *FN Herstal SA, v. Clyde Armory, Inc*., 838 F.3d 1071, 1080-81 (11th

Cir. 2016) Common law trademark rights are appropriated only through actual prior use in commerce, and actual and continuous use is essential to assume and preserve interest in a mark. *In re Wrubleski*, 380 B.R. at *639; Tally-Ho, Inc. v. Coast Community College Dist.*, 889 F.2d 1018, 1022-23 (11th Cir. 1989). Neither conception of a mark "nor advertising alone establishes trademark rights"; rather, common law ownership accrues when goods bearing the mark are placed on the market. *Spiral Direct, Inc.,* at 1367 (quoting *Blue Bell, Inc. v. Farah Mfg. Co., Inc*., 508 F.2d. 1260 1265 (5th Cir. 1975) ; *see also Knights Armament Co. v. Optical Systems Technology, Inc.*, 654 F.3d 1179,1188 (11th Cir. 2011)("Trademark or service mark protection is 'only available to distinctive marks, that is, marks that serve the purpose of identifying the source of the goods or services.'")(citing *Welding Servs., Inc. v. Forman*, 509 F.3d. 1351, 1357(11th Cir. 2009). For common law trademark rights, a plaintiff must show prior use of the unregistered mark in the area and that it acquired a protectable interest because the mark is either inherently distinctive or has acquired secondary meaning. *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 703 F.Supp.2d 1307, 1312 (S.D. Fla. 2010).

The Supreme Court's decision in *Abitron Austria GmbH v. Hetronic International, Inc.* fundamentally clarified the territorial scope of U.S. trademark law. 600 U.S. 412 (2023).  The Court held that Lanham Act sections 1114(1)(a) and 1125(a)(1) do not apply extraterritorially, establishing that use in commerce provides the dividing line between foreign and domestic applications of these Lanham Act provisions. *Id.* at 417, 423. This means foreign trademark holders must establish actual use in U.S. commerce to invoke federal trademark protections to claim trademark rights in this country.  In fact, the Lanham Act mandates that "registration of a foreign trademark in the United States "shall be independent of the registration in the country of origin"

and that the rights of that mark in the United States are governed by domestic law, §1126(f )." *Id.,* at 427.

Plaintiffs' sole claim of rights to the alleged trademarks is that they inherited them 28 years ago upon the death of Billos. Nowhere in the Amended Complaint do they claim that they have registered the trademarks in the United States (or anywhere for that matter), that they have used the trademarks in commerce, that they have acquired distinctiveness through more than five years of continuous or substantial use, or that they have any other trademark related rights in the U.S. Even if Billos had made some unregistered use of the mark in the U.S. before his death in 1998, after 5 years of non-use, such rights are deemed abandoned certainly after 28 years. There are no allegations in the Amended Complaint that provide any basis for this Court to find trademark rights in the U.S. or to justify ruling on trademark rights in Venezuela. *See Abitron, supra.* This Count fails to state a claim and should be dismissed in its entirety.

**G. Plaintiffs Fail To State A Cause Of Action Or Factual Basis For An Accounting.**

To obtain an accounting under Florida law, a party must show either (1) a sufficiently complicated transaction and an inadequate remedy at law or (2) the existence of a fiduciary relationship. *Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1311 (11th Cir. 2014); *see also Staup v. Wachovia Bank, N.A.*, No. 08-60359-Civ, 2008 WL 2598005, at *4 (S.D. Fla. June 27, 2008) (Cohn, J) (citing *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1540 (11th Cir. 1990)). Since the parties in this case are clearly not fiduciaries, Plaintiffs' only avenue is to claim a complex case. However, a plaintiff "who depends upon complexity to confer jurisdiction upon a court of equity, must allege ... facts which show, not only a lengthy account, but one which is so difficult and complicated as to be beyond the ken of jury trial." *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 694 F. Supp. 2d 1275, 1281 (S.D. Fla. 2010) (Seitz, J.) (quoting *Huebener v. Chinn*, 207 P.2d 1136, 1148 (Or. 1949)). Moreover, "[w]here a party [has] the opportunity to

establish their damage claim through discovery, a request for accounting is not appropriate." *Directional Advert. Sols., Inc. v. Jal Equity Corp*, No. 24-60450-CIV, 2025 WL 857627, at *11 (S.D. Fla. Feb. 11, 2025) quoting *Managed Care Solutions*, 694 F. Supp. 2d at 1281 (second alteration in original) (quoting *Centrix HR, LLC v. On-Site Staff Mgmt., Inc.*, No. CIV. A. 04-5660, 2008 WL 2265266 (E.D. Pa. June 3, 2008)).

However, in this case Plaintiffs are trying to circumvent the registration requirement needed to state a claim for copyright infringement.  As a result, they do not bring a claim for infringement damages but one for declaratory relief.  There is no contract between the parties, no account outstanding between the parties, and no business relationship between the parties upon which a liquidated claim can be asserted.  As such, they are not entitled to seek damages. "A court may decide whether [Plaintiff] is eligible for supplemental monetary relief only *after* issuing a declaratory judgment in his favor." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1358 (11th Cir. 2021) citing *See McAllister v. Breakers Seville Ass'n, Inc.*, 41 So. 3d 405, 408 (Fla. 4th DCA 2010) ("Once a declaratory judgment is rendered in a party's favor, the court then considers any motions for supplemental relief." (emphasis omitted)); *see also RWC Group, LLC v. CAA Industries, Ltd*, No. 21-60878-CIV-COHN/STRAUSS, 2022 WL 1664100, at *2 (S.D. Fla. Jan. 20. 2022)(explaining how accounting is a remedy and not claim for relief); *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009))("[A]ccounting is a remedy attached to a separate independent cause of action."). Indeed, an accounting "may be ordered only upon a finding of liability on a separate claim." *RWC Group, LLC*, 2022 WL 1664100, at *2(citing *Blitz Telecom Consulting LLC v. Peerless Network, Inc*., 151 F. Supp. 3d 1294, 1307 (M.D. Fla. 2015).

There is therefore no basis for an accounting where damages are not at issue.  Moreover, even if they were and Plaintiffs were to properly bring an infringement lawsuit, they would have

adequate relief through discovery to obtain the required information.  Here, Plaintiffs do not state a valid claim for accounting.  The claim should be dismissed, with prejudice, in its entirety.

### H. **Plaintiffs Fail To State A Cause Of Action Or Factual Basis For An Unjust Enrichment.**

Plaintiff's claim for unjust enrichment "is not within the 'special and small category' of state law claims which arise under federal law within the meaning of 28 U.S.C. § 1331. *Newton v. Duke Energy Florida, LLC*, 895 F.3d 1270, 1273 (11th Cir. 2018) (dismissing unjust enrichment claim) *quoting Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S.Ct. 2121, 2136, 165 L.Ed.2d 131 (2006).  To the extent that Plaintiffs would be able to state such a claim would be as part of other federal claims over which the Court has jurisdiction.  As noted above, Plaintiffs have failed to allege subject matter jurisdiction for Counts 1 and 2.  Plaintiff's only basis of rights is a Venezuelan preliminary injunction order that makes no mention of copyrights or of US trademarks.  Count IV should be dismissed in its entirety.

### CONCLUSION

Plaintiffs' Amended Complaint is not a federal intellectual-property controversy. It is a Venezuelan inheritance and family-law dispute repackaged as a declaratory judgment claim. The Plaintiffs seek to have this Court determine rights to trademarks and copyrights based on the unclear and uncertain existence of foreign orders.  Some of these intellectual property assets (the trademarks) came into existence many years after Billo's death.  This Court lacks diversity and federal question jurisdiction to interpret these foreign orders, even if the Plaintiffs were to present them.  Moreover, as pled, the pleading is woefully inadequate and fails to inform Defendant and the Court as to the rights and violations that are being asserted.  This action is nothing but a glorified, unsupported, international fishing expedition that abuses the American judicial process and this Court's time.

**WHEREFORE**, Defendant, BILLO'S CARACAS BOYS LLC, respectfully requests that this Court dismiss the Amended Complaint including Counts 1, 2, 3, and 4, in their entirety, with prejudice, for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim, and for such other further relief as this court deems just and proper.

Dated: This 30th day of October, 2025.

Respectfully submitted,

*/s/ Jorge Espinosa*
Jorge Espinosa
Florida Bar No. 779032
Jorge.espinosa@gray-robinson.com
Francesca Russo
Florida Bar No. 174912
Francesca.russo@gray-robinson.com
**GRAYROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, Florida 33131
Tel: 305.416.6880
Fax: 305.416.6887

*Attorneys for Defendant,*
*Billo's Caracas Boys, LLC*