**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-22324-WPD**

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,

      Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual,

      Defendants.

_____/

## JOINT SCHEDULING REPORT

Plaintiffs, Harvey James Gomez Frometa, Freddy Amado Gomez Frometa, Belkis Pierina Gomez Frometa, Pierina Zuleta Frometa, Carolina Zuleta Frometa, Luis Alejandro Zuleta Frometa, Dinorah Mercedes Frometa Senior, Haydee Frometa Bello, Luis Vicente Frometa Bello, Luis Manuel Frometa Pareja, Barbara Regina Frometa Grillo A.K.A. Barbara Regina Frometa De Sigismondi, Trina Margarita Frometa Grillo, Jose Antonio Frometa Grillo, Ileana Alejandrina Frometa Grillo, and Magdalena Frometa Grillo, and Defendant, Billo's Caracas Boys, LLC ("Billo's"), by and through undersigned counsel hereby file their Joint Scheduling Report Pursuant to Local Rule 16.1 and Federal Rules of Civil Procedure 26(f), and state:

## RULE 16.1(b) SCHEDULING REPORT

The information required under the eleven subsections (A) through (L) of Local Rule 16.1(b)(2) is discussed below.

**(A) Discussion of the likelihood of settlement:**

The Parties plan to engage in preliminary settlement discussions and will continue to work to resolve this dispute. If a settlement is reached, the Parties will promptly notify the Court.

**(B) Discussion of the likelihood of appearance in the action of additional parties:**

Because discovery has yet to commence, the Parties cannot yet determine the likelihood of the appearance of additional parties.

**(C) Discussion of proposed limits on the time:**

**Discovery Plan:** The parties propose the following pretrial discovery schedule, which is based on the standard case management track pursuant to S.D. Fla. L.R. 16.1(a)(2)(C):

| Date | Event |
|---|---|
| 10/31/2025 | Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) |

| Date | Event |
|---|---|
| 11/17/2025 | Deadline to select a mediator |
| 12/29/2025 | Deadline to Add Parties or to Amend Pleadings |
| 3/13/2026 | Deadline to submit expert reports |
| 3/30/2026 | Fact discovery to be completed |
| 4/3/2026 | Deadline to submit rebuttal expert reports |
| 4/24/2026 | Expert discovery to be completed |
| 4/24/2026 | All discovery to be completed |
| 4/27/2026 | Deadline to conduct mediation. |
| 5/4/2026 | Deadline to File Dispositive Motions |
| 5/15/2026 | Deadline to Complete Mediation |
| 7/25/2026 | Post-Dispositive Motion Pretrial Conference |
| 8/3/2026 | Deadline for Pretrial Motions and Memoranda of Law |
| 8/10/2026 | Deadline for Joint Final Pretrial Stipulation |
| 8/10/2026 | Pretrial Conference |
| 8/17/2026 | Deadline for Proposed Jury Instructions and/or Proposed Findings of Fact and Conclusions of Law |
| 8/17/2026 | Deadline to file deposition designations |
| 8/24/2026 | Trial Term Begins |

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

  The Parties agree to make good faith efforts to formulate and simplify the issues as the case progresses and such issues become apparent.

**(E) The necessity or desirability of amendments to the pleadings:**

At this time, Plaintiffs have amended their complaint. Defendant is currently investigating further dismissal and asserting counterclaims against Plaintiff. If the Parties determine that they may need to amend their pleadings based on discovery, they will do so in accordance with the schedule established herein or with the Court's permission. The Parties reserve their right to oppose any such motion to amend the pleadings.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

**Plaintiff's position:**

Plaintiffs believe it is likely that the parties will be able to obtain admissions of fact and documents which will establish basic underlying facts and avoid the need for cumulative proof as all parties claimed rights in the works and marks at issue stem from the same relative and there should be no need for both parties to prove his status as the original author and owner of the intellectual property at issue.

**Defendant's position:**

Defendant believes that legally and factually inconsistent filings in foreign jurisdictions will help to generate admissions of facts undermining many if not all the claims in the amended complaint and will avoid the need for cumulative proof. Furthermore, Defendant does not believe that the relative referenced in the amended complaint had any rights in the United States to pass to his heirs as of the time of inheritance or that the inheritance documents in Venezuela can prevent the independent creation of such rights in non-Venezuelan jurisdictions in general, much less against parties that were not direct heirs to the will.

**Joint statement:**

Plaintiffs and Defendant agree that admissions/stipulations regarding underlying facts and the authenticity of certain documents is possible and desirable.  Plaintiffs and Defendant agree to cooperate in good faith to identify the facts and documents regarding which there is no dispute and prepare appropriate stipulations.  The parties expect to reach an agreement regarding how to conduct electronic discovery, to the extent such electronic discovery is necessary.

**(G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

Plaintiffs and Defendant will work toward avoiding unnecessary proof and obtaining stipulations regarding uncontested facts and authenticity of documents in advance of trial and further discuss the need for advance rulings regarding admissibility of evidence prior to trial. Plaintiffs and Defendant will continue to work in good faith to narrow the issues for trial.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The Parties agree that **discovery** disputes may be referred to the Magistrate Judge in the Court's discretion. The parties do not agree, at this time, that any other matters, including dispositive motions, should be referred to the Magistrate Judge.  There do not appear to be any unique issues in this case, at this time, which would require a special master or Magistrate Judge.

**(I) A preliminary estimate of the time required for trial:**

At this preliminary stage in the litigation, Plaintiffs and Defendant anticipate that the trial of this matter, including all claims and counterclaims, will take **four (4) days**.

**(J) Requested date or dates for conferences before trial, a final conference, and trial:**

The Parties request a final pretrial conference and a trial during the two-week trial period as shown on section (C) above, subject to the convenience of the Court.  The Parties' Joint Proposed Scheduling Order contains blanks for entry of dates certain by the Court, as per the Local Rules.

**(K) Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include in their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website ([www.flsd.uscourt.gov](www.flsd.uscourt.gov)) matters enumerated on the ESI Checklist.**

The Parties intend to work with each other and with any third parties to judiciously and efficiently resolve any objections that may arise without the need for a stay of discovery. The Parties are separately negotiating a protocol and order governing ESI discovery in the case. During discovery, the Parties agree that production of all available, reasonably obtainable intact metadata should be required. At this time, the Parties are not aware of any issues related to any of the items enumerated on the Court's ESI Checklist. The Parties will present their agreement and proposed order under Fed. R. Evid. 502. The Parties further agree that all documents dating on or after the filing of the complaint that are (i) communications between the Parties and their counsel or protected by the attorney work product doctrine and (ii) which relate to claims at issue in this case, need not be logged for privilege as provided in the Local Rules.

The Parties agree to comply with the claw-back provision set forth in Federal Rules of Civil Procedure, Rule 26(b)(5)(B). Inadvertent disclosure of privileged information shall not constitute a waiver of privilege.

The Parties intend to seek a Protective Order regarding confidential materials, and as part of that order or a separate order, to seek the protections from waiver that are afforded by Federal Rule of Evidence 502(d) and (e).

The Parties agree that discovery should be conducted as set forth in the Federal Rules of Civil Procedure and the Local Rules.

The Parties, in accordance with Local Rule 26.1(e)(2)(C) of the Southern District of Florida, will not log written and oral communications between a party and its counsel after commencement of the action or work product material created after commencement of the action. The Parties anticipate that there may be disagreements about privilege assertions and will work in good faith to resolve any such disagreements before raising them with the Court. The Parties agree to return to the producing party or destroy any materials claimed to be privileged or work product, without waiving their right to move to compel the materials, as soon as it is discovered that they were produced, without any need to show that the production was inadvertent.

**(L) Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

At present time, there remains outstanding a request for alternate service for the two individual Defendants. Other than the foregoing, the Parties are not aware of any other information that might be helpful to the Court in setting the case for status or pretrial conference.

## DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)

**A.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties will exchange initial disclosures no later than the date identified on the chart above.

**B.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

Fact discovery shall be completed by the date identified on the chart above.

**C.    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties will work to resolve any issues they have related to the disclosure, discovery, or preservation of electronically stored information.  The Parties agree to produce electronically

stored information in the form it is ordinarily maintained, or in a reasonably usable form, which may include native format with all available intact metadata when available.

**D.   Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties are consulting on and will file a motion for entry of a confidentiality and protective order, including a stipulation and proposed order under Rule 502(d) and (e).

**E.   What changes should be made in the limitations of discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties plan to conduct discovery as permitted by the applicable rules and do not foresee a need for changes or limitations thereto at this time.

**F.   Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties have no suggestions for other orders at this time.

Dated:  October 30, 2025                           Respectfully submitted,

*/s/ Angela M. Nieves*                             *s/ Jorge Espinosa*
ANGELA M. NIEVES                                   Jorge Espinosa
Florida Bar No.: 1032760                           Florida Bar No. 779032
angela.nieves@sriplaw.com                          Jorge.espinosa@gray-robinson.com
JOEL B. ROTHMAN                                    Francesca Russo
Florida Bar No.: 98220                             Florida Bar No. 174912
joel.rothman@sriplaw.com                           Francesca.russo@gray-robinson.com

**SRIPLAW, PA**                                    **GRAY|ROBINSON, P.A.**
21301 Powerline Road,                              333 S.E. 2nd Ave., Suite 3200
Suite 100                                          Miami, FL 33131
Boca Raton, FL 33433                               Tel: 305.416.6880
561.404.4350 – Telephone                           Fax: 305-416-6887
561.404.4353 – Facsimile

                                                   *Attorneys for Defendant Billo's Caracas Boys, LLC.*
and

Scott Alan Burroughs, Esc.
*Pro Hac Vice*
**DONIGER / BURROUGHS**

247 Water Street, First Floor
New York, NY 10038
310.590.1820 – Telephone
scott@donigerlawfirm.com

*Attorneys for Plaintiffs*