UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-22324-CIV-DIMITROULEAS/D'ANGELO

HARVEY JAMES
GOMEZ FROMETA, et al.,

    Plaintiffs,

vs.

ADRIAN FROMETA
SUBERO, et al.,

    Defendants.
_____/

### ORDER GRANTING IN-PART AND DENYING IN-PART PLAINTIFFS' MOTION FOR ALTERNATE SERVICE OF PROCESS

THIS CAUSE is before the Court upon Plaintiffs' Motion for Service of Process by E-Mail, Counsel for His Company, Physical Mail, Social Media, and/or SMS Message filed on October 3, 2025 (DE 16).  Defendant BCB filed a response to the Motion on October 10, 2025 (DE 22).  Plaintiffs filed a reply on October 17, 2025 (DE 23).  Having considered the Parties' arguments, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons discussed below, Plaintiffs' Motion (DE 16) is **GRANTED IN-PART and DENIED IN-PART WITHOUT PREJUDICE**.

I.     BACKGROUND AND PROCEDURAL POSTURE

On May 21, 2025, Plaintiffs filed their Complaint against Defendants Adrian Frometa Subero, Billo's Caracas Boys LLC ("BCB"), and Telmo Perez Quiroz (DE 1).  On September 4, 2025, Plaintiffs served Defendant BCB (DE 13).  On October 3, 2025, Plaintiffs filed the instant Motion, requesting alternate service of process on the two individual Defendants who have not been served, Defendant Subero and Defendant Quiroz (DE 16).  Specifically, Plaintiffs request

leave to serve Defendant Subero and Defendant Quiroz through Jorge Espinosa, Esq., who is counsel for BCB (*id*. at 2).  In the alternative or in addition, Plaintiffs request to serve Defendant Subero though email and/or physical mail and to serve Defendant Quiroz through his social media account and/or by SMS to the phone numbers they obtained for him (*id*.).  In support of their Motion, Plaintiffs submitted a Declaration from Angela Nieves, co-counsel for Plaintiffs, with supporting documents, detailing the efforts Plaintiffs have made to perfect service on Defendants Subero and Quiroz (DE 16-1).

### A. Plaintiffs' Efforts to Serve Defendant Subero.

Defendant Subero is the registered agent, CEO, and sole proprietor of BCB (DE 16 at 6).  Public records show Defendant Subero owns property in Hollywood, Florida (*id.*; DE 16-1 ¶¶ 4, 12).  Plaintiffs attempted service on Defendant Subero at his address in Hollywood at least twelve times over nine different days without success (DE 16 at 6; DE 16-1 ¶¶ 3-4, 12-14).[1]  The Return of Non-Service details that, on June 13, 2025, the service processor rang the doorbell and spoke to Defendant Subero's wife, who told the service processor to come back after 6:30 p.m. (DE 16-2).  When service was re-attempted later that night, there was no answer at the door and a Black Honda with the vanity plate "BILLOS" was no longer there (*id*.).  The Black Honda was spotted again on June 25, 2025 when the service processor left a delivery notice at the front door (*id*.).

Plaintiffs then obtained a possible alternative address for Defendant Subero in Miami, Florida and attempted to serve him there on at least five occasions to no avail (DE 16 at 7; DE 16-

---

[1] Service of process was attempted multiple times on Defendant Subero at his address in Hollywood on June 13, 2025, June 14, 2025, June 25, 2025, August 25, 2025, August 27, 2025, August 29, 2025, September 16, 2025, September 19, 2025, and September 22, 2025 (DE 16-2; DE 16-4).

1 ¶¶ 6-7).[2]  Plaintiffs attempted to serve the address in Hollywood on six subsequent times over five days and were unsuccessful (DE 16 at 7; DE 16-1 ¶ 14).  Plaintiffs engaged a third-party to conduct surveillance on the Hollywood address on September 16, 17, and 28, 2025 (DE 16 at 8; DE 16-1 ¶ 13).  They conducted more searches to confirm that the Hollywood address was Defendant Subero's last known address and attempted service again on two separate occasions (DE 16 at 8; DE 16-1 ¶ 12).  Despite utilizing multiple process server companies, performing surveillance, executing a skip trace, and attempting service numerous times, Plaintiffs have been unable to serve Defendant Subero.  Plaintiffs seek to serve Defendant Subero through mail at his physical address, at the e-mail address listed for him on the BCB official website, at the e-mail address for Mr. Espinosa, the attorney for BCB, and/or the e-mail address associated with BCB's registered trademarks (DE 16 at 9).  Plaintiffs also request to serve Defendant Subero through Florida's substitute service statute (*id.* at 14).

### B. Plaintiffs' Efforts to Serve Defendant Quiroz.

Defendant Quiroz is the transactional attorney for BCB and is believed to reside in Venezuela (*id*. at 16; DE 16-1 ¶¶ 18-19).  Plaintiffs conducted judicial and public record searches, other online searches, and contacted the Instituto de Previsión Social del Abogado ("Inpreabogado"), the institution that maintains attorney registration in Venezuela, to obtain Defendant Quiroz's contact information (DE 16-1 ¶ 20).  The Inpreabogado produced two phone numbers and no address (DE 16 at 16; DE 16-1 ¶ 21).  Plaintiffs were also able to find seemingly active social media accounts for Defendant Quiroz, including an Instagram account that was used as recently as September 11, 2025 and a TikTok account (DE 16-1 ¶¶ 22-24).  Plaintiffs seek to

---

[2] Service of process was attempted at the alternative address in Miami on July 8, 2025, July 12, 2025, July 17, 2025, July 21, 2025, and July 30, 2025 (DE 16-3).

serve Defendant Quiroz by e-mail to Mr. Espinosa, direct message to Defendant Quiroz's Instagram account, and/or SMS Message to the phone numbers listed for him on Inpreabogado (DE 16 at 14).

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(e)(1) provides that an individual defendant located in the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). There is no dispute that the Court should look to Florida law. Nevertheless, district courts have discretion to issue an order allowing service by alternative means. *See Glob. Imaging Specialists, LLC v. SHPS, PLLC*, No. 23-CV-81563-KAM, 2024 WL 889204, at *1 (S.D. Fla. Jan. 31, 2024). In addition, substitute service can be used to serve a defendant who conceals his whereabouts in an attempt to evade service of process. *Vega v. PBS Constr. LLC*, No. 6:23-CV-940-PGB-EJK, 2023 WL 6809633, at *2 (M.D. Fla. Oct. 16, 2023).

Federal Rule of Civil Procedure 4(f) provides a foreign party may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1). Even though compliance with the Hague Convention is mandatory where it applies, "the Court is permitted to order alternate means of service as long as the signatory nation has not expressly objected to those means." *Osio v. Moros*, No. 1:21-CV-20706, 2022 WL 17583631, at *2 (S.D. Fla. Sept. 26, 2022). Courts are generally "reluctant to use their discretion to authorize alternate service when Hague Convention service is available." *Id.* (citing *Int'l Designs Corp., LLC v. Qingdao SeaForest Hair Prods. Co., Ltd.*, No. 17-CIV-60431, 2018 WL 2364297, at *2 (S.D. Fla. Jan. 4, 2018)).

## III. DISCUSSION

### A. Substitute Service Under Florida Law for Defendant Subero.

Plaintiffs argue that they should be permitted to serve Defendant Subero by mail, e-mail, through Florida's substitute service statute, and through BCB's counsel, because Defendant Subero is seemingly evading their attempts to serve him personally. Plaintiffs state that they have unsuccessfully attempted to serve Defendant Subero at every available address a total of seventeen times on fourteen days at different times and days of the week (DE 16 at 8). Plaintiffs detail their efforts in attempting service to show that the threshold of due diligence required to invoke Florida's substitute service statute has been met (*id*). Defendant BCB primarily argues that the Court should not allow Plaintiffs to serve Defendant Subero through BCB's counsel, because BCB's counsel is not Defendant Subero's attorney of record (DE 22 at 3). Defendant BCB asserts that there is no legal basis to require BCB's counsel to accept service for an individual he does not represent (*id.*).

Florida law provides for substitute service when a party can demonstrate that an individual defendant to be served is concealing his or her whereabouts. Florida Statute § 48.181(4) states, "Any individual . . . that conceals [his] whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process may be served, in any action . . . arising out of any transaction . . . connected with or incidental to any business . . . carried on in this state by such individual . . . ." FLA. STAT. § 48.181(4) (2025).³ Section 48.181(7) further states, "Service pursuant to this

---

³ In their Motion, Plaintiffs cite cases that allowed alternative service under Florida Statute § 48.102, but that statute only applies to business entities, not individuals. *See CB Member LLC v. Hutchison*, No. 25-22629-CIV, 2025 WL 2829734, at *3 (S.D. Fla. June 24, 2025) ("[T]he text of section 48.102 . . . does not appear to apply to an *individual* defendant[.]"); *Meza v. JC & Son's Constr. LLC*, No. 6:23-CV-242-WWB-LHP, 2023 WL 4904724, at *1 (M.D. Fla. Aug. 1, 2023) (holding that Florida Statute § 48.102 does not authorize alternative service of process on a defendant individual).

section must be effectuated in the manner prescribed by § 48.161." FLA. STAT. § 48.181(7) (2025).

Section 48.161(2) provides, "When an individual . . . conceals his . . . whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use the substituted service method specified in subsection (1). . . ." FLA. STAT. § 48.161(2) (2025).

> [T]o effectuate proper substituted service of process on a Defendant concealing its whereabouts under section 48.161, a plaintiff must: (1) serve the Secretary of State by providing them with a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide Notice of service upon the Secretary of State to the defendant by sending them a copy of the summons and the complaint by registered or certified mail; and (4) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows.

*Vega*, 2023 WL 6809633, at *3 (citation omitted). Importantly, a plaintiff must strictly comply with the substitute service statute. *Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020).

Before a plaintiff can avail himself of the substitute service statute, the plaintiff must show that he exercised due diligence to locate and effectuate personal service.

> The party effectuating service is considered to have used due diligence if that party: (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service; (b) In seeking effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

FLA. STAT. § 48.161(5). In this case, Plaintiffs provided a detailed recounting of their due diligence in attempting to personally serve Defendant Subero (DE 16; DE 16-1 ¶¶ 5-14). Plaintiffs first attempted to serve Defendant Subero at his last known address in the records of the Florida Secretary of State (DE 16-1 ¶ 4). Following multiple failed attempts, Plaintiffs then attempted service on an alternate address found through a search of public records (DE 16-1 ¶ 5). After

6

service at that address was also unsuccessful, Plaintiffs hired a firm to perform a skip trace on the first address they attempted to serve and certified that was his Defendant Subero's known address (DE 16-1 ¶¶ 11-14).  Plaintiffs attempted service on Defendant Subero at two different addresses a total of seventeen different times (DE 16 at 10).  Plaintiff engaged a third-party to surveil Defendant Subero's home for days (DE 16-1 ¶¶ 13).  One service processor even spoke to Defendant Subero's wife, who said he would return later that night (DE 16-2 at 2).  Instead of returning, the process server observed a car believed to be Defendant Subero's leaving the driveway (*id*).  These efforts are sufficient to show Plaintiffs exercised due diligence to effectuate personal service, as contemplated by Florida's substitute service statute.  *See Vega*, 2023 WL 6809633, at *3 (holding plaintiff had met the due diligence standard by attempting to serve the defendant at two different addresses, contacting the defendant, and attempting service five times).

The Court notes that because the substitute service statute is an exception to the general rule of personal service, it requires strict compliance.  *United Inv. Cmty., Inc. v. Omegapro Forex Trading Ltd*, No. 24-CV-23359, 2025 WL 2144485, at *10 (S.D. Fla. Mar. 26, 2025); *see also Dixon*, 796 F. App'x at 687 (holding that plaintiff's substituted service was legally insufficient because he did not strictly comply with the statute).  Once a plaintiff strictly complies with § 48.161, service of process is achieved.  *See Vega*, 2023 WL 6809633, at *4 ("Once Plaintiff follows the statutory requirements for substituting service on the Secretary of State on behalf of both Defendants, service of process is valid and does not require service by other means.").  Plaintiffs, however, have not demonstrated any reason why they cannot utilize the substitute service outlined in § 48.161 to serve Defendant Subero.  As such, the Court will not authorize the other alternate means requested, as courts routinely require parties to avail themselves of the Florida substitute service statute when a defendant is concealing his whereabouts.  *See, e.g., CB*

*Member LLC*, 2025 WL 2829734, at *4 ("[T]he Court exercise[s] its discretion and den[ies] Plaintiff's motion because Plaintiff has not demonstrated why it cannot serve Hutchison through substituted service on the Florida Secretary of State."); *Glob. Imaging Specialists, LLC*, 2024 WL 889204, at *3 ("Because Plaintiff's motion lacks any indication that it has followed Florida Stat. § 48.181, including § 48.161, the motion is due to be denied"); *Vega*, 2023 WL 6809633, at *4 (denying as moot plaintiff's requests for other means of service when plaintiff can effectuate service through the Secretary of State).

In light of the foregoing, Plaintiffs' request for leave to serve Defendant Subero through the procedure outlined in § 48.161 is **GRANTED**. Once Plaintiffs strictly comply with § 48.181 and § 48.161, service of process is valid. Plaintiffs' request to serve Defendant Subero through mail, e-mail, and other individuals and/or attorneys is **DENIED AS MOOT**, because Plaintiffs may serve Defendant Subero through the Secretary of State as outlined in § 48.161.

### B. Plaintiffs Have Not Established Alternate Service for Defendant Quiroz.

Plaintiffs also request leave to serve Defendant Quiroz through social media, e-mail to BCB's attorney, and/or text message, because Defendant Quiroz is believed to live in Venezuela, and Plaintiffs have yet to find his address (DE 16 at 16; DE 16-1 ¶¶16, 18-21). Plaintiffs acknowledge that Venezuela is a signatory to the Hague Convention but argue that service in compliance with the Hauge Convention should not be required since Defendant Quiroz's address is unknown (DE 16 at 15). Plaintiffs have not indicated that they attempted service in accordance with the Hague Convention. Defendant BCB argues that Plaintiffs did not even try to locate Defendant Quiroz to serve him through the Hague Convention (DE 22 at 3). Defendant BCB further argues that Plaintiffs should not be permitted to serve Defendant Quiroz through BCB's counsel, where BCB's counsel does not represent Defendant Quiroz (*id*.).

Although service through the Hague Convention is mandatory where it applies, courts have

8

discretion to allow alternate service of process in certain circumstances. *Osio*, 2022 WL 17583631, at *2. A court is permitted to allow alternative foreign service "unless the destination country has objected to those specific methods of service." *Codigo Music, LLC v. Televisa S.A. de C.V.*, No. 15-CIV-21737, 2017 WL 4346968, at *5 (S.D. Fla. Sept. 29, 2017). Alternate service is usually permitted "only where the defendant's foreign address is unknown; the defendant has successfully evaded service; failure to permit alternate service will result in unduly long delays in litigation; or where attempted Hague Convention service has failed." *Osio*, 2022 WL 17583631, at *2 (citing *Int'l Designs Corp., LLC*, 2018 WL 2364297, at *3). A foreign address is unknown if the plaintiff "exercised reasonable diligence" in attempting to find one and was unsuccessful. *Opella v. Rullan*, No. 10-21134-CIV, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011), *report and recommendation adopted*, No. 10-21134-CIV, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011).

In *Opella*, the court found that plaintiffs had not exercised reasonable diligence in locating defendant's address for it to be considered unknown, because defendant "presented compelling evidence—including his driver's license, voter registration card, passport and visa documents—that his address was available in public records." *Id*. In making its decision, the *Opella* court contrasted one case, *Kott*, in which the plaintiff made "no effort" to locate the defendant and the reasonable diligence standard was not met with another case, *BP Products North America*, in which the plaintiff exhausted every effort to locate the defendant's address, and the reasonable diligence standard was met. *Id*. (citing *Kott v. Superior Ct.*, 53 Cal. Rptr. 2d 215, 221 (Cal. App. 1996)). In *BP Products North America*, plaintiff made numerous attempts to serve the defendant in Pakistan, engaged an investigative firm in Pakistan to find the defendant, and spent a month of searching through housing records, telephone records, utility records and law enforcement records, among other information. *Opella*, 2011 WL 2600707, at *5 (citing *BP Products North America,*

9

*Inc. v. Dagra,* 232 F.R.D. 263 (E.D.Va.2005)).

At this time, the Court does not find that the circumstances of this case warrant authorizing services through the alternate means Plaintiffs request. Plaintiffs provide that they "diligently conducted a search of available public records and contacted Venezuela's Inpreabogado," as well as performed background checks to locate Defendant Quiroz, but they believe that Defendant Quiroz is concealing his address in Venezuela (DE 16 at 16; DE 16-1 ¶¶ 16, 20-21). Plaintiffs do not describe any other efforts taken to find Defendant Quiroz's address (DE 16-1 ¶¶ 20-24). Although it is apparent that Plaintiffs made some effort to locate Defendant Quiroz, the evidence presented is not sufficient to categorize Defendant Quiroz's address as "unknown." *See Opella*, 2011 WL 2600707, at *5; *see also Trapenard v. Clester*, No. 6:22-CV-660-RBD-LHP, 2023 WL 2264177, at *3 (M.D. Fla. Feb. 28, 2023) (holding that defendant's address was unknown, because plaintiff put forth evidence that a special process server was retained to find defendant, the process server exchanged phone calls with defendant, and after monitoring defendants social media accounts for months, plaintiff was able to discover defendant had been moving frequently between countries). Plaintiffs did not provide any facts that they performed extensive research and monitoring, hired an investigator in Venezuela, or even called the phone numbers provided by Inpreabogado. *See id*. Additionally, Plaintiffs reported that they are in active litigation against Defendant Quiroz in Venezuela and have obtained injunctions against him (DE 23 ¶ 2). Therefore, the Court is not convinced that Defendant Quiroz's address is not ascertainable based on Plaintiffs' current efforts.

As such, under Federal Rule of Civil Procedure 4(f)(1), Plaintiffs must attempt to serve Defendant Quiroz in compliance with the requirements of the Hague Convention, absent a more extensive showing that Defendant Quiroz's address is not ascertainable. *Opella*, 2011 WL

2600707, at *6.  Absent such a showing, the Court, in its sound discretion, finds that alternate service through social media, an e-mail to BCB's attorney, and/or text message is not appropriate at this time. *See Int'l Designs Corp., LLC*, 2018 WL 2364297 at *3 (stating that before permitting alternative service, a district court may require plaintiff to show that they have reasonably attempted to effectuate service).

## IV.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** that Plaintiffs' Motion (DE 16) is **GRANTED IN-PART and DENIED IN-PART WITHOUT PREJUDICE**.  As set forth above, Plaintiff has not sufficiently shown that the efforts undertaken support their requests for many of the alternate service methods they suggest.  Particularly, for Defendant Subero, Plaintiffs have not yet attempted to utilize Florida's substitute service statute but are granted leave to do so.  For Defendant Quiroz, Plaintiffs have not demonstrated sufficient efforts to accomplish service through the Hague Convention.  Pursuant to the Court's October 6, 2025 Order (DE 18), Plaintiffs have until **December 2, 2025** to serve Defendants Subero and Quiroz.

**DONE and ORDERED** in Chambers in Miami, Florida on this 31st day of October, 2025.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:     All Counsel of Record