**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

|  |  |
|---|---|
| HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual, | Case No. 1:25-CV-22324-WPD<br><br>**Judge William P. Dimitrouleas**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT BILLO'S CARACAS BOYS LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[BURROUGHS DECLARATION SUBMITTED HEREWITH]** |
| Plaintiffs, |  |
| v. |  |
| ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual, |  |
| Defendants. |  |

## <u>TABLE OF CONTENTS</u>

I.      Introduction ................................................................................................................1

II.     Factual Background ....................................................................................................1

III.    Subject Matter Jurisdiction ........................................................................................4

IV.     Standard of Review ....................................................................................................5

V.      Argument ....................................................................................................................5

    A.  Plaintiffs have pled an actual controversy sufficient to justify declaratory relief
       regarding their ownership in and to the Billo Marks and Billo Works ........................5

    B.  Plaintiffs have adequately pled their ownership in and to Billo's
       intellectual property ....................................................................................................7

    C.  Subero cannot claim sole ownership of the Bill Marks and his registrations thereof
       were fraudulent ........................................................................................................12

    D.  Plaintiffs have sufficiently pled a cause of action for accounting ..............................14

    E.  Plaintiffs have sufficiently pled a cause of action for unjust enrichment ...................16

VI.     Leave to amend should be granted ............................................................................17

VII.    Conclusion ...............................................................................................................18

MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

**<u>Page(s)</u>**

### <u>Cases</u>

*Amezcua v. Cortez,*
   314 So. 3d 666 (Fla. Dist. Ct. App. 2021) ...................................................................... 10, 11

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ..................................................................................................................... 5

*Ashemimry v. Ba Nafa,*
   778 So. 2d 495 (Fla. Dist. Ct. App. 2001) .......................................................................... 15

*Bartels v. Birmingham,*
   332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947) ........................................................ 13

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ..................................................................................................................... 5

*Bell v. Streetwise Recs.*, Ltd.,
   640 F. Supp. 575 (D. Mass. 1986) ........................................................................................ 13

*Bryant v. Avado Brands, Inc.*,
   187 F.3d 1271 (11th Cir. 1999) ................................................................................................ 5

*Buccellati Holding Italia SPA v. Laura Buccellati, LLC,*
   2014 WL 11880856 (S.D. Fla. Jan. 3, 2014) ................................................................... 4, 5

*Cameron v. Scottsdale Ins. Co.*,
   2016 WL 7387388 (S.D. Fla. Dec. 21, 2016) ..................................................................... 6

*Capital Asset Research Corp. v. Finnegan,*
   216 F.3d 1268 (11th Cir.2000) .............................................................................................. 17

*Cardenas v. Solis,*
   570 So. 2d 996 (Fla. Dist. Ct. App. 1990) .......................................................................... 10

*Cochrane v. Nwandu,*
   855 So.2d 1276 (Fla.Dist.Ct.App.2003) ............................................................................... 9

*Commodores,*
   879 F.3d ............................................................................................................................. 13, 14

*Connor v. Ferris Mktg., Inc.*,
   2017 WL 897301 (M.D. Fla. Mar. 7, 2017) ..................................................................... 4, 6

*Corbello v. DeVito,*
   777 F.3d 1058 (9th Cir. 2015) ............................................................................................... 15

*Coton v. Televised Visual X-Ography, Inc.*,
   740 F. Supp. 2d 1299, fn. 3 (M.D. Fla. 2010) ................................................................... 11

*Crystal Ent. & Filmworks, Inc. v. Jurado*,
   643 F.3d 1313 (11th Cir. 2011) ............................................................................................. 13

*Fredianelli v. Jenkins,*
   2013 WL 1087653 (N.D.Cal. Mar.14, 2013) .................................................................... 13

*Garden Meadow, Inc. v. Smart Solar, Inc.*,
   24 F. Supp. 3d 1201 (M.D. Fla. 2014) .................................................................................. 9

*Giammarese v. Delfino,*
   197 U.S.P.Q. 162 (N.D.111.1977) ........................................................................................ 12

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*,
921 F.3d 1343 (11th Cir. 2019) ................................................................... 15, 16

*Hawthorne v. Mac Adjustment, Inc.*,
140 F.3d 1367 (11th Cir. 1998) ............................................................................ 5

*Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*,
736 F.3d 1239 (9th Cir. 2013) ............................................................................ 14

*Isley v. Isley*,
No. 23 C 01720, 2023 WL 5431498 (N.D. Ill. Aug. 23, 2023)............................ 12

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
153 F.3d 82 (2d Cir. 1998) .................................................................................... 8

*Kingsmen v. K-Tel Int'l Ltd.*,
557 F. Supp. 178 (S.D.N.Y. 1983) ...................................................................... 14

*Lewis v. Katz*,
No. A111654, 2006 WL 1875579 (Cal. Ct. App. July 7, 2006)............................ 14

*Majd–Pour v. Georgiana Cmty. Hosp., Inc.*,
724 F.2d 901 (11th Cir.1984).............................................................................. 17

*Marshak v. Treadwell*,
240 F.3d 184 (3rd Cir. 2001) .............................................................................. 14

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*,
312 U.S. 270 (1941) ............................................................................................. 6

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ......................................................................................... 4, 6

*Nahar v. Nahar*,
656 So. 2d 225 (Fla. 3d DCA 1995).................................................................... 10

*Nicor Int'l Corp. v. El Paso Corp.*,
318 F. Supp. 2d 1160 (S.D. Fla. 2004).............................................................. 9, 10

*PODS Enters., LLC v. U-Haul Int'l, Inc.*,
126 F. Supp. 3d 1263 (M.D. Fla. 2015)............................................................... 16

*Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*,
515 F. Supp. 3d 1292 (S.D. Fla. 2021)................................................................ 17

*Robi v. Reed*,
173 F.3d 736 (9th Cir. 1999) .............................................................................. 12

*Rosco and Mastracco, Inc. v. Giant Food Inc.*,
720 F.2d 1263 (Fed.Cir.1983) ............................................................................ 14

*Saregama India Ltd. v. Mosley*,
635 F.3d 1284 (11th Cir. 2011)............................................................................. 8

*SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prods., LLC*,
—— U.S. ——, 137 S.Ct. 954 (2017) ................................................................. 15

*Six Gun Territory, Inc. v. Six Gun Territory Legacy, Inc.*,
2025 WL 2853156 (M.D. Fla. Aug. 21, 2025)..................................................... 13

*Sperske v. Rosenberg*,
2013 WL 3817067 (C.D. Cal. July 23, 2013)...................................................... 13

*Swiss Brand Ltd., Inc. v. Wenger S.A.*,
2020 WL 7059355 (S.D. Fla. Dec. 2, 2020)......................................................... 6

*Tracfone Wireless, Inc. v. Access Telecom, Inc.*,
642 F. Supp. 2d 1354 (S.D. Fla. 2009) ................................................................ 5

iv

*Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*,
   909 F.2d 839 (5th Cir. 1990) .................................................................................... 12

*US Thrillrides, LLC v. Intamin Amusement Rides Int. Corp. Est.*,
   767 F. Supp. 3d 1331 (M.D. Fla. 2025)...................................................................... 5

*Vergara Hermosilla v. The Coca-Cola Co.*,
   717 F. Supp. 2d 1297 (S.D. Fla. 2010) ...................................................................... 11

## **Statutes**

28 U.S.C. § 2201 ........................................................................................................... 6

28 U.S.C. § 2201(a) ....................................................................................................... 6

Inst. 1971 ................................................................................................................. 10, 11

## **Rules**

Fed. R. Civ. P. 8(a)(2) ................................................................................................... 5

## **Other Authorities**

5(2), Paris Text (1971), Sept. 9, 1886,
   1161 U.N.T.S. 183 ................................................................................................... 11

Restatement (Second) of Conflict of Law § 102 .................................................. 10, 11

MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Introduction

This motion should be denied because Plaintiffs' complaint states valid claims that fall squarely within this Court's jurisdiction. The allegations clearly assert that Plaintiffs, each of whom is an heir of Luis María "Billo" Frómeta Pereira ("Billo"), have a joint authorship in the intellectual property that passed to Billo's heirs upon his death. It further alleges that one heir, Defendant Adrian Frometa Subero ("Subero"), through his solely owned company, Billo's Caracas Boys, LLC, and in collaboration with his attorney Telmo Perez Quiroz ("Quiroz"), has converted the entirety of those rights for his sole benefit and refused to account to his co-owners.

### II.      Factual Background

Maestro Billo was a renowned Dominican-Venezuelan musician, composer, and performer who achieved international recognition and acclaim with his band Orquesta Billo's Caracas Boy's. Dkt. No. 24 ("Complaint") ¶12. Billo and his Orquesta Billo's Caracas Boy's are part of the Cultural Heritage of the Bolivarian Republic of Venezuela, recognized by Decree Law, for his performance and excellence in the musical works he created. His international recognition arose in part from his touring in the United States, which he started doing in April of 1969 and continued into the 1980s.

During his lifetime, he registered in Venezuela his intellectual property, including certain trademarks such as "BILLO'S CARACAS BOYS", "BILLO'S CARACAS BOYS ORCHESTRA", and "BILLO" ("Billo Marks"). Complaint ¶18. At the time of Billo's passing, Billo also held various copyrights related to compositions and sound recordings ("Billo Works"), which originated in Venezuela, a Berne Convention signatory. Complaint ¶19. Upon Billo's death

in May 1988, his ownership interests and rights in the musical works he authored, as well as the trademarks, trade names, denominations and brands associated with Billo and his music transferred to his thirteen surviving children and his spouse equally. Complaint ¶¶16, 20. The Billo Marks were used in the United States beginning in 1969 and continuing to this day to market and sell Billo's music.

Following Billo's death, a legal battle ensued after Billo's son Peraza, Subero's father, rushed to register in his own name and for his individual benefit certain of the Billo Marks. Complaint ¶21. This battle culminated in a decision by the Supreme Court of Justice, Venezuela's highest court, which constituted a final decision with the effect of law, affirming that the Billo Marks, along with Billo's other properties, which arguably includes the Billo Works, passed equally and indivisibly to all of Billo's heirs such that no one heir could unilaterally register or otherwise exploit or profit from them. Complaint ¶22. Attached hereto as **Exhibit A** is a certified translation of the decree of the Supreme Court of Justice. Specifically, the decree reads in part as follows:

> [U]pon the death of the owner of the registered commercial denominations, which occurred on May 5, 1988 ... his properties, including the registered commercial denominations, ***passed to his heirs.*** Therefore, it is unequivocal that at the time of the petition and opposition for registration, the petitioner LUIS RAFAEL FRÓMETA PERAZA and the opposing party LUIS VICENTE FRÓMETA BELLO were on a legally equal position, which means that neither had a preeminent right over the other in relation to the aforementioned registered trademarks. The same applies to the rest of the succession members. In other words, at the time the confrontation arose because of the application for registration by LUIS RAFAEL FRÓMETA PERAZA and the opposition thereto, the right derived from the registration of the trademarks in the name of the common cause **belonged to the hereditary community.**

*See* **Exhibit A** ¶¶ 2-6 (emphasis added). Upon Peraza's death, Subero and his three siblings each inherited a quarter of Peraza's share of the Billo estate, including the Billo Marks and Billo

MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Works, rendering Subero a co-owner along with Plaintiffs. *Id.* Despite his co-ownership, Subero has assumed disproportionately to his share of ownership, the use, exploitation, and enrichment of the Billo Marks and Billo Works. Despite his status as a second-generation successor, Subero has and continues to unilaterally exploit Billo's intellectual property without accounting to Plaintiffs, holding himself out as the sole and exclusive owner of same, and receiving and holding more than his share of the monies related to the Billo Works and Billo Marks. *Id.* at ¶¶23-24. Additionally, in collaboration with Quiroz, Subero registered Billo's Caracas Boy's LLC's ("BCB"), which was done in his own name and for his sole benefit. Through BCB and other affiliated companies, Subero and Quiroz have used and profited from the Billo Marks in both Spain and the United States without Plaintiffs' knowledge or consent and have to date failed to account to Plaintiffs for any revenues received in connection with said exploitation. Complaint ¶25. For example, Subero is currently touring a band operating under the name "Billo's Caracas Boys" that contains no members that were originally in that band.

As a result of the foregoing, Plaintiff Magdalena Leonor Frómeta Grillo was forced to file suit against Subero and Quiroz in the Twenty-Third Ordinary Municipality and Measure Enforcement Court of the Judicial District of the Metropolitan Area of Caracas. ("Enforcement Court of Caracas"). On October 9, 2023, the court there held that Plaintiffs, referred to as "Luis Maria Frometa Pereira Succession," were Subero's co-heirs and equal owners of the Billo Marks and entered an injunction against both Subero and Quiroz, prohibiting them from any use of the Billo Marks without Plaintiffs' consent. Complaint ¶27. Attached hereto as **Exhibit B** is a certified translation of the Order of the Enforcement Court of Caracas. In spite of this ruling, Subero and Quiroz have been continuously exploiting and profiting from the Billo Marks and Billo Works in Venezuela, the United States, and elsewhere without accounting to Plaintiffs. Complaint ¶28. To

date, Subero and Quiroz have evaded justice in Venezuela and continue to deprive Plaintiffs of their rightful ownership interests in the Billo's intellectual property.

Plaintiffs now seek a declaration that they own the relevant rights in Billo's intellectual property, an injunction prohibiting Defendants from any further improper exploitation of the Billo Marks and Billo Works, an accounting of and for all ill-gotten revenues received by Defendants in connection with their exploitation of said works against Plaintiffs' ownership interests, and a disgorgement of said revenues to Plaintiffs on the basis of Defendants' unjust enrichment.

## III.    Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Plaintiffs' claims because there exists an actual controversy regarding the parties' respective rights to use the Billo Marks and Billo Works and profit from such use in the United States. Under the Declaratory Judgment Act, federal courts may exercise jurisdiction where there is an actual controversy regarding intellectual property rights being exploited in the United States. *See Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 2014 WL 11880856 at *3-4 (S.D. Fla. Jan. 3, 2014); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007). Plaintiffs' Complaint seeks a declaration as to their copyright and trademark rights, which falls squarely within this Court's federal question jurisdiction. *See Connor v. Ferris Mktg., Inc.*, 2017 WL 897301 (M.D. Fla. Mar. 7, 2017) (denying defendant's motion to dismiss plaintiff's claim for declaratory judgment because "an actual controversy exists between [the parties] as to ownership" of the works at issue).

Despite Defendant's arguments to the contrary, the fact that the works and ownership rights at issue have international origins does not deprive the court of jurisdiction to adjudicate ownership. *See Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1359 (S.D. Fla. 2009); *US Thrillrides, LLC v. Intamin Amusement Rides Int. Corp. Est.*, 767 F. Supp. 3d 1331

(M.D. Fla. 2025). As the following will demonstrate in greater depth, "there is a controversy regarding [Defendants'] right to use" and unilaterally profit from such use of the Billo Marks and Billo Works in the United States without accounting to Plaintiffs for monies received. *See Buccellati*, 2014 WL 11880856 at *4. This is sufficient to invoke this Court's subject matter jurisdiction.

### IV.     Standard of Review

A complaint is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Notice is required, but "detailed factual allegations" are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Accordingly, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 quoting *Twombly*, 550 U.S. at 570.

### V.     Argument

### A.     Plaintiffs have pled an actual controversy sufficient to justify declaratory relief regarding their ownership in and to the Billo Marks and Billo Works

In challenging Plaintiffs' claims for declaratory relief, Defendants misrepresent the applicable standards to avoid addressing Defendants' conduct. As set forth above, Plaintiffs have sufficiently alleged that a substantial controversy exists between them and Defendants regarding ownership of the Billo Marks and Billo Works "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune.*, 549 U.S. at 127 (citations omitted).

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see also Cameron v. Scottsdale Ins. Co.*, 2016 WL 7387388, at *2 (S.D. Fla. Dec. 21, 2016) citing 28 U.S.C. § 2201.

The test for whether an actual controversy exists in a declaratory judgment action involving intellectual property has become more lenient over the years. *See Swiss Brand Ltd., Inc. v. Wenger S.A.*, 2020 WL 7059355, at *4 (S.D. Fla. Dec. 2, 2020). The modern standard comes from the Supreme Court's decision in *MedImmune,* where the court articulated that the relevant inquiry "in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune,* 549 U.S. at 127 quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Swiss Brand Ltd., Inc. v. Wenger S.A.*, 2020 WL 7059355, at *4 (S.D. Fla. Dec. 2, 2020) (holding that the "reasonable apprehension of suit test has been replaced with by the more expansive...MedImmune standard, which requires a consideration of all the circumstances when deciding whether a controversy exists.") (internal quotations omitted).

Presently, the actual controversy Plaintiffs assert is over the parties' respective rights in and to the Billo Marks and Billo Works and all monies generated from Defendant's unilateral exploitation of the same. *See Connor v. Ferris Mktg., Inc.*, 2017 WL 897301 (M.D. Fla. Mar. 7, 2017) (denying defendant's motion to dismiss plaintiff's claim for declaratory judgment where plaintiff alleged that an actual controversy exists regarding ownership of the works and that plaintiff is suffering ongoing injury due to, *inter alia*, unpaid licensing rights). Plaintiffs have

adequately pled that they co-own Billo's intellectual property, i.e., the Billo Marks and Billo Works. Complaint ¶22. Plaintiffs have also shown that an actual controversy exists in that Defendants, including BCB and Subero as its sole owner, have unlawfully exploited the Billo Marks and Billo Works for commercial benefit by registering and using the Billo Marks and arranging performances of the Billo Works without ever accounting to Plaintiffs. Complaint ¶¶15-20.

Lastly, Plaintiffs adequately allege that they are suffering ongoing injury due to Defendants' continued exploitation of the Billo Marks and Billo Works without accounting to Plaintiffs. Complaint ¶¶28-32. Defendants deny that Plaintiffs have an interest in the Billo Marks and Billo Works and have denied Plaintiffs' any accounting or payments of monies related to the intellectual property at issue, causing Plaintiffs' injury. Said injury is of sufficient immediacy to warrant declaratory relief as Defendants are continuing to deprive Plaintiffs of the rights and benefits of their ownership of the Billo Marks and Billo Works, thereby profiting at Plaintiffs' expense.

Accordingly, Plaintiffs have met their burden of establishing an actual controversy between themselves and Defendants, as parties having adverse legal interests, and of sufficient immediacy and reality to warrant the relief sought.

### B. Plaintiffs have adequately pled their ownership in and to Billo's intellectual property

The Billo Marks and Billo Works originated in Venezuela, where Plaintiffs were adjudged as co-owners with equal and indivisible rights to Billo's properties.[1] *See Saregama India Ltd. v.*

---

[1] Upon death without a will, Venezuelan law automatically activates intestate inheritance, the legal effect of which constitutes the assignment of all tangible and intangible patrimonial assets to surviving heirs.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011); Exhibits A and B. It is well-established that "[i]nitial ownership of a copyrighted work is determined by the laws in the work's country of origin*." See id.* Accordingly, despite Defendant's arguments to the contrary, the fact that a work originated abroad does not preclude a United States court from determining issues of ownership rights. *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90 (2d Cir. 1998) ("Since the works at issue were created by Russian nationals and first published in Russia, Russian law is the appropriate source of law to determine issues of ownership of rights."). This is particularly true here given that BCB and Subero are both in Florida.

In adjudicating Plaintiffs' ownership rights in Venezuela, where the works at issue were created and first published, it was determined that Plaintiffs and Subero, i.e., Billo's heirs, are co-owners of the Billo Marks, and Billo's "properties" generally, which includes the Billo Works and other assets. Defendant's representation in its Motion to Dismiss that it "does not claim any rights to the [Billo Works]" and has "made no use" thereof is misleading. Dkt. No. 26 pg. 14 ¶ 2. As the sole owner of BCB, Subero has organized musical performances of, and collected royalties and other monies for, the Billo Works and derived profits therefrom without providing an accounting to Plaintiffs. Subero's efforts to employ BCB as a vehicle to shield himself and Quiroz from liability for the exploitation of the Billo Works—and, similarly, the Billo Marks—should not be credited by the Court.

Defendant's Motion implies that Plaintiffs are somehow required at the pleadings stage to prove their claims through documentary evidence. This is plainly wrong. *See Garden Meadow, Inc.* v. *Smart Solar, Inc.*, 24 F. Supp. 3d 1201, 1207 (M.D. Fla. 2014). In *Garden Meadow*, the court found that the plaintiff had established ownership of the copyrights at issue sufficient to survive a motion to dismiss where, despite omitting the assignment documentation from the

complaint, the plaintiff alleged in the complaint that it "has been and is the sole proprietor of all right, title and interest, including copyright to [the work at issue]." *See id.*

Similarly here, Plaintiffs allege in their well-pleaded complaint that they have been and are co-owners of all rights, title, and interest in and to the works at issue, along with Subero. Complaint ¶17-20, 55-57. And they can, if necessary, attach the probate document, which confirms the asset succession. But even as pled the allegations are sufficient to establish ownership.

Moreover, to the extent that Defendant challenges Plaintiffs' reliance on the Venezuelan judgment to establish ownership, they are misstating applicable Florida law. The case Defendant cites to in challenging recognition of the Venezuelan judgment is instructive in stating "[c]ommon law principles of comity ... guide Florida courts in determining whether to recognize a foreign judgment ... such as judgments granting injunctive relief." *Nicor Int'l Corp. v. El Paso Corp.*, 318 F. Supp. 2d 1160, 1165 (S.D. Fla. 2004) citing *Cochrane v. Nwandu,* 855 So.2d 1276, 1277 (Fla.Dist.Ct.App.2003). Under Florida common law, such "a foreign decree is entitled to comity where (1) the parties have been given notice and opportunity to be heard, (2) where the foreign court had original jurisdiction, and (3) where the foreign decree does not offend the public policy of the State of Florida." *See id.* All are met here.

In *Nicor Int'l Corp*, the court refused to acknowledge an award of monetary damages issued by a Dominican court because it offended Florida's public policy in favor of final and binding arbitrations of commercial disputes. *Nicor Int'l Corp.*, 318 F. Supp. 2d 1160, 1165-66. The facts of the present matter are distinguishable in two respects. First, the Venezuelan court judgment was for declaratory relief as to ownership of the Billo Marks. As such, Florida common law applies. Second, acknowledgement of the foreign decree here does not offend any public policy of

the state of Florida. Indeed, Florida courts apply the standard set forth under the Restatement (Second) of Conflict of Law, which states:

> [A] decree rendered in a foreign nation which orders or enjoins the doing of an act will be enforced in this country provided that such enforcement is necessary to effectuate the decree and will not impose an undue burden upon the American court and provided further that in the view of the American court the decree is consistent with fundamental principles of justice and of good morals.

Restatement (Second) of Conflict of Law § 102 cmt. g (Am. Law Inst. 1971); *see also Amezcua v. Cortez*, 314 So. 3d 666, 669 (Fla. Dist. Ct. App. 2021); *Nahar v. Nahar*, 656 So. 2d 225, 229 (Fla. 3d DCA 1995) ("[A]ny foreign decree should be recognized as a valid judgment, and thus be entitled to comity, where the parties have been given notice and the opportunity to be heard, where the foreign court had original jurisdiction and where the foreign decree does not offend the public policy of the State of Florida.").

The Venezuelan judgment regarding Plaintiffs' ownership is entitled to comity under Florida common law. Defendants were given notice and an opportunity to be heard because they were parties and/or privies to subsequent actions invoking Plaintiffs' rights which are currently pending in Venezuela. *See* **Exhibit A** and **Exhibit B**. Venezuelan courts had original jurisdiction over the matters because the Billo Marks and Billo Works were originally authored and registered in Venezuela. Lastly, as stated above, the Venezuelan judgments do not offend any public policy of the state of Florida. *See Nicor Int'l Corp.*, 318 F. Supp. 2d 1160, 1165-66; *Cardenas v. Solis*, 570 So. 2d 996 (Fla. Dist. Ct. App. 1990) (applying the "law of Guatemala as adjudicated by a Guatemalan court" to determine the ownership of funds deposited in a Miami bank account). Recognition of the Venezuelan judgments here is necessary to effectuate their decree as to Plaintiffs' co-ownership and entitlement to an accounting with respect to Defendants' exploitation

of the Billo Marks and Billo Works. Any other result would allow Defendants to profit at Plaintiffs' expense, which offends every possible notion of "justice and good morals." Restatement (Second) of Conflict of Law § 102 cmt. g (Am. Law Inst. 1971); *see also Amezcua*, 314 So. 3d at 669.

Defendant's assertion that Plaintiffs' pleadings are deficient for lack of copyright registration is likewise meritless. The Billo Works were created and published in Venezuela in compliance with all statutory formalities. Venezuela is a Berne Convention Signatory. One of the most significant practical effects of the Berne Convention is the elimination of formalities for foreign copyright works. See *Berne Convention for the Protection of Literary and Artistic Works*, art. 5(2), Paris Text (1971), Sept. 9, 1886, 1161 U.N.T.S. 183; *see also Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1308, fn. 3 (M.D. Fla. 2010) ("Although copyright registration is generally required for ownership of a valid copyright, it is not necessary for works originating in England, a signatory country to the Berne Convention."); *Vergara Hermosilla v. The Coca-Cola Co.*, 717 F. Supp. 2d 1297, 1303 (S.D. Fla. 2010) (enforcing rights in works copyrighted in Mexico because Mexico is a treaty party to both the Berne Convention and the Universal Copyright Convention). Accordingly, Plaintiffs do not need to have registered the Billo Works in the United States for this Court to recognize Plaintiffs' ownership rights. Plaintiffs have met their burden merely by pleading their ownership in existing copyrights as established under Venezuelan law.

In light of the foregoing, this Court should deny Defendant's Motion to Dismiss Plaintiffs' claims for declaratory relief regarding the intellectual property at issue.

### C.  Subero cannot claim sole ownership of the Billo Marks

Subero was without right to usurp for his own interests the Billo Marks to brand and promote a new band. Indeed, even a former member of a band is unable to perform under the name

because such a member was "clearly not possessed of a sufficient proprietary interest in the name to justify his conveyance of the entire trade name for use by a new and entirely distinct musical group." *Giammarese v. Delfino*, 197 U.S.P.Q. 162, 163 (N.D.111.1977) (citation omitted). Yet this is what Subero has attempted to do. Indeed, as stated above, Subero is touring a band operating under the name "Billo's Caracas Boys" that does not include a single original member.

Subero's registration is based on Billo's use of the mark, as it states that the first use of the mark was in 1940, which was during Billo's lifetime and well before Subero was born. *See* **Exhibit C**. Thus, the rights being registered were those gained by Billo and passed to the heirs equally.

There is no doubt that Billo held United States trademark rights for the Billo Marks at the time of his passing and thus passed those to the Plaintiffs. Trademark ownership "is established by use, not by registration." *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 842 (5th Cir. 1990). Billo Frometa obtained trademark rights in the Billo Marks when he used said marks while touring and performing in the United States. This happened no later than 1969, well before Defendant's registration.

And as the "founder" and long-term member of the group, Billo "had exclusive rights to the name, even when he was no longer performing with the group. *Isley v. Isley*, No. 23 C 01720, 2023 WL 5431498, at *4 (N.D. Ill. Aug. 23, 2023), discussing *Robi v. Reed*, 173 F.3d 736, 740 (9th Cir. 1999). This is true under the Eleventh Circuit's "joint endeavors" test, which focuses on whether the mark identifies "personalities and style as performers" and if so, awards the trademark to that personality. *Crystal Ent. & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1322 (11th Cir. 2011), citing *Bell v. Streetwise Recs.*, Ltd., 640 F. Supp. 575, 582 (D. Mass. 1986) (finding "that it was personality, not marketing, that led to the public's intimacy with plaintiffs" and awarding

trademark to band members). Here, that personality is Billo, who thus held the common law United States trademarks, and those rights transferred to Plaintiffs upon his passing.

This is particularly true given that Billo's name itself was not just a portion but the lead and main portion of the Billo Marks and he was the lead musician in the group. Where "evidence suggests that [one person] was the main force behind the band and controlled the band's creative and business decisions, including personnel decisions[,]" that person likely owns the trademark rights. *Sperske v. Rosenberg*, 2013 WL 3817067, at *3 (C.D. Cal. July 23, 2013). Simply put, being "a band 'member' does not necessarily denote ownership." *Id.*, citing *Fredianelli v. Jenkins*, 2013 WL 1087653, at *16 (N.D.Cal. Mar.14, 2013), citing *Bartels v. Birmingham*, 332 U.S. 126, 127–28, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947) (members of "name bands" are employees and the leader is the employer). Thus, Subero's father Peraza likely had no rights in the marks as those were held by Billo and passed to the heirs.

These rights are thus jointly owned by Plaintiffs and Defendant. Common law trademark rights "may be jointly owned but cannot be divided for simultaneous use by multiple independent parties." *Six Gun Territory, Inc. v. Six Gun Territory Legacy, Inc*., 2025 WL 2853156, at *4 (M.D. Fla. Aug. 21, 2025), citing *Commodores*, 879 F.3d at 1131. Here, the common law rights, including those in the United States, were transferred to Plaintiffs and Subero *jointly*. To the extent Subero registered them, he did so as one of the joint owners. A declaration to this effect is proper.

And those rights were never abandoned. "A successful musical group does not abandon its mark unless there is proof that the owner ceased to commercially exploit the mark's secondary meaning in the music industry." *Marshak v. Treadwell*, 240 F.3d 184, 199 (3rd Cir. 2001) (citations omitted). There is no proof of abandonment and finding as much at this early stage would be improper. And again, there was no abandonment, as Billo and Plaintiffs at the very least received

MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

and continue to receive certain royalties in connection with the Billo Marks, with such receipt satisfying the "use" requirement" necessary to establish trademark rights and no abandonment. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1248 (9th Cir. 2013). Indeed, use of the Billo Marks to promote "previously recorded albums" constitutes use in commerce as does continuing "to receive royalties" relating to the songs released under the Billos Marks. *See Kingsmen v. K-Tel Int'l Ltd.*, 557 F. Supp. 178, 183 (S.D.N.Y. 1983).

Indeed, Subero "may have continued to stage concerts with other musicians using the name [Billo's Caracas Boys], but he had no legal right to the name." *Lewis v. Katz*, No. A111654, 2006 WL 1875579, at *9 (Cal. Ct. App. July 7, 2006) (unpub.). This is particularly true given that his use was not "historically accurate," as is required. *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114 (11th Cir. 2018).

Finally, to the extent that joint ownership is not found, Subero registered the trademarks at issue here under false pretenses by failing to acknowledge the ownership of his co-heirs or the Venezuelan ruling. *See, e.g.*, *Rosco and Mastracco, Inc. v. Giant Food Inc.*, 720 F.2d 1263, 1266 (Fed.Cir.1983) (user makes false oath in trademark registration application where he fails to acknowledge conflicting rights of junior user which are clearly established by court decree). The motion fails.

### D.    Plaintiffs have sufficiently pled a cause of action for accounting

Defendant raises overcomplicated arguments to confuse the simple issue of accounting. Put simply, Plaintiffs are Subero's co-owners of the Billo Marks and Billo Works with equal indivisible rights in and to the same. *See* **Exhibits A** and **B**. Thus, any registration or use of the works by Subero or his company BCB must necessarily inure to the benefit of all owners, including

---

14

Plaintiffs. Because Defendants have willfully ignored Plaintiffs' rights as co-owners, an accounting is needed to remedy Plaintiffs' injuries.

It is well-settled that a "co-owner of a copyright must account to other co-owners for any profits he earns from licensing or use of the copyright." *Corbello v. DeVito*, 777 F.3d 1058, 1062 (9th Cir. 2015). Thus, one co-owner, acting independently, "may not limit the other co-owners' independent rights to exploit the copyright." *Id.* at 1065 (citations omitted). As stated above, Plaintiffs and Subero are co-owners of the Billo Marks and Billo Works. And Subero, BCB, and Quiroz have exploited the Billo Works without accounting to Plaintiffs for the profits received therefrom. This is sufficient to state a claim for accounting.

Defendant's motion baselessly asserts that there is "no basis for an accounting where damages are not at issue." Dkt. No. 26 pg. 18 ¶¶1-2. This contradicts well-settled law that an accounting claim is considered equitable in nature and as such is distinct from claim for damages. *See, e.g., Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1353 (11th Cir. 2019) ("The remedy of damages seeks to compensate the victim for its loss, whereas the remedy of an accounting ... [seeks] disgorgement of ill-gotten profits.") quoting *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prods., LLC*, ⸺ U.S. ⸺, 137 S.Ct. 954, 964 (2017); *see also Ashemimry v. Ba Nafa*, 778 So. 2d 495, 498 (Fla. Dist. Ct. App. 2001).

Furthermore, Plaintiffs claims are not, as Defendant asserts, an attempt to "circumvent the registration requirement needed to state a claim for copyright infringement." Dkt. No. 26 pg. 18 ¶1. As set forth above, the Billo Works were created and published in Venezuela, a Berne Convention signatory. Thus, Plaintiffs are not required to register the works in the United States to bring a claim regarding ownership of the Billo Works.

With respect to the Billo Marks, Plaintiffs are similarly entitled to their percentage of any monies realized in connection with the exploitation of the Billo Marks. Whether Plaintiffs have used the marks in the United States is immaterial to the present claim, though they have and benefit from Billo's use in the U.S. What is material is that Defendants registered and exploiting the marks in the United States without accounting to Plaintiffs. Plaintiffs are "not required to present any evidence of particular financial harm ... suffered so as to justify legal redress." *Hard Candy*, 921 F.3d at 1354.

Accordingly, Plaintiffs' cause of action for an accounting flows from the parties' co-ownership relationship and seeks "disgorgement of [Defendants'] ill-gotten profits" derived from their unilateral exploitation of the Billo Marks and Billo Works. *See Hard Candy*, 921 F.3d at 1353. Therefore, Plaintiffs have adequately stated a claim for accounting.

### E.      Plaintiffs have sufficiently pled a cause of action for unjust enrichment

Plaintiffs claim for unjust enrichment arises from Defendants' exploitation of the Billo Works and Billo Marks without accounting to Plaintiffs as co-owners. This is a sufficient basis upon which to raise such a claim. *See PODS Enters., LLC v. U-Haul Int'l, Inc.*, 126 F. Supp. 3d 1263, 1281-82 (M.D. Fla. 2015). And Plaintiffs have sufficiently pled their claim of unjust enrichment.

To state a claim of unjust enrichment in Florida, a plaintiff must allege that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, 515 F. Supp. 3d 1292, 1303 (S.D. Fla. 2021), *aff'd*, 2023 WL 3454614 (11th Cir. May 15, 2023).

Plaintiffs have pled that a benefit was conferred on Defendants in the form of "royalties, revenues, and other monies" resulting from Defendants' exploitation of the Billo Marks and Billo Works. Complaint ¶65. The second element is likewise met as Plaintiffs have pled that Defendant voluntarily accepted and kept all profits and "failed to tender any of the same to Plaintiffs" despite Plaintiffs' entitlement to a share based on their status as co-owners. Complaint ¶¶66-67. Lastly, Plaintiffs have met the third element in alleging that "Defendants' receipt and maintenance of these funds is inequitable and unjust." Complaint ¶¶66-67. Defendant's assertion that Plaintiffs have failed to allege subject matter jurisdiction is dispensed with above. Accordingly, Plaintiffs have sufficiently pled their claim of unjust enrichment.

## VI.     Leave to amend should be granted

If the Court concludes that this motion is meritorious, Plaintiffs respectfully request leave to amend to further allege facts relating to the ownership and exploitation of the intellectual property rights at issue.  Leave "to amend pleadings shall be freely given when justice so requires." *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir.2000) (per curiam). And "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd–Pour v. Georgiana Cmty. Hosp., Inc.,* 724 F.2d 901, 903 n. 1 (11th Cir.1984) (citations omitted). Here, the substance of the new allegations can, if necessary, address Billo's accrual of trademark rights and copyrights, including his use of the Billo Marks in the United States before his passing, the manner in which those rights were transferred to Plaintiffs, and their further use. Plaintiffs can also further allege their joint ownership of the intellectual property at issue. So owing, and if necessary, Plaintiffs respectfully request leave to amend.

## VII.    Conclusion

Defendants may object to the allegations in the complaint but there is little doubt that they provide the notice required by Rule 8. As to the complex intellectual property transactions and ownership at issue, those matters are better suited for summary judgment or trial. Inasmuch as all well-pleaded factual allegations must be accepted as true, and all reasonable inferences drawn in Plaintiffs' favor, and because Plaintiffs' pleadings state facially plausible claims under Rule 12(b)(6), the Court should deny Defendants' Motion to Dismiss Plaintiffs' claims for declaratory relief and accounting concerning the Billo Marks and Billo Works.

Dated: November 14, 2025

Respectfully submitted,

*/s/ Angela M. Nieves*
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

SCOTT ALAN BURROUGHS
scott@donigerlawfirm.com
*Pro Hac Vice*
**DONIGER/BURROUGHS**
237 Water Street, First Floor
New York, NY 10038
310.590.1820 – Telephone

*Counsel for Plaintiffs*

MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT