# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO.: 1:25-cv-22324-WPD

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,

Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual,

Defendants.

_____/

**DEFENDANT BILLO'S CARACAS BOYS LLC'S REPLY IN SUPPORT OF MOTION AND MEMORANDUM OF LAW TO DISMISS AMENDED COMPLAINT WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

Defendant, Billo's Caracas Boys, LLC ("Billo's, LLC"), by and through undersigned counsel hereby files its Reply in further support of its Motion to Dismiss Amended Complaint.

As a preliminary matter, Plaintiffs have attached copies of an alleged translation of an unsigned foreign order, unaccompanied by any order [DE 34-2], a foreign preliminary injunction order involving certain discrete Venezuelan marks [DE 34-3], and a USPTO TESS registration report [DE 34-4].  These documents are not properly authenticated, they go beyond the scope of a motion to dismiss, they state facts that are not relevant to this case, and their inclusion at this stage is improper.  Defendant, Billo's, LLC requests that the exhibits be stricken.

<u>PRELIMINARY STATEMENT</u>

Plaintiffs' response to Billo's, LLC's, motion to dismiss claims that the amended complaint is adequate on its four corners while trying to attach alleged orders in a proceeding which they claim is ongoing in Venezuela.  Plaintiffs fail to address the numerous cases cited by Billo's LLC showing that interpretation and enforcement of foreign acts cannot form a basis for federal declaratory jurisdiction.  It is apparent that there is no basis by which this Court can declare the rights sought by the Plaintiffs in this country without reviewing the inheritance documents and court rulings.  Plaintiffs allege no independent rights to trademarks in the US or to clear title to the copyrights, much less which works they claim were infringed.  Since the complaint fails to establish any rights in this country, there is no basis for the unjust enrichment or accounting claims. Plaintiffs show that the court lacks subject matter jurisdiction and, further, fail to state a claim upon which relief can be granted for any of their counts in their amended complaint.  Finally, Plaintiffs do not allege any credible argument that they would be able to state a claim if allowed to file a third complaint in this action.  The case should be dismissed in its entirety.

## ARGUMENT

### A. Lack of Subject Matter Jurisdiction.

Plaintiffs do not, and in fact, cannot deny the fact that for them to have any rights to trademarks and copyrights at issue, there needs to be a will or other document that creates these rights. In their amended complaint they claim that "on October 9, 2023, the court there held that the Plaintiffs were Subero's co-heirs and equal owners of the Billo Marks and entered an injunction against Subero and Quiroz, prohibiting them from any use of the Billo Mark."  [DE 24] ¶ 27. Interpreting and recognizing this order are a necessary condition to the declaratory relief that is being sought. However, nowhere in their opposition do Plaintiffs present any law to overcome the well-established principle that no general federal question jurisdiction exists solely for foreign judgment recognition absent a treaty or federal statute. *Societe d'Amenagement et de Gestion de lAbri Nautique v. Marine Travelift Inc.*, 324 F.Supp.3d 1004 (2018); *See also Nicor Intern. Corp. v. El Paso Corp.*, 318 F.Supp.2d 1160 (2004); *Aetna Life Ins. Co. v. Tremblay,* 223 U.S. 185, 190, 32 S.Ct. 309, 56 L.Ed. 398 (1912) (dismissing for want of jurisdiction a case seeking review of a state court's failure to recognize a foreign judgment, stating that "[n]o such right, privilege, or immunity, however, is conferred by the Constitution or by any statute of the United States in respect to the judgments of foreign states or nations, and we are referred to no treaty relative to such a right."). Comity, which Plaintiffs invoke multiple times in their response, alone does not create federal question jurisdiction, *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1276 (11th Cir. 2010), and recognition of foreign judgments is not a right conferred by the Constitution, federal statute, or treaty and does not create federal jurisdiction. *Nicor Int'l Corp. v. El Paso Corp.,* 318 F.Supp.2d 1160, 1172 (S.D. Fla. 2004).  Plaintiffs' attempt to go beyond the amended complaint and introduce foreign orders.  A

review of the complaint, on its own, show it is facially deficient jurisdictionally and in stating a claim. *See e.g. Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

This Court does not need to reach the extraneous facts alleged by Plaintiffs to find that their reliance on interpretation of the foreign orders as a true basis for these claims, defeats jurisdiction. However, in passing it is worth noting Plaintiffs' own contradictions. Plaintiffs still do not reference the existence of any will. The October 9, 2023, order that they claim support their rights is actually a preliminary injunction order that is limited to the registrations in existence in Venezuela. The second order that they tried to submit is a mere translation with no order attached. Moreover, the translation does not reference any signature on the underlying documents as it did with regards to the October 9 order. Plaintiffs themselves admit that "actions invoking Plaintiffs' rights [] are currently pending in Venezuela." [DE 34] at 10. In other words, there does not appear to be finality to the dispute between the parties in the very proceedings which Plaintiffs claim gives them rights over trademarks and copyrights in the US. Finally, Plaintiffs provide no authority that supports that they would have rights over trademarks registered in the US decades after the death of Mr. Billo. Their suggestion is that they have a right in perpetuity, to profit from any trademark referencing Billo registered anywhere in the world by any descendant of the decedent. Not only is this absurd it is simply not the law. However, the Court need not reach any of these issues because, there is no jurisdiction to interpret the foreign rulings that necessarily underlie the claim.

The fact that the Plaintiffs' response to the motion was to try to seek judicial notice of foreign papers underlines that these claims, while disguised as declaratory judgment actions for trademark and copyright, are really based on the interpretation of foreign rulings. However, although these documents are not properly before the Court, they are facially insufficient. DE 34-

2 is a translation without an order attached which fails to state the United States, Florida, copyrights, or the legal basis for any inheritance. DE 34-3 is a preliminary injunction order regarding certain specific trademark registrations in Venezuela and makes no mention of copyrights. Neither is properly before this Court, and neither is a proper foundation for this lawsuit.

Plaintiffs suggest that this Court grant jurisdiction because it must accept as true their conclusory allegations that they have trademark and copyright rights and that the Court must take the allegations as true. While it is true that the Court must generally accept factual allegations as true when evaluating a FRCP Rule 12 motion, it is not required to accept legal conclusions, or unreasonable inferences or unwarranted deductions of fact. *Letidas Logistics, LLC v. Citibank, N.A.*, 789 F.Supp.3d 1121, 1125 (S.D. Fla. 2025). A plaintiff must plead more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). This standard requires "more than [] unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *McCullough,* 907 F.3d. at 1333(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)*)*. Conclusory statements "must be supported by factual allegations." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Such allegations, because of their conclusory nature "disentitles them to the presumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 681).

A statement that the Plaintiffs own trademarks, none of which existed until decades after Billo's death, and copyrights, which are not identified in any detail, is merely a highly questionable, internally inconsistent, and conclusory argument. *Anthony Sterling, M.D. v. Provident Life & Acc. Ins. Co.*, 519 F. Supp. 2d 1195, 1208 (M.D. Fla. 2007) (Courts "need not accept factual claims that are internally inconsistent."). The lack of any claim of trademark use or registration in the US is relevant because it emphasizes that Plaintiffs' declaratory judgment claims

are based on a foreign order. Likewise, the absence of any copyright registration leaves open where the rights arise from and reveal the copyright declaratory judgment claim as nothing less than a request that the court interpret foreign orders. Since Plaintiffs fail to provide a credible argument that they would be able to show diversity or otherwise plead a federal claim if given a chance to amend, this dismissal of Plaintiffs' second bite at the apple should be with prejudice. *See Osorio v. Dole Food Co.*, 665 F.Supp.2d 1307 (2009); *Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512 (1994). There is no subject matter jurisdiction for the declaratory judgment claims and the same should be dismissed with prejudice.

**B. Plaintiffs Fail To State a Case for Declaratory Judgment, Unfair Competition, or Accounting.**

Plaintiffs do little to address the lack of detail and specificity in their amended complaint. Since the amended complaint does not allege specific credible rights and the alleged breach of these rights, it fails to meet minimum pleading requirements and to state an "actual controversy" between the parties, which satisfies Article III's cases and controversies requirement. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc*., 151 F.Supp.3d 1294 (2015); *Laboss Transportation Services, Inc. v. Global Liberty Ins. Co. of New York*, 208 F.Supp.3d 1268 (S.D. Fla. 2016).

Many of the allegations in the amended complaint are pure speculation. Paragraphs 18, 19, 22, 23, 25, 26, 28, 29, 30, 31, 33, 36, 47, and 53, over 20% of all substantive paragraphs, are upon allegation and belief. "For purposes of a Rule 12(b)(6) motion to dismiss, we do not have to take as true allegations based merely 'upon information and belief.'" *Smith v. City of Sumiton*, 578 Fed. Appx. 933, 936 (11th Cir. 2014) quoting *Mann v. Palmer,* 713 F.3d 1306, 1315 (11th Cir.2013) (citing *Twombly,* 550 U.S. at 551, 557. These include seminal claims such as Billo owning

trademark registrations (which he only owned in Venezuela)[1] [DE 24 ¶ 18], and that he owned various, unidentified copyrights on his passing. [DE 24 ¶ 19]. Defendant should not have to respond to a complaint where Plaintiffs themselves are uncertain as to what works belonged to whom and when they were used by whom.

Plaintiffs have presented no explanation of how Defendant is sufficiently on notice regarding the declaratory judgment copyright claim. There are no allegations that Defendant has used any specific works or has ever threatened Plaintiffs not to use the works. No information is given regarding specific works that were used, where they were used, when they were used, and even the specific documents or order upon which the Plaintiffs claim their copyright rights. This pleading fails to meet the minimum requirements for a copyright related claim involving musical performances. *See Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1257–58 (11th Cir. 2014)(citing *E Beats Music v. Andrews,* 433 F.Supp.2d 1322, 1325 (M.D.Ga.2006). The allegations are general and vague leaving the Defendant to speculate as to their true nature.

Likewise for the trademark declaratory claims, Plaintiffs do not allege any basis of rights to US trademarks that came into existence decades after the death of Billo. In fact, Plaintiffs seem to admit this at paragraph 62 of the amended complaint where they state that "Plaintiffs are unable to sue Subero for infringement." This effectively admits that the declaratory judgment count is an end run around a total absence of enforceable rights. Nowhere in the count does it allege that Plaintiffs have or ever had any trademark rights in the United States over the past 38 years or that there is a specific document that grants them such enforceable rights under US law.

---

[1]     Any registrations that Billo owned in Venezuela in 1998 have no relevance to rights in the United States that arose through registration or use in commerce by a Defendant, or any third party for that matter, decades later. *Abitron Austria GmbH v. Hetronic International, Inc.* fundamentally clarified the territorial scope of U.S. trademark law. 600 U.S. 412 (2023).

Regarding the unjust enrichment claim, Plaintiffs must allege that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc*., 515 F. Supp. 3d 1292, 1303 (S.D. Fla. 2021), *aff'd*, 2023 WL 3454614 (11th Cir. May 15, 2023). However, in this case Plaintiffs have conferred no benefit on Defendant, and none is alleged in the amended complaint. To the extent that any benefit was conferred by the estate of Billo 38 years ago, it was not on the corporate defendant.  In fact, it was not even on Subero since he is the child of an heir. Defendants' claim that they are entitled to compensation due to their shared ownership of copyrights and trademarks [D.E. 24 par 65] suffers the same defect as the declaratory judgment claims which is that this court lacks subject matter jurisdiction for such a claim in a vacuum and the allegations fail identify what Billo's Works were used, where, and when, or what Billo's Marks ever existed in the United States in the name of Billos which might have been infringed or stolen.

Finally, regarding the accounting request, Plaintiffs response recognizes that the count is based on Plaintiffs' assertion that they are a copyright and trademark co-owners with Defendant Subero.  *See* [DE 24 par. 53, 55]. Yet, as explained above, Plaintiffs fail to plead any US trademark rights or that copyrights exist with any certainty, or that any specific copyrighted works were used by any of Defendants.  Since Plaintiffs fail to plead a sustainable claim, this count fails.  Plaintiffs' accounting claim fails with their flawed other counts *Directional Advert. Sols., Inc. v. Jal Equity Corp*, No. 24-60450-CIV, 2025 WL 857627, at *11 (S.D. Fla. Feb. 11, 2025) ("[w]here a party [has] the opportunity to establish their damage claim through discovery, a request for accounting is not appropriate." ) quoting *Managed Care Solutions*, 694 F. Supp. 2d at 1281 (second alteration in original) (quoting *Centrix HR, LLC v. On-Site Staff Mgmt., Inc.*, No. CIV. A. 04-5660, 2008

WL 2265266 (E.D. Pa. June 3, 2008)).

**WHEREFORE**, Defendant, BILLO'S CARACAS BOYS LLC, respectfully requests that this Court dismiss the Amended Complaint including Counts 1, 2, 3, and 4, in their entirety, with prejudice, for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim, and for such other further relief as this court deems just and proper.

Dated: This 20th day of November 2025.                    Respectfully submitted,

*/s/ Jorge Espinosa*
Jorge Espinosa
Florida Bar No. 779032
Jorge.espinosa@gray-robinson.com
Francesca Russo
Florida Bar No. 174912
Francesca.russo@gray-robinson.com
**GRAYROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, Florida 33131
Tel: 305.416.6880
Fax: 305.416.6887

*Attorneys for Defendant,*
*Billo's Caracas Boys, LLC*