UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-22324-WPD

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,

Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual,

Defendants.

_____/

**DEFENDANT, BILLO'S CARACAS BOYS LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE [DE 39]**

1

Defendant, Billo's Caracas Boys, LLC ("Billo's, LLC"), by and through undersigned counsel hereby files its Response to Plaintiffs' Motion for Judicial Notice, and in support thereof states:

Plaintiffs seek judicial notice of three documents referenced as Exhibits A, B and C. Unfortunately, no exhibits are attached to the motion, so it is impossible to be certain of which documents these are with precision. Assuming that Plaintiffs are seeking to obtain judicial notice of the exhibits previously attached to DE 34, Defendant objects on three grounds.

Initially, Defendant objects on the basis that the motion to dismiss is based on the four corners of the complaint. The allegations in the complaint are sufficiently clear to find the absence of subject matter jurisdiction and the failure to state a case. The attempt to add these foreign orders merely underlines that the complaint is based on the interpretation of foreign orders for which no federal jurisdiction exists. It is improper to expand the evaluation of the complaint to the content of these papers and the motion should be denied.

Even if there was a basis for judicial notice, Plaintiffs fail to identify an admissible basis. It does not appear that the foreign orders are being introduced to identify the inheritance rights of the parties. Instead, the foreign orders and the way they are referenced by Plaintiffs are centered on foreign preliminary rulings in an on-going dispute regarding rights to intellectual property (IP) in the foreign jurisdiction. If so, they are inadmissible. "[W]hen trade-mark rights within the United States are being litigated in an American court, the decisions of foreign courts concerning the respective trade-mark rights of the parties are **irrelevant and inadmissible**." *E. Remy Martin & Co., S.A. v. Shaw-Ross Intern. Imports, Inc.*, 756 F.2d 1525, 1531–32 (11th Cir. 1985)(emphasis added) quoting *Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633, 639 (2d Cir.), *cert. denied,* 352 U.S. 871 (1956) (emphasis added). The motion should be denied.

With regards to DE 34-2, no order is attached. The only document that is attached is an alleged translation of an unsigned document. We know that it is unsigned because in translation to DE 34-3, the translator specifically described the presence of an unintelligible signature. It would be improper to take judicial notice of a translation unaccompanied by the underlying order.

Finally, with regards to DE 34-2 and DE 34-3, Plaintiffs fail to follow any formalities of authentication and authenticity. "There are two requirements for the authentication of a foreign document: 'First, there must be some indication that the *document* is what is purports to be. Thus, the proffered document must be executed by a proper official in his official capacity, or the genuineness of the document must be attested to by a proper official in his official capacity'". "Second, there must be some indication that the *official* vouching for the document is who he purports to be.'" *U.S. v. Deverso*, 518 F.3d 1250, 1256 (11th Cir. 2008); *Chem. v. Petroleum*, No. 10-23512-CIV, 2016 WL 5661629, at *5 (S.D. Fla. Sept. 30, 2016)(italics in original*)*. Pursuant to Federal Rule of Evidence 902(3), foreign public documents must be accompanied by proper certification. *Id*. This is consistent with the ruling in *United States v. Garate-Vergara*, where the 11th Circuit affirmed a district court's exclusion of a Honduran government document offered by the defendant where the authentication chain failed to establish that the foreign official was authorized to make the attestation, demonstrating this Circuit's strict application of these authentication requirements. *U.S. v. Garate-Vergara*, 942 F.2d 1543, 1554 (11th Cir. 1993)(as modified). The Plaintiffs' motion should be denied.

**WHEREFORE**, Defendant, BILLO'S CARACAS BOYS LLC, respectfully requests that this Court deny the Plaintiffs' motion to take judicial notice, and for such other further relief as this Court may deem just and proper.

*[Signature on following page]*

|  |  |
|---|---|
| Dated: This 24th day of November 2025. | Respectfully submitted,<br><br>/s/ *Jorge Espinosa*<br>Jorge Espinosa<br>Florida Bar No. 779032<br>Jorge.espinosa@gray-robinson.com<br>Francesca Russo<br>Florida Bar No. 174912<br>Francesca.russo@gray-robinson.com<br>**GRAYROBINSON, P.A.**<br>333 S.E. 2nd Ave., Suite 3200<br>Miami, Florida 33131<br>Tel: 305.416.6880<br>Fax: 305.416.6887<br><br>*Attorneys for Defendant, Billos Caracas Boys, LLC* |