# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual, <br><br>Defendants. | **CASE NO.: 1:25-cv-22324**-WPD <br><br> **Judge William P. Dimitrouleas** |

## REPLY IN SUPPORT OF PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiffs' Request for Judicial Notice should be granted. As demonstrated below, Exhibits A-C are properly before this Court and otherwise subject to judicial notice.

Defendant first argues that Exhibits A-C were not attached to Plaintiffs' Request for Judicial Notice. However, Exhibits A, B, and C are already in the record, having been previously submitted with Dkt. 34. In any event, and solely for the Court's convenience, Plaintiffs have again attached Exhibits A-C to this Reply. And a declaration attesting to the authenticity of the Exhibits was submitted at Dkt. No. 41.

Defendant next argues that its Motion to Dismiss is based on the four corners of Plaintiffs' First Amended Complaint while averring that a "factual deficiency" exists because there "is no will or court order attached to the Amended Complaint." Dkt. 26, pg. 5. Defendant later asserts that "Defendant does not know who the alleged Venezuelan court orders granted rights to since the orders are not attached." Dkt. 26, pg. 14. Indeed, Defendant opposed Plaintiffs' request by stating that "Plaintiffs' reliance on this undisclosed foreign order is insufficient to create a case in controversy for purposes of federal jurisdiction." Dkt. 26, pg. 13. The will and orders are thus referenced in the complaint and admissible because the court "may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed." *Reed v. Royal Caribbean Cruises Ltd.,* 618 F. Supp. 3d 1346, 1352 (S.D. Fla. 2022), citing *Wilchombe v. TeeVee Toons, Inc*., 555 F.3d 949, 959 (11th Cir. 2009). Here, Exhibits A-C are referenced in the complaint, as Defendants concede in their papers, and their authenticity cannot be disputed. They are noticeable.

Defendant's objections regarding the authenticity or lack of certification of the Venezuelan orders attached as Exhibits A and B are likewise meritless. It is well-settled that "[f]oreign public documents are self-authenticating if they 'purport[ ] to be signed or attested by a person who is authorized by a foreign country's law to do so' and are 'accompanied by a final certification that certifies the genuineness of the signature and official position of the signer or attester' or of a relevant foreign official." *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1304 (11th Cir. 2022), quoting Fed. R. Evid. 902(3). However, at this early stage of litigation, such documents "need not be authenticated … to be considered." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1156 n.2 (11th Cir. 2021). Rather, it is sufficient if they can merely be "reduced to an admissible form at trial." *Carrizosa*, 47 F.4th at 1304.

Put differently, foreign public documents need only be "capable of authentication" at this preliminary stage. *See Marcus & Millichap, Inc.*, 991 F.3d at 1156 n.2. That is the case here with regard to Exhibits A and B. Plaintiffs intend to obtain certified copies of the orders from the issuing Venezuelan courts and to obtain an apostille for all documents from the Venezuelan consulate in the United States prior to trial. *Carrizosa*, 47 F.4th at 1305 (finding "sufficient that the plaintiffs identified the procedure by which they would certify the documents and make them admissible"). That is sufficient at this stage to show that the Venezuelan court judgments are "capable of authentication." *See id.*

Accordingly, Plaintiff's Request for Judicial Notice should be granted.

Date: December 1, 2025                        Respectfully submitted,

                                              */s/ Angela M. Nieves*
                                              JOEL B. ROTHMAN
                                              Florida Bar Number: 98220
                                              joel.rothman@sriplaw.com

ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

SCOTT ALAN BURROUGHS
*Pro Hac Vice to be submitted*
scott@donigerlawfirm.com

**DONIGER/BURROUGHS**
237 Water Street, First Floor
New York, NY 10038
310.590.1820 – Telephone

*Counsel for Plaintiffs*