UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-22324-WPD

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,
Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual,

Defendants.

## **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

THIS CAUSE is before the Court upon Plaintiffs' Request for Judicial Notice, filed

November 20, 2025. [DE 39]. The Court has carefully considered the Motion [DE 39],

Defendant Billo's Caracas Boys, LLC's Response in Opposition [DE 40], Plaintiffs' Reply [DE

42], and is otherwise fully advised in the premises. For the reasons explained below, the first motion is denied and the second motion is granted in part and denied in part.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "may take judicial notice on its own" or "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

"Adjudicative facts are facts that are relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (holding that district court properly took judicial notice of the fact that color is indicative of flavor in ice cream). "[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Id.*

First, Plaintiffs request that the Court take judicial notice of orders from the Venezuelan Supreme Court of Justice and the Twenty-Third Municipality and Measure Enforcement Court of the Judicial District of the Metropolitan Area of Caracas, which Plaintiffs assert involve the parties to this action and the same intellectual property at issue here. *See* [DE's 34-2; 34-3]. The Court rejects this request. The Eleventh Circuit has made it clear that decisions of foreign courts

regarding trademark rights of parties to trademark litigation in an American court is both irrelevant and inadmissible:

> More importantly, we are not bound to recognize or rely upon foreign law and disagreements abroad settled under it. "[W]hen trade-mark rights within the United States are being litigated in an American court, the decisions of foreign courts concerning the respective trade-mark rights of the parties are irrelevant and inadmissible." We therefore exclude the status of Roger Myers' mark in France under French law from this case, which concerns rights in a mark under our law.

*E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1531–32 (11th Cir. 1985). Accordingly, Plaintiffs' request for the Court to take judicial notice of these foreign court orders is **DENIED.**

Second, Plaintiffs request that the Court take judicial notice of an application for registration of a trademark in the "Billo's Caracas Boys" mark filed with the United States Patent and Trademark Office. *See* [DE 34-4]. "Courts have found that the contents of an administrative agency's publicly available files traditionally qualify for judicial notice." *BPI Sports, LLC v. ThermoLife Int'l LLC*, No. 19-60505-CIV, 2020 WL 10180910, at *3 (S.D. Fla. Jan. 9, 2020) (taking judicial notice of U.S. trademark registration numbers). Accordingly, the Court will take judicial notice of the application for registration of the "Billo's Caracas Boys" mark filed with the United States Patent and Trademark Office.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Request for Judicial Notice [DE 39] is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of December, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record