**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-22324-WPD**

HARVEY JAMES GOMEZ FROMETA, an
individual; FREDDY AMADO GOMEZ
FROMETA, an individual; BELKIS PIERINA
GOMEZ FROMETA, an individual; PIERINA
ZULETA FROMETA, an individual; CAROLINA
ZULETA FROMETA, an individual; LUIS
ALEJANDRO ZULETA FROMETA, an individual;
DINORAH MERCEDES FROMETA SENIOR, an
individual; HAYDEE FROMETA BELLO, an
individual; LUIS VICENTE FROMETA BELLO, an
individual; LUIS MANUEL FROMETA PAREJA,
an individual; BARBARA REGINA FROMETA
GRILLO a.k.a. BARBARA REGINA FROMETA
DE SIGISMONDI, an individual; TRINA
MARGARITA FROMETA GRILLO, an individual;
JOSE ANTONIO FROMETA GRILLO, an
individual; ILEANA ALEJANDRINA FROMETA
GRILLO, an individual; MAGDALENA FROMETA
GRILLO, an individual,

      Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual;
BILLO'S CARACAS BOYS LLC, a Florida limited
liability company; TELMO PEREZ QUIROZ, an
individual,

      Defendants.

_____/


**<u>DEFENDANT, ADRIAN FROMETA SUBERO'S MOTION TO DISMISS AND TO</u>**
**<u>ACCEPT SAME AS TIMELY FILED</u>**

Defendant, Adrian Frometa Subero[1] ("Subero"), by and through undersigned counsel hereby files his Motion to Dismiss Plaintiff's Amended Complaint and to Accept this Motion as Timely Filed, and in support thereof states:

1.  Mr. Subero is a named party in this case.

2.  Over the last few months, he has never been served and has never evaded service of process in this case.  *See Declaration of Mr. Frometa Subero ("Subero Dec") filed herewith, at par. 3.*

3.  On August 3, 2025, the Plaintiffs moved this court for alternative service on the state of Florida alleging that Mr. Subero was evading service.

4.  The motion was granted and Plaintiffs served the state of Florida on November 4, 2025, but provide no email or mail notice of same.

5.  Mr. Subero was unaware of such service.  *See Subero Dec. at par 8 and 9.*

6.  Undersigned counsel asked Plaintiffs' counsel if service had been made on the individual and he responded that he thought the papers were sent to the state but was not sure when and would have to check.

7.  On December 2, 2025, Plaintiffs filed with the Court a certificate of service.  [DE 44]

8.  According to the exhibit DE 44-1, service was made on November 4, 2025.  No prior notice was provided that the papers were delivered to the state via e-mail, federal express, or personal delivery.

---

[1]     The Defendant would normally and properly be referred to as Mr. Frometa, a fact that Plaintiffs would have known in drafting its papers.  However, since Plaintiffs repeatedly refer to Mr. Frometa as Subero, in order to prevent confusion and simplify the Court's task, Defendant has adopted the same designation.

9.      Moreover, also according to DE 44-1, the "Secretary of State does not forward documentation to the defendant."  It was up to the Plaintiffs to let the Defendant know that the papers had been sent and received by the state of Florida if that was their chosen method of service.

10.      According to the certificate on December 2, Plaintiffs also e-mailed a copy of the DE 44 papers to Mr. Subero at contacto@billoscaracasboys.com and adrianfrometa@billos.net. These addresses are not working addresses and Mr. Subero never received these e-mails. *Id. par 10.*

11.      Also, according to the certificate on December 2, Plaintiffs sent a copy of the DE 44 papers to Mr. Subero by federal express.

12.      Mr. Subero received the federal express yesterday morning. *Id. par 11.*

13.      Mr. Subero was not aware of service and did not knowingly, negligently, or intentionally fail to respond to the complaint in a timely manner. *Id. par. 12.*

14.      If Mr. Subero had received notice of the service, or if he had been served at his home over the past few months, his answer would have been timely.

**MOTION TO ACCEPT AS TIMELY FILED**

Service by serving the state secretary of state, without more, violates due process. *Ware v. Fleetboston Fin. Corp.*, 180 Fed. Appx. 59, 62 (11th Cir. 2006) *citing Wuchter v. Pizzutti,* 276 U.S. 13, 21, 48 S.Ct. 259, 261, 72 L.Ed. 446 (1928).  Plaintiffs delivered copies of the complaint and summons to the secretary of state on or around November 4, but did not notify Mr. Subero. Mr. Subero received notice of service for the very first time on December 4, 2025, when he received the DE 44 papers sent by Plaintiffs.  Mr. Subero immediately took steps to retain counsel and respond.  Defendant Subero respectfully asks the Court to accept its response as timely filed.

**MOTION TO DISMISS**

Defendant Subero moves to dismiss the Plaintiffs amended complaint with prejudice and in so doing, in order to avoid the need for further briefing or delay, joins in and hereby adopts in its entirety Defendant Billo's Caracas Boys, LLC's, motion to dismiss which is pending before this Court.

**WHEREFORE**, Defendant, Adrian Frometa Subero, respectfully requests that this Court entertain his motion to dismiss and accept it as timely filed.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)**

In accordance with Local Rule 7.1(a)(3), the undersigned counsel for movant certifies that he has attempted to confer with counsel for Plaintiffs on December 5, 2025, via telephone and e-mail, but Plaintiffs' counsel was on a call at the time and has not responded as to the relief sought herein.  Undersigned counsel is filing due to the need to act expeditiously on issues of complying with deadlines but will inform the Court once opposing counsel responds.

Dated: This 5th day of December 2025.

Respectfully submitted,

*/s/ Jorge Espinosa*
Jorge Espinosa
Florida Bar No. 779032
Jorge.espinosa@gray-robinson.com
Francesca Russo
Florida Bar No. 174912
Francesca.russo@gray-robinson.com
**GRAYROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, Florida 33131
Tel: 305.416.6880
Fax: 305.416.6887

*Attorneys for Defendants, Adrian Frometa Subero and Billo's Caracas Boys, LLC*