IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual, <br><br> Defendants. | Case No. 1:25-CV-22324-WPD <br><br> **Judge William P. Dimitrouleas** |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT
TO FED. R. CIV. P. 12(B)(6)**

## I. This Court has subject matter jurisdiction over Plaintiffs' claims because they require construction of the Copyright Act

Plaintiffs' claims should proceed in federal court because they require construction of the Copyright Act and therefore "arise under" same.  Under 28 U.S.C.A. § 1338, a federal court may exercise jurisdiction in "any civil action arising under any Act of Congress relating to [..] copyrights[.]" 28 U.S.C. § 1338(a). A suit arises under the Copyright Act if it "is for a remedy expressly granted by the act ... or ... asserts a claim requiring construction of the act[.]" *Sullivan v. Naturalis, Inc.*, 5 F.3d 1410, 1412 (11th Cir. 1993) quoting *T.B. Harms Co. v. Eliscu,* 226 F.Supp. 337, 340 (S.D.N.Y.1964) *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

Plaintiffs here assert that they are co-owners of the copyrights in the sound recordings and musical compositions at issue and that they are entitled to an accounting. These claims require construction of multiple provisions of the Copyright Act, including 17 U.S.C. § 101, 17 U.S.C. § 201(a), (d), and (e) and 17 U.S.C. § 204. Thus, "the necessary initial question— ownership of copyright interests—is governed by the Copyright Act." *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG*., 510 F.3d 77, 85 (1st Cir. 2007).

Plaintiffs claim that Luis María "Billo" Frómeta Pereira ("Billo") authored the songs at issues and therefor obtained as a matter of law the copyrights in those works under 17 U.S.C. § 201(a) and then transferred those copyrights at his passing to his "children," which are defined per 17 U.S.C. § 101 as the author's "immediate offspring," who then maintained those rights because no transfer of those rights exists as required by 17 U.S.C. § 204. Subject matter is thus proper here.

Indeed, Plaintiffs' copyright co-ownership claim "cannot be answered without

reference to the Copyright Act, and it therefore arises under the Act." *Gaiman v. McFarlane*, 360 F.3d 644, 652–53 (7th Cir. 2004)(finding federal court to have subject matter jurisdiction over copyright co-ownership claim and accounting request), citing *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199–202, 41 S.Ct. 243, 65 L.Ed. 577 (1921); see also *Goodman v. Lee*, 815 F.2d 1030, 1031–32 (5th Cir.1987); *Zuill v. Shanahan,* 80 F.3d 1366, 1371 (9th Cir. 1996), as amended (June 14, 1996)(federal court adjudicated a "claim for a declaratory judgment of co-ownership and the relief ancillary to such a claim[.]"). Even the U.S. Supreme Court noted that a copyright owner faced with an ownership dispute may achieve resolution and thus protection "through pursuit of a declaratory judgment action[.]" *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 687, 134 S. Ct. 1962, 1979, 188 L. Ed. 2d 979 (2014). Thus, Plaintiffs' allegations – that Billo created the works and owns the copyrights; that Billo transferred those to Plaintiffs by operation of law; that Plaintiffs were never divested of those rights under 17 U.S.C. 204(a) or otherwise; and that they are entitled to an accounting – all arise under the Copyright Act.

### A. Ownership Under 17 U.S.C. §§ 201(a), (d), and (e)

Interpretation of 17 U.S.C. §§ 201(a), (d), and (e) are all necessary to establish Plaintiffs' co-ownership under the Copyright Act. For this reason, co-ownership claims and disputes are consistently heard by the Federal Courts under the Declaratory Judgment Act. *Connor v. Ferris Mktg., Inc.*, No. 216CV871FTM29MRM, 2017 WL 897301 (M.D. Fla. Mar. 7, 2017) (denying defendant's motion to dismiss plaintiff's claim for declaratory judgment because "an actual controversy exists between [the parties] as to ownership" of the works at issue and "plaintiff is suffering from ongoing injury in the form of unpaid licensing rights[.]"). So true here.

1.     **Ownership under Section 201(a) and (d)**

Section 201(a) sets forth that copyright ownership "vests initially in the author or authors of the work" and 201(d)(1) states that "ownership of a copyright ... may be bequeathed by will or pass as personal property by the applicable laws of intestate succession."

Here, Plaintiffs plead in their First Amended Complaint and reiterate in their Opposition to Defendant's Motion to Dismiss that Billo was the original author and owner of certain copyrighted musical works pursuant to § 201(a). Plaintiffs also allege that they and Adrian Frometa Subero inherited those rights upon Billo's death. Dkt. 24 ¶¶ 15-20; Dkt.34 pg. 1-2. Now, Plaintiffs allege, by virtue of § 201(d)(1), that Plaintiffs and Adrian Frometa Subero constitute joint owners of Billo's intellectual property with equal co-ownership rights. To decide whether Billo owned the initial copyrights and whether and how the copyrights transferred to Plaintiffs and Defendants, we must construe the Copyright Act. Plaintiffs' claims for declaratory judgment as to their ownership rights to Billo's intellectual property simply cannot be resolved without establishing initial ownership under § 201(a) and transfer under § 201(d)(1). In other words, "application and interpretation of the Copyright Act ... [is] necessary to resolve the plaintiff's claims." *Sullivan*, 5 F.3d at 1412.

Actions for Declaratory Judgment by and/or between heirs regarding ownership rights are commonly adjudicated in federal court. *Everything Divine Inc. v. O'Quinn*, 2014 WL 3593691 (M.D. Fla. July 18, 2014)(declaratory judgment action regarding ownership of copyrights and trademarks by the estate of deceased celebrity Glenn Milstead); *Peretti v. Authentic Brands Grp. LLC*, 33 F.4th 131, 132-33 (2d Cir. 2022) (declaratory judgment action by surviving statutory heirs of Hugo Peretti to determine their ownership rights in the song "Can't Help Falling in Love"); *Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 19 (2d Cir. 2015)(declaratory judgment action

by heirs to the author of the song "Santa Claus is Comin' To Town" to determine ownership rights in the song); *Ballentine v. De Sylva*, 226 F.2d 623, 624 (9th Cir. 1955), aff'd, 351 U.S. 570, 76 S. Ct. 974, 100 L. Ed. 1415 (1956) (declaratory judgment action on behalf of author's illegitimate child against author's widow to establish rights in copyright renewal).

Courts addressing claims by heirs as to copyright ownership typically find "subject matter jurisdiction pursuant to 17 U.S.C. § 101, et seq., and 28 U.S.C. § 1331." *Tomas v. Gillespie*, 385 F. Supp. 2d 240, 243 (S.D.N.Y. 2005)(finding subject matter jurisdiction in case by musician Dizzy Gillespie's heir to clarify ownership of copyright termination rights). Such is the case here. Plaintiff's claim is a "claim for a declaratory judgment of ownership, which arises under the Copyright Act[.]" *Santa-Rosa v. Combo Recs.*, 471 F.3d 224, 227 (1st Cir. 2006), citing 17 U.S.C. § 201.

As in the above cases, Plaintiffs are heirs seeking a declaratory judgment as to their co-ownership of Billo's intellectual property. And an actual controversy exists between Plaintiffs and Defendants regarding their respective ownership rights in Billo's intellectual property and Defendants' rights to unilaterally exploit the same without accounting to Plaintiffs. This is sufficient to invoke this Court's federal subject matter jurisdiction and this case.

## 2. Application of 17 U.S.C. § 201(e)

Plaintiffs' claims will succeed unless they somehow divested of their ownership rights in the copyrights. But any such divestiture would be involuntary and invoke Section 201(e), which states that "[w]hen an individual author's ownership of a copyright, or of any of the exclusive rights under a copyright, has not previously been transferred voluntarily by that individual author, no action by any governmental body or other official or organization purporting to seize, expropriate, transfer, or exercise rights of ownership with respect to the copyright, or any of the

exclusive rights under a copyright, shall be given effect under this title, except as provided under title 11." 17 U.S.C. §201(e). Here, Plaintiffs received copyright co-ownership rights in the Billo works as his heirs and did not voluntarily transfer any such rights so any claimed transfer by Defendants would require interpretation of this rule.

    **B.**    **Transfer under 17 U.S.C. § 204(a)**

Any claim by Defendants to Plaintiff's copyright ownership rights would also require construal of and compliance with 17 U.S.C. § 204(a), which states that a "transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." To be sure, the presumption of equal ownership may only be altered by an express written agreement in writing signed by all parties. See *Papa's–June Music, Inc. v. McLean*, 921 F.Supp. 1154, 1158 (S.D.N.Y.1996) ("the writing requirement of Section 204(a)" applies to ownership transfers). Any claim by Defendants to solely own the copyrights, or any challenge to Plaintiffs co-ownership claims, would require the court to ascertain whether any purported transfer of Plaintiffs' copyright ownership rights complied with Section 204(a).

In *Sullivan*, the 11th Circuit affirmed that federal subject matter jurisdiction exists where "application and interpretation of the Copyright Act would be necessary to resolve the plaintiff's claims." *Sullivan*, 5 F.3d at 1412. The *Sullivan* court held that the plaintiff's claims arose under the Copyright Act because determining the validity of an oral or implied agreement transferring the plaintiff's copyrights required construction of § 204(a), "which requires such transfers to be in writing." *See id.* The Court found that "[i]t will be necessary for the district court to decide what the parties intended with respect to the ownership and use of the [] copyrighted material. Once the court discerns the parties' intentions, it will be required to interpret § 204(a) of the Copyright Act

to assess the validity of their actions. Thus, this case falls squarely into the second category of cases "arising under" the Copyright Act—those asserting a claim "requiring construction of the Act." See id. at 1413. The *Sullivan* court analogized to a 5th circuit decision in *Goodman v. Lee*, 815 F.2d 1030 (5th Cir. 1987) where the court there found exclusive federal district court in an ownership case because it "clearly involve[d] the application and interpretation of the copyright ownership provisions of 17 U.S.C. § 201(a)."

Here, Plaintiff's claims arise under the Copyright Act because they require construction of the Copyright Act as in *Sullivan* and *Goodman*. Specifically, Plaintiffs' claims require construction of 17 U.S.C. § 201(a), 201(d)(1) and 204(a). Construction of these three provisions is necessary to establish that Billo's authorship created copyrights, that those copyrights were transferred to Plaintiffs and Defendants and that Plaintiffs at no point transferred away those rights, despite Defendants' wrongful exploitation of those rights without a valid transfer or assignment. Therefore, this Court should exercise subject matter jurisdiction over Plaintiffs' claims.

Subero and Billos Caracas Boys, LLC are acting and benefitting as sole owners of Billo's intellectual property without a valid transfer of such rights under the Copyright Act, which requires any [such] transfers to be in writing. *Sullivan*, 5 F.3d at 1412; 17 U.S.C. § 204(a). As no written transfer has been executed as required under § 204(a) of the Copyright Act, Plaintiffs remain co-heirs and joint authors with Subero and are thus entitled to an accounting for the profits and revenues Defendants received from their exploitation of Billo's intellectual property.

When "co-ownership is conceded and the only issue therefore is the contractual, or in the absence of contract the equitable, division of the profits from the copyrighted work, there is no issue of copyright law and the suit for an accounting of profits therefore arises under state rather than federal law." *Gaiman v. McFarlane*, 360 F.3d 644, 652 (7th Cir. 2004), citing *Goodman v.*

*Lee*, 78 F.3d 1007, 1013 (5th Cir.1996); *Oddo v. Ries*, 743 F.2d 630, 633 and n. 2 (9th Cir.1984); *Mountain States Properties, Inc. v. Robinson,* 771 P.2d 5, 6–7 (Colo.App.1988). But the case here is the opposite – there is no contract at all and Plaintiffs are claiming co-ownership by operation of law – and the claims thus arise under the Copyright Act. Id., citing 17 U.S.C. § 201(a). Accordingly, Plaintiffs' claims arise under the Copyright Act for purposes of subject matter jurisdiction, and this case should proceed here.

### C. The accounting claim arises under federal law

Plaintiffs' accounting claim invokes subject matter jurisdiction as well because that claim sounds not in contract (as in the cases that decline jurisdiction) but by operation of law and as a matter of federal common law. Notably, "§ 1331 [federal question] jurisdiction will support claims founded upon federal common law as well as those of a statutory origin." *Illinois v. City of Milwaukee*, 406 U.S. 91, 100 (1972). The duty to account for profits sounds in federal common law and establishes "runs only between co-owners of a copyright." *Lindsay v. Wrecked & Abandoned Vessel R.M.S. TITANIC*, No. 97-CV-9248 (HB), 1999 WL 816163, at *7 (S.D.N.Y. Oct. 13, 1999) (Baer, J.), citing *Margo v. Weiss*, No. 96-CV-3842 (MBM), 1998 WL 2558, at *9 (S.D.N.Y. Jan. 5, 1998) (Mukasey, J.)); *Scroggins v. Scroggins*, No. 09-CV-5735 (RJD) (LB), 2012 WL 3229282, at *2 (E.D.N.Y. Aug. 6, 2012) (holding that co-owner of copyrighted material could seek accounting from co-owner, but not from licensee); see also *Greene v. Ablon*, 794 F.3d 133, 155 (1st Cir. 2015) ("[A]n accounting can only be sought from a co-owner, not the co-owner's licensee...."); 1 Nimmer on Copyright § 6.12 ("A right of accounting may be enforced only as against the joint owner-licensor, and not as against his licensee."); 2 Patry on Copyright § 5:9 ("Where only one joint author grants a nonexclusive license, the nongranting joint author may not

obtain an accounting from the nonexclusive licensee since that licensee is not a joint copyright owner.").

Plaintiffs' claim for an accounting sounds not in contract (Plaintiffs are unaware of any contract between them and Defendants, let alone one that satisfies 17 U.S.C. § 204) but under federal common law, which guarantees to them an accounting as co-owners. Indeed, Plaintiffs' accounting claim seeks to recover damages per the above common law and the Copyright Act, including "statutory royalties for record reproduction," and others. *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964).

## II. The two cases cited in the Order are distinguishable

The Court directed Plaintiffs to two cases addressing this issue in its Order re supplemental briefing. See Dkt. 47, pg. 4. Both of the out-of-circuit, district court cases referenced are distinguishable and further establish the clear divide between ownership cases that sound in contract (which often do not confer jurisdiction) and those that do not (which often do confer jurisdiction).

First, *RTG LLC v. Fodera* is an accounting dispute where one ex-spouse sued the other ex-spouse because the latter spouse failed to pay the former "any share of the revenue, despite her 25 percent interest in ARF." No. 5:19-CV-87-DAE, 2019 WL 5791459, at *1 (W.D. Tex. May 16, 2019). This was a pure contract dispute that did not require construction of the Copyright Act. Specifically, the *RTG* court found that "this case arises from the disputed validity of an assignment or transfer of interests pursuant to a default judgment and subsequent public auction in the state of California." Id. at *6. Here, in contrast, Plaintiffs claim ownership in works authored by their predecessor and obtained via inheritance and for which Defendants have claimed sole ownership via some putative transfer.

*Puetz v. Spectrum Health Hosps*. is also inapplicable here "because th[at] dispute boils down to ownership on the basis of contract." No. 1:14-CV-275, 2015 WL 3935984, at *5 (W.D. Mich. June 26, 2015)(unpublished). Here, the ownership claim is based on Billo's authorship and a transfer to the Plaintiffs by operation of law under the Copyright Act. Indeed, "[u]nlike a case where a dispute as to copyright ownership arises under an agreement between the parties, resolution of which depends on state contract law," this claim addresses a transfer that arose "by operation of law," which does not require a writing. *Merch. v. Levy*, 92 F.3d 51, 55 (2d Cir. 1996); 17 U.S.C. § 204(a). The cases are distinguishable and subject matter jurisdiction should be found.

### III.  The trademark claims give rise to subject matter jurisdiction

The test here is: (1) "the declaratory plaintiff must have a real and reasonable [apprehension] of litigation"; and (2) "the plaintiff 'must have engaged in a course of conduct that brought it into adversarial conflict with the declaratory defendant." *Swiss Brand Ltd., Inc. v. Wenger S.A.*, No. 20-21095-CIV, 2020 WL 7059355, at *4 (S.D. Fla. Dec. 2, 2020)(citation omitted). Here, Plaintiffs work with musical acts seeking to tour in the U.S. in connection with and/or under the trademarks at issue. Given Defendant BCB's registration of that trademark in its own name, and its exploitation of that mark without accounting to the co-owners, there is a reasonable apprehension that Defendant BCB will take adverse action should Plaintiffs tour an act in the U.S. This provides subject matter jurisdiction.

### IV.  Subject matter jurisdiction should be found or remand is proper

As set forth above, Billo's creation of the works incorporating the relevant copyrights, his transfer of those copyrights, Plaintiff's co-ownership claim to those copyrights, and the lack of any Copyright Act-compliant transfer of those copyrights, all invoke construction of the Copyright Act. As do the accounting and trademark claims. Subject matter jurisdiction thus exists and it is

respectfully submitted that Defendants' motion should be denied. To the extent the court disagrees, it is respectfully requested that the case be remanded to state court instead of dismissed.

Dated: December 11, 2025

Respectfully submitted,

/s/ Angela M. Nieves
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

SCOTT ALAN BURROUGHS
*Pro Hac Vice to be submitted*
scott@donigerlawfirm.com

**DONIGER/BURROUGHS**
237 Water Street, First Floor
New York, NY 10038
310.590.1820 – Telephone

*Counsel for Plaintiffs*