**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-22324-WPD**

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,

Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company,

Defendants.

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSIITON TO DEFENDANTS' MOTION OT DISMISS**
**FIRST AMENDED COMPLAINT [DE 50]**

Defendants, Adrian Frometa Subero[1] ("Subero"), and Billo's Caracas Boys, LLC ("Billo's, LLC")., by and through undersigned counsel hereby file their Response to PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [D.E. 50] pursuant to Fed. R. Civ. 12(b)(6) and 12(b)(1), and in support thereof state as follows:

**RELEVANT FACTS**

1. Billo was a Dominican-Venezuelan musician. [DE 24] ¶ 15.

2. Billo passed away in May of 1988, more than 37 years ago. *Id.* ¶ 16.

3. The Plaintiffs claim to "have been adjudged to be his heirs and to have an interest in his property by a court of competent jurisdiction" but they do not explain when this was adjudged, the terms of the ruling, or the respective interest of the parties. Later in paragraph 22 thereof where they claim a ruling of equal and indivisible rights to Billo's assets they merely state that these could "arguably includes the Billo Works." This Court would be left to interpret if the foreign ruling does include the works.

4. Defendant Adrian Frometa Subero is not an heir but is the child of an heir. *Id.* ¶ 23.

5. Nowhere in the First Amended Complaint ("Amended Complaint") is there any allegation regarding what rights or obligations passed to the children of heirs.

6. Nowhere in the Amended Complaint does it provide any specific examples of infringement or use of Billo's copyrights by Mr. Adrian Frometa Subero in the US.

---

[1] The Defendant would normally and properly be referred to as Mr. Frometa, a fact that Plaintiffs would have known in drafting their papers. However, since Plaintiffs repeatedly refer to Mr. Frometa as Subero, in order to prevent confusion and simplify the Court's task, Defendant has adopted the same designation.

7. Nowhere in the Amended Complaint does it state that Mr. Adrian Frometa Subero has threatened Plaintiffs against exploiting Billo's copyrights.

8. Nowhere in the Amended Complaint does it state that Billos owned any trademark in the United States prior to his death.

9. Nowhere in the Amended Complaint does it state that Plaintiffs have used or registered any trademarks in the United States in the 37 years since Billo's death.

10. The Amended Complaint claims that in 2023, 35 years after his death, a Venezuelan court allegedly held that Plaintiffs were co-owners of Billo's trademarks. However, apart from the marks existing in Venezuela, Plaintiffs fail to allege that this ruling applies to marks that never belonged to Billo and were never created by Plaintiffs in the US.

## ARGUMENT

### I. Plaintiffs' copyright claims fail for failure to state a claim and for lack of subject matter jurisdiction.

Plaintiffs begin their supplemental brief again claiming that their declaratory judgment action requires construction of the Copyright Act, because they, some of whom are direct heirs of Billo's 1989 estate and some of whom are descendants, claim ownership rights under the copyright laws of the United States. This claim, for the third time fails for two key reasons. First of all, nowhere in the Amended Complaint do they ever state that Defendants have challenged their ownership rights, threatened them if they assert their ownership rights, or are likely to threaten them for using Billo's copyrights in the US in the future. The words "risk" or "threat" or "threatened" or "threatens" do not even appear in Plaintiffs' brief. They can't make such a statement and use such words because **Defendants make no claim to the Billo's copyrights**. This is not an ownership dispute that puts the copyright laws at issue and Plaintiffs do not allege

2

one.[2] There is simply no allegation that their ownership is contested by Defendants upon which this Court could reasonably be expected to anticipate a risk to Plaintiffs for any reason and particularly from a dispute over copyright ownership. Accordingly, absent some credible allegation that their rights are challenged and threatened, there is no standing to seek declaratory relief over the copyrights.

Secondly, although Plaintiffs' claims reference copyright laws, the underlying dispute is fundamentally about inheritance rights and the division of assets among heirs, or in the case of Mr. Frometa, the children of heirs.[3] Whether the parties are joint owners of inherited works is a question of the state and foreign law governing rights of inheritance rather than any distinctly federal copyright question. *See e.g. LeSEA, Inc. v. LeSEA Broad. Corp.*, No. 3:18CV914-PPS/MGG, 2022 WL 621039, at *3 (N.D. Ind. Mar. 3, 2022). These are probate issues and not copyright issues. As has already been amply briefed, interpretation and foreign orders, wills, heir contracts, and determinations of inheritance rights do not create subject matter jurisdiction for declaratory relief. *White v. Overgroup Consulting LLC*, No. 3:14CV402-MCR/EMT, 2015 WL 11110550, at *2 (N.D. Fla. 2015) (*citing See Borden v. Katzman*, 881 F.2d 1035, 1038 (11th Cir. 1989) (stating contract questions based on common law principles "belong in state court even if they involve copyrights").

Plaintiffs allege that Adrian Frometa Subero is an heir. However, in their Amended Complaint, they admit that Mr. Subero was not a direct heir, his father, Luis Rafael Frometa Peraza

---

[2] It is worth noting that this is also not an infringement lawsuit since no specific acts of infringement are alleged although the Amended Complaint does read like an end run around the registration requirement for infringement lawsuits.

[3] Billo died in 1988, so Plaintiffs have had 37 years to properly document inheritance rights which they fail to clarify to this Court. https://en.wikipedia.org/wiki/Billo_Frómeta. Moreover, Plaintiffs do not even address the inheritance rights and obligations passed to Subero whose father was an heir.

3

("Peraza") was the heir. [D.E. 24] ¶¶ 21, 23. Whether Mr. Subero inherited any rights from his father, just like the nature of rights inherited by the Plaintiffs if any, depends on inheritance documents and probate orders from Mr. Billo's 1988 death that are suggested but never presented to this Court. These inheritance documents and orders would have to be interpreted to determine the scope of ownership and authority of the heirs before their rights relative to Mr. Subero can be assessed. In other words, based on the very allegations in the Amended Complaint, this Court will have to perform a probate evaluation of wills and foreign court orders before it can ever reach the any question of copyright ownership.

Plaintiffs refer to 17 U.S.C. §§ 201(d) but fail to mention its content. Section 201(d) specifically states:

> **(d) Transfer of Ownership.—**
> **(1).** The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law, and **may be bequeathed by will or pass as personal property by the applicable laws of intestate succession**.
> **(2).** Any of the exclusive rights comprised in a copyright, **including any subdivision of any of the rights specified by section 106**, may be transferred as provided by clause (1) and owned separately. The owner of any particular exclusive right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner by this title.

(emphasis added). So not only must it first be determined if rights transferred by "will" or "by the applicable laws of intestate succession" before this Court can assess rights under the Copyright Act but the scope of those rights is important since they are subdivided and owned separately by different heirs. Plaintiffs' Amended Complaint makes no effort to allege or clarify the scope of the rights and obligations of the heirs much less of their children.

Plaintiffs argue that they are all joint heirs with Mr. Subero (who is not a direct heir of Billo) because pursuant to 17 U.S.C. § 204(a) "no transfer of copyright ownership" has been "executed". However, Plaintiffs ignore the herd of elephants in the room. Ownership and their respective shares depend on the inheritance documents and the probate laws. Plaintiffs have

4

presented and allege no written legally enforceable transfer of the copyright to them. Such a transfer would have occurred thirty-seven years ago when Billo died and the estate was settled. Before it can reach any question of copyright ownership under the copyright laws, any court would be forced to unravel the inheritance rights of any heirs, as well as those of their children. There is no federal subject matter jurisdiction for such an inquiry. Plaintiffs cannot claim to be co-heirs and joint authors with Mr. Subero (the child of an heir) until their rights of inheritance are analyzed and assessed.

Plaintiffs misapply the rulings of certain cases to support their case. Federal Courts in declaratory judgement cases cannot determine probate rights any more than they have jurisdiction under the declaratory judgment act to interpret foreign orders.[4] The only time that a Court can address copyright claims is where it must construe the copyright code and not the inheritance laws of a state or a foreign country. *T.B. Harms Co. v. Eliscu,* established that federal courts lack jurisdiction over copyright ownership disputes unless the complaint requires construction of the Copyright Act or presents a case where federal policies control the disposition of the claim. 339 F. 2d 823, 827 (2d. Cir. 1964), *cert.denied,* 381 U.S. 915 (1965). Questions of "who is the widow or widower of a deceased author, or who are his executors or next of kin", requires a reference to "the law of the State which created those legal relationships" and not to construction of the Copyright Act. *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956). In fact, even more broadly, "seeking declaratory judgments on the ownership of the copyrights – are not claims arising under

---

[4] The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity of the presentation of a federal question." *Hooker v. Wilkie*, No. 820MC00094T36JSS, 2021 WL 2877372, at *2 (M.D. Fla. Jan. 7, 2021)( *quoting Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989).

federal law." *Brightharbour Consulting, LLC v. Docuconsulting, LLC*, No. 1:12-CV-4050-TWT, 2014 WL 11858161, at *2 (N.D. Ga. July 11, 2014) (*citing Borden v. Katzman*, 881 F.2d 1035 (11th Cir. 1989). Federal jurisdiction exists when the case requires construction of the Copyright Act and not a determination of inheritance rights in foreign probate.

In *Sullivan v. Naturalis, Inc.*, 5 F.3d 1410, 1412 (11th Cir. 1993), the dispute involved the scope of an oral agreement between parties with clear copyright rights. One was a creator and one a contractor. In this case Plaintiffs are not creators. They merely claim rights under the inheritance laws for a death that occurred 37 years go. Moreover, they also claim obligations not on an heir, but on a child of an heir, without any allegations regarding his father's death and his inheritance. Unlike in *Sullivan* where the court was merely required to assess the relative rights of clear copyright owners, in this case the very existence of copyright ownership and its extent is unclear and not alleged with any clarity.

The order cited in *Everything Divine Inc. v. O'Quinn*, 2014 WL 3593691 (M.D. Fla. July 18, 2014) was a discovery order in a case involving a claim of assignment by a third party from an heir. No analysis is reflected by the order as to whether subject matter jurisdiction was ever raised or addressed. Assuming that the parties had copyright rights, interpreting the assignment rights required construction of the Copyright Act. In *Peretti v. Authentic Brands Grp. LLC*, 33 F.4th 131, 132-33 (2d Cir. 2022) involved the validity of an assignment executed by the Author while alive and the scope of his rights to transfer such rights. The decision did not question the scope of inheritance but instead construed the act regarding the written assignment. Finally, *Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 19 (2d Cir. 2015), involved the rights of heirs to terminate a pre-existing license. There was no question about their rights as heirs but only as to the propriety of terminating a third-party license. Again, construing the acts as to the license. All of these cases

share one thing in common. None requires the court to render a determination as to rights on inheritance but merely interpret the rights of the heirs to assert their established rights. All are distinguishable from this case where no clear allegation to support the blanket claim of ownership is ever made or where the court is thrust into the role of probate arbiter.

A more illustrative case for this Court to consider is *Rodrigue v. Magnus*, No. CV 20-1240, 2021 WL 1564417, at *4 (E.D. La. Apr. 21, 2021). In *Rodrigue*, the children brought action against the decedent's second wife disputing and seeking to enjoin the right to use certain Works inherited by way of will claiming declaratory relief under the Copyright Act. The second wife moved to dismiss for lack of subject matter jurisdiction. As in this case the declaratory relief did not seek monetary damages or claim infringement. The Court stated:

> The plaintiffs do not seek a remedy under the Copyright Act. They concede that their "declaratory action does not seek monetary damages for infringement." Had they sought such a claim for infringement, that would be a "remedy" under the Copyright Act. *See* 17 U.S.C. §§ 502–05 (providing legal and equitable "[r]emedies for [i]nfringement"); 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.01(A)(1)(a) (noting that a claim for infringement is a "prototypical case invoking federal jurisdiction"); *Asunto v. Shoup*, 132 F. Supp. 2d 445, 454 (E.D. La. 2000) (Duval, J.) (finding that because the plaintiff's claim was "not one for copyright infringement," it did not seek a remedy under the Copyright Act). Instead, they seek only a declaration "to settle the ownership of the copyrights."

*Rodrigue,* 2021 WL 1564417, at *4. The court continued:

> The plaintiffs' argument clashes with the text of the Copyright Act—which provides, in the context of copyright transfers at death, that "ownership of a copyright may be ... *bequeathed by will* or pass as personal property by the *applicable laws of intestate succession.*" 17 U.S.C. § 201(d)(1). The drafters of the Copyright Act could have provided a remedy by which to adjudicate disputes involving the transfer of copyrights upon death. But they opted instead to defer to the testator-author's will or, if there is no will, to the "applicable laws of intestate succession." *Id.* A leading commentator has observed that this "leaves no doubt that, at least in the case of deceased authors, state law controls disposition of copyright ownership." 1 Nimmer & Nimmer § 6A.02(A)(1). Accordingly, because the plaintiffs do not seek a remedy under the Copyright Act, the first prong of *T.B. Harms* does not provide a basis for jurisdiction.

*Id*. The court granted the motion to dismiss much as this Court should.[5]

## II. The Accounting claim fails with the Declaratory action claims.

The accounting claim is derivative of the underlying ownership dispute and does not independently create federal jurisdiction. Courts have consistently held that accounting claims between alleged co-owners are state law claims when the primary dispute concerns who owns what percentage of the copyrights. The federal common law duty to account only applies once co-ownership is established - it does not create an independent basis for federal jurisdiction when the fundamental dispute is about who inherited what rights.

Plaintiffs' alleged rights to accounting are based on the two declaratory judgment claims. No independent right for accounting is alleged or pled. Plaintiffs argue nothing in their brief that would contradict this. Even applying Plaintiffs' own claim that they are co-owners with Mr. Subero (who was not a direct heir), claims for accounting between joint owners are questions of state law. *LeSEA, Inc. v. LeSEA Broad. Corp.*, No. 3:18CV914-PPS/MGG, 2022 WL 621039, at *3 (N.D. Ind. Mar. 3, 2022); *Gaiman v. McFarlane*, 360 F.3d 644, 652 (7thCir. 2004) (Where there is no real issue as to copyright ownership, "the suit for an accounting of profits therefore arises under state rather than federal law ...."). *See also Doc's Dream, LLC v. Dolores Press, Inc.*,

---

[5] In stating its burden the Court correctly noted:

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *[Ramming v United States,* 281 F.3d 158 (5th Cir. 1996) (citing *McDaniel v. United States*, 899 F. Supp 305, 307 (E.D. Tex. 1995)). That party must prove jurisdiction by a preponderance of the evidence. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). In evaluating jurisdiction, courts must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (citing *Mortensen v. First Fed. Savings and Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977)).

*Rodrigue,* 2021 WL 1564417, at *2.

959 F.3d 357, 361 (9th Cir. 2020) ("Nimmer notes that such '[a]ccountings between joint copyright owners are handled strictly under state law.'")(Citing *Nimmer on Copyright,* § 14.10[B][1][b] at n.18); *Jordan v. Sony BMG Music Entertainment Inc.*, 354 Fed.Appx. 942, 945 (5th Cir. 2009); *Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik*, 510 F.3d 77, 80-81 (1st Cir. 2007). Accordingly, the accounting claim falls with the declaratory judgment claims.

### III. Plaintiffs' claim for declaratory relief which does not allege any US trademark rights, fails to state a claim or show jurisdiction.

Plaintiffs' claim for declaratory relief under the trademark laws is even more blatantly dependent on probate rights. "Rights in a trademark are determined by the date of the mark's first use in commerce." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1080–81 (11th Cir. 2016); *Hana Fin., Inc. v. Hana Bank*, 574 U.S. 418, 419, 135 S.Ct. 907, 909, 190 L.Ed.2d 800 (2015). Nowhere in the Amended Complaint do the Plaintiffs allege that Billo ever used, owned, or registered a trademark in the United States. Nowhere in the Amended Complaint do Plaintiffs allege that they have used, owned, or registered a trademark in the United States in the 37 years after Billo's death. Plaintiffs' claims are based on the extraordinary claim that whatever unknown inheritance documents and orders apportioned rights to the Billo trademarks in Venezuela transfers continuing obligations, presumptively *ad infinitum*, to the descendants of heirs requiring them all to share any trademarks they create in the future in any foreign jurisdiction. This legal indentured servitude of inheritance would certainly be novel under US law. No such rights exist under the Lanham Act. The only source of such rights, if they could exist which is legally doubtful, would be in the probate papers and decisions.

Finally, the Court should deny Plaintiffs' request for further amendment if it is inclined to dismiss. "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63

9

(11th Cir. 2004) (*quoting Foman v. Davis,* 371 U.S. 178, 230 (1962); *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir.1999) (citation omitted). Plaintiffs merely ask for leave to amend if the matter is to be dismissed without setting forth any arguments showing that meritorious claims subject to federal jurisdiction would be raised in a new amended pleading. This matter has been pending for months. Plaintiffs have twice pled their claims. The second time after extensive briefing that amply informed them of the deficiencies in their claims. Even after the second motion to dismiss was fully briefed, this Court in its generosity has allowed further briefing. Plaintiffs' supplemental brief fails to set forth any compelling argument that suggests that this Court should not dismiss the Amended Complaint. More significantly, Plaintiffs do not set forth why a further attempt to amend would render a result more likely to survive dismissal than the previous two attempts. Plaintiffs simply ask for a fallback option to amend again without any reason or explanation. Defendants should not be in federal court in this matter and have already spent significant sums in their defense due to Plaintiffs' irresponsible and frivolous attempts to manipulate our legal system. The Court should dismiss this case with prejudice. If the Court allows a further chance to amend then it should award attorney's fees and costs incurred by Defendants so that they can afford to continue to defend against this frivolous and unwarranted action.

## CONCLUSION

Based on the preceding arguments and citations of authority, Defendant, Adrian Frometa Subero and Billo's Caracas Boys, LLC., respectfully request that this Court dismiss the Amended Complaint with prejudice and grant such other relief as it deems appropriate.

*[Signature on following page]*

10

Dated: This 16th day of December 2025.    Respectfully submitted,

*/s/ Jorge Espinosa*
Jorge Espinosa
Florida Bar No. 779032
Jorge.espinosa@gray-robinson.com
Francesca Russo
Florida Bar No. 174912
Francesca.russo@gray-robinson.com
**GRAYROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, Florida 33131
Tel: 305.416.6880
Fax: 305.416.6887

*Attorneys for Defendants, Adrian Frometa Subero and Billos Caracas Boys, LLC*