UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-22324-WPD

HARVEY JAMES GOMEZ FROMETA, an individual; FREDDY AMADO GOMEZ FROMETA, an individual; BELKIS PIERINA GOMEZ FROMETA, an individual; PIERINA ZULETA FROMETA, an individual; CAROLINA ZULETA FROMETA, an individual; LUIS ALEJANDRO ZULETA FROMETA, an individual; DINORAH MERCEDES FROMETA SENIOR, an individual; HAYDEE FROMETA BELLO, an individual; LUIS VICENTE FROMETA BELLO, an individual; LUIS MANUEL FROMETA PAREJA, an individual; BARBARA REGINA FROMETA GRILLO a.k.a. BARBARA REGINA FROMETA DE SIGISMONDI, an individual; TRINA MARGARITA FROMETA GRILLO, an individual; JOSE ANTONIO FROMETA GRILLO, an individual; ILEANA ALEJANDRINA FROMETA GRILLO, an individual; MAGDALENA FROMETA GRILLO, an individual,
Plaintiffs,

v.

ADRIAN FROMETA SUBERO, an individual; BILLO'S CARACAS BOYS LLC, a Florida limited liability company; TELMO PEREZ QUIROZ, an individual,

Defendants.

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE is before the Court upon Defendants Billo's Caracas Boys LLC ("BCB"") and Adrian Frometa Subero's ("Subero")'s Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (the "Motion") [DE 26]. The Court

has considered the Motion, Plaintiffs' Opposition [DE 34], Defendants' Reply [DE 38], Plaintiffs' Supplemental Brief [DE 50], Defendants' Response to Plaintiffs' Supplemental Brief [DE 51], and is otherwise fully advised in the premises.

**I.     Background**

Plaintiffs filed a Complaint against Defendants Subero, BCB, and Telmo Perez Quiroz ("Quiroz")[1] on May 21, 2025. *See* [DE 1]. Defendant BCB fled a Motion to Dismiss. *See* [DE 21]. In response to the Motion to Dismiss, Plaintiffs filed an Amended Complaint, the operative pleading, *See* [DE 24].

According to the Amended Complaint, "[t]his is an action for declaratory relief brought by Plaintiffs to confirm their lawful ownership interests in the copyrights and trademarks associated with their father, Luis Maria Frometa Pereira, also known as Billo Frometa ("Billo"), and his band, Billo's Caracas Boys, as well as to recover the revenues and other damages owed to them in accordance with such ownership. *See* [DE 24] at ¶ 1.

According to the factual allegations of the Amended Complaint, Billo, a Dominican-Venezuelan musician, passed away in 1988. *Id.* at ¶¶ 15-16. Plaintiffs, approximately twenty (20) individuals, allege that they are jointly the owners of all of Billo's property, including all of his intellectual property, as Billo's "surviving heirs," in a percentage accorded by lineage. ¶¶ 17-21, 23, 35. The Amended Complaint alleges that Defendant Subero is also a Billo heir, as one of Billo's grandchildren. ¶ 23. The Amended Complaint further alleges that:

> 23. On information and belief it is alleged that despite the foregoing, Subero, Peraza's son and thus grandchild and heir to Billo, arguably entitling him one quarter of the share of the Billo's estate inherited by Subero's father, Peraza, began unilaterally exploiting the Billo Works and Billo Marks, directly, with Quiroz, and through BCB, holding himself out as the sole and exclusive owner of

---

[1] Plaintiffs voluntarily dismissed Defendant Quiroz on December 2, 2025. *See* [DE's 45, 46].

2

>       same, and receiving and holding more than his share of the monies related to the
>       Billo Works and Billo Marks.
>
>           24. Subero did so without informing or receiving authorization from the
>       Plaintiffs, or ever accounting to them for any of the revenues earned in connection
>       with his exploitation of the Billo Works and Billo Marks.

¶¶ 23-24.

The Amended Complaint asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b) and that the Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. *See* [DE 24] at ¶ 4. Counts I and II assert claims under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), seeking declarations of Plaintiffs' ownership by lineage of the Billo copyrighted works and the Billo trademarks, respectively. ¶¶ 34-51. Count III asserts a Florida state law claim for accounting, asserting that co-owner Subero has failed to account to Plaintiffs for any profits he has made in connection with the jointly owned Billo intellectual property. ¶¶ 52-63. Count IV asserts a Florida state law claim for unjust enrichment, again seeking revenue derived from their co-owned shares of the Billo intellectual property. ¶¶ 64-68.

 In the Motion to Dismiss, Defendants requests, *inter alia*, that the Court dismiss this case in its entirety for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendants' Motion to Dismiss is now ripe for review.

## II. Standard of Review

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). A

Rule 12(b)(1) motion may be in the form of a "facial attack" on the complaint, which "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted). Or, the motion may take the form of a "factual attack," which challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Id.* at 1529.

"[T]he Declaratory Judgment Act, does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989). "The operation of the Declaratory Judgment Act is procedural only" and does not confer independent jurisdiction upon this Court. *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003) (internal quotation omitted). "Thus, there must be an underlying ground of federal jurisdiction in the case." *Jolibois v. Fla. Int'l Univ. Bd. of Trs.*, 654 F. App'x 461, 466 (11th Cir. 2016).

**III.    Discussion**

"Where, as here, the plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), since that Act does not provide an independent basis for federal jurisdiction, the plaintiff must allege facts showing the controversy is within the court's original jurisdiction." *Maher L. Firm, P.A. v. Newlin*, No. 619CV407ORL37EJK, 2019 WL 3858157, at *1 (M.D. Fla. Aug. 16, 2019). Accordingly, the pertinent question is "whether, absent the availability of declaratory relief, the instant case could nonetheless be brought in federal court." *Anand Vihar LLC v. Evans Group Inc.*, No. 16-cv-841, 2016 WL 9526560, at *1 (M.D. Fla. July 6, 2016).

4

In evaluating jurisdiction over declaratory judgment actions, federal courts "often look to the 'character of the threatened action'" that necessitates the requested declaration. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S 191, 197 (2014) (quoting *Pub. Servs. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952). The operative question is "whether 'a coercive action' brought by 'the declaratory judgment defendant' ... 'would necessarily present a federal question.'" *Id.* As the Eleventh Circuit has explained, "a federal district court has subject-matter jurisdiction over a declaratory judgment action if ... plaintiff's well-pleaded complaint alleges facts demonstrating that defendant could file a coercive action arising under federal law." *Household Bank v. JFS Group*, 320 F.3d 1249, 1259 (11th Cir. 2003). "It follows then that district courts have subject matter jurisdiction over a declaratory judgment action that anticipates a copyright counterclaim." *Anand*, 2016 WL 9526560 at *2.

Additionally, declaratory judgment actions seeking declarations regarding ownership of intellectual property that do not require the Court to construe issues arising under the Lanham Act or the Copyright Act such as authorship-ownership are subject to dismissal for lack of subject matter jurisdiction. *See, e.g., RTG LLC v. Fodera,* No. 5:19-CV-87-DAE, 2019 WL 5791459, at *7 (W.D. Tex. May 16, 2019) ("Rightful ownership of Jackson's 50% interest in the Ohio Players is the sole question presented for review in RTG's declaratory judgment claim, and determining ownership of that interest will not involve the application or interpretation of the Copyright Act. Given this, the Court finds that RTG's claim for declaratory judgment does not arise under the Copyright Act, and therefore the Court does not have jurisdiction over this claim and it will be dismissed."); *Puetz v. Spectrum Health Hosps.*, No. 1:14-CV-275, 2015 WL 3935984, at *1 (W.D. Mich. June 26, 2015) ("[T]he Court concludes that it lacks subject matter

jurisdiction over this case because Plaintiff's request for a declaratory judgment of ownership of copyrighted materials does not invoke federal question jurisdiction under the Copyright Act.")

In this case, there are no factual allegations in the Amended Complaint that Defendants' use of any intellectual property at issue is infringing the Billo copyrighted works and the Billo trademarks, nor are there any factual allegations in the Amended Complaint that could support a claim that any conduct by Plaintiffs could support a suit by Defendants against Plaintiffs for infringing the Billo copyrighted works and the Billo trademarks. *See* [DE 24]. While the Amended Complaint alleges that "at the time of his passing Billo also held various copyrights related to the compositions and sound recordings for his music ('Billo Works'), *see* [DE 24] at ¶ 19, nowhere in the Amended Complaint does it provide factual allegations of infringement or use of Billo's copyrights by Subero in the United States. Nor does the Amended Complaint allege that Subero has threatened Plaintiffs against exploiting Billo's copyrights. Moreover, with regard to any declaratory relief claim with regard to trademarks in the United States, nowhere in the Amended Complaint do the Plaintiffs even allege that Billo ever used, owned, or registered a trademark in the United States. As Defendant correctly asserts in the Motion to Dismiss, "[a]lthough the Plaintiffs veil their declaratory claims in the vestments of trademark and copyright rights, they fail to allege any facts upon which the copyrights and trademark rights can be asserted." [DE 26] at p. 8. Rather, based on the factual allegations in the Amended Complaint, and as Plaintiffs themselves admit in the Amended Complaint, "Plaintiffs have no adequate remedy at law because, as co-owners, Plaintiffs are unable to sue Subero for infringement." *See* [DE 24] at ¶ 62. The factual allegations of the Amended Complaint appear to preclude, rather than support, subject matter jurisdiction over Plaintiffs' declaratory judgment claims. Additionally, Plaintiffs' declaratory judgment claims regarding ownership of the Billo

intellectual property do not require the Court to apply or interpret the Copyright Act or the Lanham Act. *See* [DE 24] at ¶¶ 34-51. Although Plaintiffs' claims reference copyright and trademark laws, the underlying dispute is fundamentally about inheritance rights and the division of assets among heirs or the children of heirs, whose ownership and their respective shares depend on the inheritance documents and the probate laws. The Court will accordingly dismiss this case for lack of subject matter jurisdiction.

### IV.     Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE 26] is **GRANTED** as set forth in this Order;

2. Plaintiffs, who have counsel, have already had two attempts to plead claims subject to federal jurisdiction. *See* [DE's 1, 24]. Plaintiffs' request for an opportunity to file another amended complaint is denied. *See Eiber Radiology, Inc. v. Toshiba Am. Med, Sys., Inc.*, 673 Fed.Appx. 925, 929-30 (11th Cir. 2016) ("We do not ... require ... leniency [in allowing opportunities to amend] where a plaintiff has been represented by counsel. We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint.")

3. This action is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** pursuant to Fed. R. Civ. P. 12(b)(1);

4. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of December, 2025.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record